# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BENJAMIN BIN CHOW,<br><br>    Plaintiff,<br><br>v.<br><br>CANYON BRIDGE CAPITAL PARTNERS, LLC, a Cayman Islands Limited Liability Company, CANYON BRIDGE CAPITAL MANAGEMENT, LLC, a Delaware Limited Liability Company, CANYON BRIDGE FUND I, LP, a Cayman Islands Limited Partnership, HONG JOHN KAO, HEBER RAYMOND BINGHAM, and PETER CHIN KUO,<br><br>    Defendants. | C.A. No.<br><br>[Removed from the Court of Chancery for the State of Delaware, Case No. 2021-0866-PAF] |

## NOTICE OF REMOVAL OF DEFENDANTS CANYON BRIDGE CAPITAL MANAGEMENT, LLC, HONG JOHN KAO, HEBER RAYMOND BINGHAM, AND PETER CHIN KUO

PLEASE TAKE NOTICE that Defendants Canyon Bridge Capital Management, LLC ("Delaware LLC"), Hong John Kao ("Kao"), Heber Raymond Bingham ("Bingham"), and Peter Chin Kuo ("Kuo") (collectively "Defendants") hereby remove this case to the United States District Court for the District of Delaware pursuant to 28 U.S.C. §§ 1441 and 1446 and based upon diversity of citizenship under 28 U.S.C. § 1332. The basis for removal is as follows:

### BACKGROUND FACTS

1. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendants in this action are attached hereto as Exhibit A.

2. On October 8, 2021, Plaintiff Benjamin Bin Chow ("Chow") commenced this action in the Court of Chancery for the State of Delaware, Case No. 2021-0866-PAF. A true and

correct copy of the Complaint filed on October 8, 2021 is attached hereto as Exhibit A-1. Plaintiff did not attempt to serve his initial complaint on any defendant.

3. On June 10, 2022, Chow filed a First Amended Complaint ("FAC"), asserting ten counts: (1) Deceit, (2) Constructive Fraud, (3) Unjust Enrichment, (4) Breach of Fiduciary Duty, (5) Aiding and Abetting Breach of Fiduciary Duty, (6) Breach of the Covenant of Good Faith and Fair Dealing, (7) Fraudulent Transfer Under the Uniform Fraudulent Transfer Act, (8) Fraudulent Transfer Under Common Law, (9) Breach of Contract, and (10) Breach of Fiduciary Duty.

4. On June 22, 2022, the Delaware LLC was purportedly served with the summons and FAC pursuant to 6 Del. C. § 18-105 and/or 10 Del. C. § 3104.

5. On June 22, 2022, Kao, Bingham, and Kuo were purportedly served with the summons and FAC pursuant to 6 Del. C. § 18-109 and/or 10 Del. C. § 3114.

6. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and it is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441 because it is an action between citizens of different states that satisfies the necessary amount in controversy under that statute.

## REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. § 1331

### A. There Is Complete Diversity Between The Parties

7. Complete diversity of citizenship exists between Chow and Defendants at the time of filing of the complaint, at the time of removal, and at all intervening times.

8. For diversity purposes, a natural person is a citizen of the state where he or she is domiciled. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). A natural person's domicile is the "true, fixed and permanent home and place of habitation." *McCann v.*

*George W. Newman Irrevocable Tr.,* 458 F.3d 281, 286 (3d Cir. 2006) (internal quotation marks omitted).

9. For diversity purposes, the citizenship of a limited liability company is determined by the citizenship of its members. *Zambelli,* 592 F.3d at 420.

10. Chow, at the time this action commenced, was and still is a citizen of the State of California for diversity purposes. *See FAC,* ¶ 14.

11. Kao, at the time this action commenced, was and still is a citizen of Beijing, China for diversity purposes. Kao is not a resident of the State of New York as erroneously alleged in paragraph 39 of the FAC. Declaration of Hong John Kao ("Kao Decl."), ¶ 3.

12. Bingham, at the time this action commenced, was and still is a citizen of the State of Utah for diversity purposes. Bingham is not a resident of the State of California as erroneously alleged in paragraph 42 of the FAC. Declaration of Heber Raymond Bingham ("Bingham Decl."), ¶ 3.

13. Kuo, at the time this action commenced, was and still is a citizen of Hong Kong for diversity purposes. Kuo is not a resident of the State of California as erroneously alleged in paragraph 45 of the FAC. Declaration of Peter Chin Kuo ("Kuo Decl."), ¶ 3.

