## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BENJAMIN BIN CHOW, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CANYON BRIDGE CAPITAL PARTNERS, )<br>LLC, a Cayman Islands Limited Liability )<br>Company, CANYON BRIDGE CAPITAL )<br>MANAGEMENT, LLC, a Delaware Limited )<br>Liability Company, CANYON BRIDGE )<br>FUND I, LP, a Cayman Islands Limited )<br>Partnership, HONG JOHN KAO, HEBER )<br>RAYMOND BINGHAM, and PETER CHIN )<br>KUO, )<br>)<br>Defendants. ) | C.A. No. 22-00947-JLH-SRF |

## **DEFENDANTS' OBJECTION TO REPORT AND RECOMMENDATION**

OF COUNSEL:

Adam R. Fox
Chassica Soo
Jesse Taylor
Shaun Kim
SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street
31st Floor
Los Angeles, California 90071
(213) 624-2500

Dated: August 5, 2024

Myron T. Steele (#00002)
Matthew F. Davis (#4696)
Jesse L. Noa (#5973)
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000 – Telephone

*Attorneys for Defendants*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

INTRODUCTION ...................................................................................................................... 1

STANDARD OF REVIEW ........................................................................................................ 1

BACKGROUND ......................................................................................................................... 2

      1.    The Parties ................................................................................................................ 2

      2.    Plaintiff's Criminal Conviction ................................................................................ 2

      3.    Plaintiff's Resignation From The Canyon Bridge Entities ...................................... 3

OBJECTIONS ............................................................................................................................. 3

OBJECTION 1: The R&R Errs In Suggesting That 6 *Del. C.* § 18-216(e) and 6 *Del. C.* § 17-219(e) Establish the Propriety of This Court's Exercise of Personal Jurisdiction Over the Individual Defendants. ............................................................................................................. 3

  A.   THE R&R ERRS BY RELYING *SUA SPONTE* UPON SUBSEQUENT AUTHORITY INTERPRETING A CONSENT STATUTE THAT IS INAPPLICABLE TO THE PRESENT DISPUTE. ............................... 4

  B.   TO THE EXTENT THERE IS AMBIGUITY IN WHETHER SECTIONS 18-216(E) AND 17-219(E) ARE CONSENTS TO PERSONAL JURISDICTION, THE DELAWARE SUPREME COURT SHOULD RESOLVE THE ISSUE. .................................................................................................. 5

OBJECTION 2: The R&R Errs in Finding That The FAC Adequately Alleges That The Individual Defendants Are Managers Under 6 *Del. C.* § 18-109 and 10 *Del. C.* § 3114. ........ 6

OBJECTION 3: The R&R Errs in Finding That its Exercise of Specific Jurisdiction Over the Individual Defendants Satisfies Due Process. ........................................................................ 9

CONCLUSION & RELIEF REQUESTED ............................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................................... 7

*ATO Enters. Of Del., LLC v. Cabrera*,
  2022 WL 2678613 (Del. Ch. July 12, 2022) ............................................................... 7

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .................................................................................................... 7

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985) .................................................................................................. 10

*Consol Pennsylvania Coal Co., LLC v. Mahalaxmi Cont'l Ltd.*,
  No. 23-1383, 2024 WL 510518 (3d Cir. Feb. 9, 2024) .............................................. 9

*Genuine Parts Co. v. Cepec*,
  137 A.3d 123 (Del. 2016) ....................................................................................... 5, 6

*Hartsel v. Vanguard Grp., Inc.*,
  2011 WL 2421003 (Del. Ch. June 15, 2011) .............................................................. 5

*In re IT Grp. Inc.*,
  2006 WL 319000 (D. Del. Feb. 9, 2006) .................................................................... 6

*Kabbaj v. Simpson*,
  547 Fed. Appx. 84 (3d Cir. 2013) ............................................................................... 1

*Lone Pine Res., LP v. Dickey*,
  2021 WL 2311954 (Del. Ch. June 7, 2021) .............................................................. 10

*Mallory v. Norfolk Southern Railway Co.*,
  600 U.S. 122 (2023) ................................................................................................ 4, 5

*Next Level Ventures, LLC v. AVID USA Techs. LLC*,
  2023 WL 3141054 (Del. Ch. Mar. 16, 2023) ..................................................... 7, 8, 9