14. Delaware LLC is a single member limited liability company. The sole member of Delaware LLC is non-party Canyon Bridge Management LLC. At the time this action commenced, Kao, Bingham, and Kuo were and still are the only three members of non-party Canyon Bridge Management LLC. Bingham Decl., ¶¶ 4-5.

15. Defendants Canyon Bridge Capital Partners, LLC and Canyon Bridge Fund I, LP have not been properly served with state court process, and therefore need not join in the removal. *Lewis v. Rego Co.,* 757 F.2d 66, 68 (3d Cir. 1985).

16. Even assuming *arguendo* Defendants Canyon Bridge Capital Partners, LLC and Canyon Bridge Fund I, LP had been properly served, complete diversity of citizenship would nevertheless exist.

17. At the time this action commenced, Kao, Bingham, and Kuo were and still are the only three members of Defendant Canyon Bridge Capital Partners, LLC, which is a general partner of Defendant Canyon Bridge Fund, I, LP. Bingham Decl., ¶ 6.

18. Non-party Yitai Capital Limited, a corporation formed under the laws of Hong Kong, with its principal place of business located in Beijing, China, is the sole limited partner of Defendant Canyon Bridge Fund I, LP. Bingham Decl., ¶ 7.

19. Complete diversity therefore existed as of the time the action was commenced in the state court and exists at the time of this removal.

20. Removal of this case on the basis of diversity of citizenship is not precluded by 28 U.S.C. § 1441(b)(2) because no party in interest properly joined as a defendant is a citizen of the State of Delaware, the state in which this action was brought.

**B.  The Amount In Controversy Is In Excess Of $75,000.00**

21. More than $75,000.00, exclusive of interests and costs, is in controversy in this action.

22. In determining whether the amount in controversy exceeds $75,000.00, the Court "generally accept[s] a party's good faith allegation of the amount in controversy." *Columbia Gas Transmission Corp. v. Tarbuck,* 62 F.3d 538, 541 (3d Cir. 1995); *see also State Farm Mut. Auto. Ins. Co. v. Powell,* 87 F.3d 93, 96 (3d Cir. 1996).

23. As set forth the in the FAC, Chow seeks, "in excess of $5,000,000," damages he allegedly suffered "as a result of defendants' breach of fiduciary duties." *FAC,* Request for Relief, ¶ (a).

24. As further set forth in the FAC, Chow seeks, "in excess of $1,517,086.39," damages he allegedly suffered "as a result of defendants' breach of contract." *FAC,* Request for Relief, ¶ (b).

25. The amount in controversy, therefore, is in excess of $75,000.00.

### THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

26. Removal is timely pursuant to 28 U.S.C. § 1446(b)(1) because this Notice of Removal was filed within 30 days of purported service of the FAC on Defendants, which occurred on June 22, 2022.

27. Venue in the District of Delaware is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place where the state court action is pending.

28. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the clerk of the Court of Chancery for the State of Delaware.

29. No previous application has been made for the relief requested herein.

### NO WAIVER OF DEFENSES

30. Defendants reserve all rights, including defenses and objections as to personal jurisdiction and service, and the filing of this Notice of Removal is subject to, and without waiver of, any such defenses and objections.

31. By removing this action from the Court of Chancery for the State of Delaware, Defendants do not admit any of the allegations in Chow's FAC.

## CONCLUSION

32. Based on the foregoing, the requirements of 28 U.S.C. § 1332 are satisfied, and the Court would have original subject matter jurisdiction over this action if it had originally been brought in federal court. Therefore, removal is proper under 28 U.S.C. § 1441(a).

WHEREFORE, Defendants hereby remove the above captioned action from the Court of Chancery for the State of Delaware to the United States District Court for the District of Delaware, and respectfully request that further proceedings be conducted in this Court as provided by law.

POTTER ANDERSON & CORROON LLP

By: */s/ Jonathan A. Choa*
    Myron T. Steele (#000002)
    Jonathan A. Choa (#5319)
    Matthew F. Davis (#4696)
    Hercules Plaza
    P.O. Box 951
    Wilmington, Delaware 19801
    (302) 984-6000

*Attorneys for Defendants*
*Canyon Bridge Capital Management, LLC,*
*Hong John Kao, Heber Raymond Bingham,*
*and Peter Chin Kuo*

Dated: July 18, 2022