*Papasan v. Allain*,
  478 U.S. 265 (1986) .................................................................................................... 7

*Phillips Petroleum Co. v. Shutts*,
  472 U.S. 797 (1985) .................................................................................................. 10

*SC Botanicals, LLC v. Intragenix Holdings, LLC*,
   2021 WL 2156503 (D. Del. May 27, 2021) .............................................................................5

**Statutes**

6 *Del. C.* § 17-219(e) ...............................................................................................................1, 3, 4

6 *Del. C.* § 18-109 ................................................................................................................ *passim*

6 *Del. C.* § 18-216(e) ...............................................................................................................1, 3, 4

10 *Del. C.* § 3114 ................................................................................................................1, 6, 8, 9

28 U.S.C. § 636(b)(1)(C) ................................................................................................................1

**Other Authorities**

Delaware Supreme Court Rule 41 ..................................................................................................6

## INTRODUCTION

Enterprise defendants Canyon Bridge Capital Partners, LLC and Canyon Bridge Fund I, LP (together, "the Cayman Entities"), along with individual defendants Hong John Kao, Heber Raymond Bingham, and Peter Chin Kuo (together, "the Individual Defendants," and together with the Cayman Entities, simply "the Defendants") respectfully object to the Report and Recommendation of United States Magistrate Judge Sherry R. Fallon (D.I. 46 or "R&R") proposing the denial of Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2). R&R at 10-24.

The R&R is premised on three erroneous findings.  First, the R&R incorrectly interpreted 6 *Del. C.* § 18-216(e) and 6 *Del. C.* § 17-219(e) as conclusively establishing consent by the Cayman Entities to the Court's exercise of *personal jurisdiction* over them based solely on their having registered with the Secretary of State to authorize it as an agent for *service of process*. Second, the R&R concluded that the Individual Defendants are subject to specific jurisdiction under 6 *Del. C.* § 18-109 and 10 *Del. C.* § 3114 even though the First Amended Complaint (D.I. 1-1 at 46-100 or "FAC") contains no *factual* allegations to plausibly treat the Individual Defendants as acting managers or directors of a Delaware LLC.  Third, the R&R concludes that the exercise of specific jurisdiction over the Individual Defendants comports with due process, despite acknowledging that none of the Individual Defendants are residents of Delaware and that "most of the relevant acts took place in California." R&R at 21.

## STANDARD OF REVIEW

Review here is *de novo*.  28 U.S.C. § 636(b)(1)(C).  At the motion to dismiss stage, a plaintiff must "make out at least a prima facie case for" personal jurisdiction. *Kabbaj v. Simpson*, 547 Fed. Appx. 84, 86 (3d Cir. 2013) (affirming grant of motion to dismiss for lack of personal jurisdiction on grounds that effective service of process is inadequate to establish the propriety of

exercising either general or specific jurisdiction over a defendant). As detailed below, this standard requires rejecting the R&R and dismissing the Defendants for lack of personal jurisdiction.

## BACKGROUND[1]

### 1. The Parties

The Canyon Bridge Entities were established in 2016 as a private equity fund focused on global technology investments. FAC ¶¶ 5, 53. The Cayman LP Predecessor held the assets of the Canyon Bridge Entities, the Delaware LLC Predecessor managed fund investments, and the Cayman LLC Predecessor served as the fund's General Partner.[2] *Id.* ¶¶ 19, 24 & 25. At the time, Plaintiff considered Kao, a partner at Jones Day, "a supposed friend of many years." *Id.* ¶¶ 27 & 53. Jones Day, and allegedly Kao, "prepared all the legal documents," "including the certificate of limited partnership, the limited partnership agreement, and all subsequent legal documents relevant to the claims in this action prior to Kao's departure [from] Jones Day." *Id.* ¶ 66. Plaintiff also makes the conclusory allegation that Kao was "simultaneously representing to [Plaintiff] that he was [Plaintiff's] attorney." *Id.* ¶ 31.

Sometime in October 2016, Plaintiff asked the Individual Defendants to join the Canyon Bridge Entities. *Id.* ¶¶ 10, 67.

### 2. Plaintiff's Criminal Conviction

On September 1, 2017, the U.S. Attorney's Office for the Southern District of New York filed a criminal complaint against Plaintiff for securities fraud for sharing material nonpublic information about the potential acquisition of Lattice Semiconductor Corporation by the Canyon Bridge Entities. *Id.* ¶¶ 53-54, 84.

---

[1] Defendants repeat the facts as alleged in the FAC without conceding that they are true. A more comprehensive factual and procedural background is set forth in the R&R. *See* D.I. 46 at 2-8.

[2] Defendants continue to adopt the abbreviations used in their initial briefing. *See* D.I. 16 at 1 n.1.

On April 24, 2018, the jury convicted Plaintiff of several felony counts of insider trading. *Id.* ¶ 86. The Securities and Exchange Commission also filed a civil lawsuit against Plaintiff and other defendants. *Id.* ¶ 12. On April 6, 2021, the United States Court of Appeals for the Second Circuit affirmed Plaintiff's criminal conviction. *Id.* ¶ 86.

### 3. Plaintiff's Resignation From The Canyon Bridge Entities

On October 8, 2018, Plaintiff resigned from his position as the Chairman and Chief Executive Officer of the Delaware LLC Predecessor. *Id.* ¶¶ 15 & 126; *see also* D.I. 1-1 at 8-43 (Original Complaint ("Compl.") ¶¶ 40, 43, 48 & 59. Plaintiff's resignation from the Delaware LLC Predecessor as well as his criminal conviction caused a forfeiture of his ownership interests in the Delaware LLC and the Cayman Islands LLC pursuant to a Written Consent of Stockholder and Cayman Islands LLC's Operating Agreement. D.I. 1-1 (FAC) ¶¶ 71-72, 92-93, 108-109, 124.

Although the relevant corporate documents governed Plaintiff's resignation, he alleges that the Defendants "wrongfully strip[ped]" him of his financial and ownership interests in the Canyon Bridge Entities. *Id.* ¶ 2.

## OBJECTIONS

**OBJECTION 1: The R&R Errs In Suggesting That 6 *Del. C.* § 18-216(e) and 6 *Del. C.* § 17-219(e) Establish the Propriety of This Court's Exercise of Personal Jurisdiction Over the Individual Defendants.**

The R&R's suggestion that the Cayman Entities are subject to personal jurisdiction under 6 *Del. C.* § 18-216(e) and 6 *Del. C.* § 17-219(e) is erroneous because these statutes merely provide consent to a method of service, and do not confer or waive objections to the Court's exercise of personal jurisdiction—a distinct legal concept with a long and important constitutional history.

The referenced statutes are essentially identical, with the only meaningful difference being that Section 18-216(e) applies to limited liability companies and Section 17-219(e) applies to

limited partnerships. Both statutes render any entity previously organized in Delaware that converts to a non-Delaware entity amenable to service of process through the Delaware Secretary of State for any action, suit, or proceeding for enforcement of any obligation. *See* 6 *Del. C.* § 18-216(e), 6 *Del. C.* § 17-219(e). Although these statutes thereby effect the governed entities' consent to service of process, they say nothing about the propriety of any court exercising personal jurisdiction over them. Indeed, no Delaware court has ever previously held that these statutes effect or imply a waiver of objections to personal jurisdiction by the governed entities.

        **A.**    **The R&R Errs by Relying *Sua Sponte* Upon Subsequent Authority Interpreting a Consent Statute That is Inapplicable to the Present Dispute.**

To reach its novel conclusion that the subject service statutes impliedly effectuate consent to the exercise of personal jurisdiction, the R&R ostensibly relied on *Mallory v. Norfolk Southern Railway Co.*, 600 U.S. 122 (2023). But the R&R did not even seek the input of the parties about the meaning of this relatively recent case before electing to anchor its result to its words.[3] And, indeed, the words are telling because the Supreme Court expressly "held that a Pennsylvania statute requiring out-of-state corporations to *consent to personal jurisdiction* in Pennsylvania courts as a condition of registering to do business in that jurisdiction, did not violate the Due Process Clause of the Fourteenth Amendment." R&R at 13 (emphasis added). The statutes in this case do nothing of the sort. Unlike the Pennsylvania law addressed in *Mallory*, the statutes in this case do not even *mention* personal jurisdiction. The R&R's determination that personal jurisdiction could be implied by two Delaware statutes concerning consent to service statutes by reference to an express establishment of personal jurisdiction under Pennsylvania law was clearly erroneous.

What makes the error particularly notable—even more than its departure from the clear

---

[3] *Mallory* was issued after the parties completed briefing on Defendants' motion to dismiss and the Magistrate Judge raised it *sua sponte*.

4

statutory text—is that Delaware narrowly construes its consent statutes. *See e.g., SC Botanicals, LLC v. Intragenix Holdings, LLC*, 2021 WL 2156503 (D. Del. May 27, 2021); *Hartsel v. Vanguard Grp., Inc.*, 2011 WL 2421003, at *9 (Del. Ch. June 15, 2011). Unsurprisingly, Defendants have been unable to locate a single ruling that has previously held these service statutes confer personal jurisdiction over converted entities. To the contrary, the Delaware Supreme Court itself (the final expositor of Delaware law) has analyzed whether Delaware's analogue to the Pennsylvania foreign-registration statute at issue in *Mallory* is a consent to general jurisdiction, and determined that it was not. *See Genuine Parts Co. v. Cepec*, 137 A.3d 123, 148 (Del. 2016). The court specifically observed that "[n]othing in the registration statutes explicitly says that a foreign corporation registering thereby consents to the personal jurisdiction of this state." *Id.* at 142. The court further held that nothing in the registration statute meant a foreign corporation "was waiving any objection to personal jurisdiction for causes of action not arising out of the conduct in Delaware that gave rise to the registration requirement." *Id.*

Moreover, the Delaware Supreme Court specifically explained that it "read[s] our state's registration statutes as providing a means for service of process and not as conferring general jurisdiction." *Id.* at 148. If the Delaware statute directly corresponding to the Pennsylvania statute at issue in *Mallory* does not confer personal jurisdiction, similar service statutes that are equally silent as to personal jurisdiction cannot do so, either. A determination otherwise is tantamount to conflating service of process with personal jurisdiction—precisely the error made in the R&R.

> **B.     To The Extent There is Ambiguity In Whether Sections 18-216(e) and 17-219(e) Are Consents to Personal Jurisdiction, The Delaware Supreme Court Should Resolve the Issue.**

Although the foregoing Delaware Supreme Court authority should be dispositive, should there remain any question as to whether the service statutes at issue here confer personal jurisdiction, the Court should certify the question to the Delaware Supreme Court, particularly

5

given its important potential impact on Delaware law and the potential conflict with *Genuine Parts*. Under Delaware Supreme Court Rule 41, the Delaware District Court may, "on motion or sua sponte, certify a question of law to the Delaware Supreme Court if (1) there is an important and urgent reason for an immediate determination of that question by the Court and (2) this court has not decided the question in the case." *In re IT Grp. Inc.*, 2006 WL 319000, at *2 (D. Del. Feb. 9, 2006).

Whether entities are to be bound via personal jurisdiction under these statutes is a significant issue of first impression relating to Delaware's strong interest in overseeing its alternative entity statutes, and one that may affect the willingness and capacity of entities to do business in this state going forward. Indeed, a finding that entities converting out of Delaware are still subject to personal jurisdiction in Delaware would be a significant expansion of Delaware's jurisdictional authority unwritten in any relevant statute. Certification pursuant to Delaware Supreme Court Rule 41 for a determination of this issue would be appropriate in lieu of adopting the R&R.

>**OBJECTION 2: The R&R Errs in Finding That The FAC Adequately Alleges That The Individual Defendants Are Managers Under 6 *Del. C.* § 18-109 and 10 *Del. C.* § 3114.**

There is no question in this case that the Court lacks the power to exercise general personal jurisdiction over the Individual Defendants. To confer specific personal jurisdiction over the Individual Defendants under 6 *Del. C.* § 18-109, three requirements must be satisfied consistent with constitutional due process: (1) the Individual Defendants must be managers of a Delaware LLC; (2) the underlying claims must "involve[e] or relat[e] to the business of the limited liability company or a violation by the manager . . . of a duty to the limited liability company or any member of the limited liability company," and (3) the exercise of personal jurisdiction must comport with the traditional notions of due process. *See* 6 *Del. C.* § 18-109; *see also Next Level Ventures, LLC*

6

*v. AVID USA Techs. LLC*, 2023 WL 3141054, at *21 (Del. Ch. Mar. 16, 2023). The R&R erred in finding that the FAC adequately alleges that the Individual Defendants are managers or directors.

For a plaintiff to properly allege that individuals are managers of a Delaware LLC under section 18-109, he must allege facts showing an individual defendant has been designated in writing as a formal manager or is at least actually serving as an acting manager of the LLC; in other words, there must be factual allegations that plausibly establish the individual defendants are actual or de facto managers. *ATO Enters. Of Del., LLC v. Cabrera*, 2022 WL 2678613, at *5 (Del. Ch. July 12, 2022). The FAC contains *no* factual allegations supporting this threshold requirement, let alone allegations sufficient to defeat a motion to dismiss on these grounds. Instead, the FAC contains only a single, vague, conclusory allegation that the Individual Defendants "materially participated in the management" of Cayman LLC Predecessor. FAC ¶ 49.

The Court cannot credit such conclusory allegations. *See, e.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that in pleading facts that are plausible, mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"); *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (explaining that courts should disregard any "legal conclusion couched as a factual allegation"). These five conclusory words constitute the sort of "threadbare recitals of cause of action elements" that are insufficient to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). This single allegation is also contradicted by Plaintiff's other allegations that defendant Kao acted "as an attorney for the Canyon Bridge Entities," *not* as an alleged manager. *See, e.g.,* FAC ¶ 3. A court may not draw the inference that defendants were managers of a Delaware LLC absent well-pleaded (*i.e.* consistent and factual) allegations establishing those rules under the requirements imposed by Delaware law. *ATO Enters.*, 2022 WL 2678613, at *5.

None of the other allegations cited in the R&R demonstrate that the Individual Defendants

7

are actual or de facto managers of Cayman LLC Predecessor for purposes of 6 *Del. C.* § 18-109. R&R at 16-17. Paragraph 68 merely alleges that Plaintiff transferred 20% of his ownership interest in two Canyon Bridge entities and contains no allegations about how the Individual Defendants' plausibly served as managers of Cayman LLC Predecessor. Paragraphs 71-75 and 106-11 alleges that Kao, *acting as Plaintiff's attorney and not a manager*, purportedly included language detrimental to Plaintiff's interests in the Operating Agreement. Finally, paragraphs 120 and 128-32 describe the circumstances of Plaintiff's termination, but they do not set forth allegations to show that the Individual Defendants were "running [Cayman LLC Predecessor's] day-to-day business." *See Next Level Ventures*, 2023 WL 3141054, at *20.

In *Next Level Ventures*, the Court of Chancery concluded that the plaintiff sufficiently alleged that two individuals were de facto managers of a Delaware LLC for purposes of 6 *Del. C.* § 18-109 because, *inter alia*, the individual defendants: (1) listed their title as "Manager" on draft corporate documents, (2) directed others to make corporate filings, (3) dictated the content of the LLC's website, (4) handled incoming invoices, (5) served as a point of contact for the LLC's lenders, (6) directed marketing, engineering, and operational personnel; (7) attended regular meetings of the LLC, and (8) were involved in the LLC's management of its bank account. 2023 WL 3141054, at *22. Plaintiff's bare and conclusory allegations in this case stand in stark contrast to the detailed allegations in *Next Level Ventures*, depriving this Court of the power to exercise personal jurisdiction over the Individual Defendants.

Likewise, the R&R erred by finding that 10 *Del. C.* § 3114 applies to the Individual Defendants as it clearly applies only to a corporate entity's directors, not its managers. This is a critical and dispositive point because the Individual Defendants are not even alleged in conclusory fashion to be directors. Moreover, Section 3114 is a narrower basis for asserting personal jurisdiction than 6 *Del. C.* § 18-109. *Next Level Ventures*, 2023 WL 3141054, at *20 n.203. For

8

the same reasons as explained above regarding managers, the FAC does not adequately allege the Individual Defendants status as directors, precluding application of Section 3114.

### OBJECTION 3: The R&R Errs in Finding That its Exercise of Specific Jurisdiction Over the Individual Defendants Satisfies Due Process.

To assert jurisdiction under Sections 18-109 and 3114, the exercise of personal jurisdiction over a manager must also comport with due process. *Next Level Ventures*, 2023 WL 3141054, at *21. Under Third Circuit precedent, "[t]he inquiry as to whether specific jurisdiction exists has three parts. First, the defendant must have purposefully directed its activities at the forum. Second, the litigation must arise out of or relate to at least one of those activities. And third, if the prior two components are met, a court may consider whether the exercise of jurisdiction otherwise comports with fair play and substantial justice." *Consol Pennsylvania Coal Co., LLC v. Mahalaxmi Cont'l Ltd.*, No. 23-1383, 2024 WL 510518, at *3 (3d Cir. Feb. 9, 2024).

The R&R failed to address any these inquiries. Instead, the R&R purports to analyze the minimum contacts of the Individual Defendants, characterizing the jurisdictional due process question in this case as one that "presents a close call." R&R at 20-21. This admission is hard to reconcile with the R&R's acknowledgement that the "CB Entities maintained their principal places of business in California" and that "most of the relevant acts took place in California." R&R at 21. In fact, no act in Delaware is alleged in the FAC, and none of the Individual Defendants are residents of Delaware. *See* D.I. 14. Taken together, these facts establish that Plaintiff failed to show "purposeful direction" or that the litigation "arise[s] out of or relate[s] to" any forum activities.[4]

---

[4] The R&R also fails to inquire about "whether the exercise of jurisdiction otherwise comports with fair play and substantial justice." *Consol Pennsylvania Coal Co., LLC v. Mahalaxmi Cont'l Ltd.*, 2024 WL 510518, at *3. In assessing fairness, courts typically examine "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477

*Consol Pennsylvania Coal Co., LLC v. Mahalaxmi Cont'l Ltd.*, 2024 WL 510518, at *3.

Despite the lack of any obvious Delaware nexus, the R&R nevertheless concludes that exercising personal jurisdiction over the Individual Defendants presents no affront to due process because the *entities* were formed as Delaware entities, and the Individual Defendants thus "used Delaware law as their 'language of commerce' in the Operating Agreement and LP Agreement." R&R at 22. However interesting this rhetorical formulation may be, it is well settled that the "mere formation of a Delaware entity, without more, is insufficient for this Court to exercise jurisdiction." *Lone Pine Res., LP v. Dickey*, 2021 WL 2311954, at *5 (Del. Ch. June 7, 2021).

Much in the same way that the R&R appears to conflate notions of service with personal jurisdiction, it also seems to conflate notions of personal jurisdiction with choice of law. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 821 (1985)). Forming a Delaware entity cannot be the basis, on its own, for the exercise of personal jurisdiction over individuals who are otherwise absent from the state.

## CONCLUSION & RELIEF REQUESTED

Defendants respectfully request that this Court reject the R&R's findings that: (i) the Cayman Entities are subject to personal jurisdiction under the consent statutes; (ii) the Individual Defendants are Managers or Directors for purposes of 6 *Del. C.* § 18-109 and 10 *Del. C.* § 3114; and (iii) exercising specific jurisdiction over the Individual Defendants comports with due process. Dismissal pursuant to Rule 12(b)(2) should follow.

---



(1985).

|  |  |
|---|---|
| OF COUNSEL:<br><br>Adam R. Fox<br>Chassica Soo<br>Jesse Taylor<br>Shaun Kim<br>SQUIRE PATTON BOGGS (US) LLP<br>555 South Flower Street<br>31st Floor<br>Los Angeles, California 90071<br>(213) 624-2500<br><br>Dated: August 5, 2024 | POTTER ANDERSON & CORROON LLP<br><br>By: /s/ *Jesse L. Noa*<br>    Myron T. Steele (#00002)<br>    Matthew F. Davis (#4696)<br>    Jesse L. Noa (#5973)<br>    Hercules Plaza, 6th Floor<br>    1313 North Market Street<br>    P.O. Box 951<br>    Wilmington, Delaware 19899-0951<br>    (302) 984-6000 – Telephone<br><br>*Attorneys for Defendants* |