# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BENJAMIN BIN CHOW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CANYON BRIDGE CAPITAL PARTNERS, LLC, a Cayman Islands Limited Liability Company, CANYON BRIDGE CAPITAL MANAGEMENT, LLC, a Delaware Limited Liability Company, CANYON BRIDGE FUND I, LP, a Cayman Islands Limited Partnership, HONG JOHN KAO, HEBER RAYMOND BINGHAM, and PETER CHIN KUO, | ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

C.A. No. 22-00947-JLH-SRF

## EMERGENCY MOTION TO
## CONTINUE THE INITIAL SCHEDULING CONFERENCE
## AND STAY RELATED DEADLINES

Defendants Canyon Bridge Capital Partners, LLC, Canyon Bridge Fund I, LP, Hong John Kao, Heber Raymond Bingham, and Peter Chin Kuo (collectively "Defendants")[1] respectfully move to continue the deadline for conducting the Rule 16(b) Scheduling Conference and for the parties to submit a proposed Scheduling Order and for all deadlines to be stayed until a ruling on Defendants' objections to the report and recommendation.[2] Defendants state the following in support of this Motion:

---

[1] Consistent with prior briefing, Canyon Bridge Capital Partners, LLC and Canyon Bridge Fund I, LP are collectively referred to herein as the "Cayman Island Entities," and Hong John Kao, Heber Raymond Bingham, and Peter Chin Kuo are collectively referred to herein as the "Individual Defendants." All objections to personal jurisdiction are reserved.

[2] Plaintiff did not file any written objections to the portion of the report and recommendation granting Defendant Canyon Bridge Capital Management, LLC's motion to dismiss without prejudice, thereby waiving the District Court's *de novo* review of Defendant Canyon Bridge Capital Management, LLC's dismissal from the case. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3rd Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3rd Cir. 1987).

1. On July 22, 2024, this Court issued a report and recommendation on Defendants' motions to dismiss and Plaintiff's motion for leave to file a sur-reply. (ECF No. 46, the "Report and Recommendation").

2. The following day, on July 23, 2024, this Court issued an order setting: (1) the scheduling conference for September 18, 2024 at 11:00 a.m., and (2) the deadline to file a proposed Scheduling Order for September 13, 2024.

3. On August 5, 2024, Defendants timely filed objections to portions of the Report and Recommendation. ECF No. 48. Specifically, Defendants challenged whether 6 *Del. C.* § 18-216(e) and 6 *Del. C.* § 17-219(e) conclusively establish that the Cayman Island Entities consented to personal jurisdiction, whether the Individual Defendants are subject to specific jurisdiction under 6 *Del. C.* § 18-109 and 10 *Del. C.* § 3114, and whether the exercise of specific jurisdiction over the Individual Defendants comports with due process. *Id.*

4. Given Defendants' continued challenges to the exercise of personal jurisdiction, as well as the unsettled nature of the pleadings, which could potentially be case and/or party dispositive, it is premature and a waste of Court and party resources to move forward with a proposed Scheduling Order and a Rule 16(b) Scheduling Conference at this juncture. *See Allen v. C.R. Bard, Inc.*, No. 4:17 CV 770 RWS, 2019 WL 5485023, at *1 (E.D. Mo. Oct. 22, 2019) (vacating the initial scheduling conference after concluding that the scheduling conference would be "premature in light of" defendants' intention to challenge the court's personal jurisdiction over them and the propriety of venue). Defendants also do not want to risk waiving any of their challenges to personal jurisdiction with its participation in the merits of the litigation. *See In re Texas E. Transmission Corp. PCB Contamination Ins. Coverage Litig.*, 15 F.3d 1230, 1236 (3d Cir. 1994) ("[A] party is deemed to have consented to personal jurisdiction if the party actually litigates the underlying merits or demonstrates a willingness to engage in extensive litigation in

the forum.").

5. Moreover, the instant Motion will serve considerations of judicial efficiency. Specifically, continuing the Rule 16(b) Scheduling Conference until after the District Court resolves Defendants' objections to the Report and Recommendation will avoid an unnecessary hearing should the District Court reject the Report and Recommendation. Given the age of the case, there is little urgency to proceeding before the District Court renders a decision and thus, the potential efficiencies in continuing the Rule 16(b) conference outweigh the need to move to the next stage of the case.

6. On September 6, 2024, Defendants asked whether Plaintiff would stipulate to a continuance of the initial scheduling conference and the related deadlines. Plaintiff refused, stating that "[t]his case has been going on long enough and a conference is needed to help move it along." (*See* Declaration of Jesse A. Noa, ¶ 3, Ex. A.). This rejection of Defendants' request, which articulated no substantive basis for rejecting the requested stay nor any prejudice to Plaintiff, was unanticipated as Plaintiff had not proposed a draft scheduling order at the time of that communication or otherwise taken action since the Report and Recommendation.[3]

Accordingly, Defendants respectfully request that the Court continue the initial scheduling conference and related deadlines until the District Court has issued a resolution of Defendants' motions to dismiss, which will settle the pleadings and the parties' jurisdictional challenges.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the September 18 conference be continued, and all deadlines be stayed until a ruling on Defendants' objection to the Report and Recommendation.

---

[3] Indeed, a proposed schedule was not provided until late afternoon on September 9, 2024.

|  |  |
|---|---|
| | POTTER ANDERSON & CORROON LLP |
| OF COUNSEL: | |
| | By: */s/ Jesse L. Noa* |
| Adam R. Fox | Myron T. Steele (#00002) |
| Chassica Soo | Matthew F. Davis (#4696) |
| Jesse Taylor | Jesse L. Noa (#5973) |
| Shaun Kim | Tyler E. Cragg (#6398) |
| SQUIRE PATTON BOGGS (US) LLP | Hercules Plaza, 6th Floor |
| 555 South Flower Street | 1313 North Market Street |
| 31st Floor | P.O. Box 951 |
| Los Angeles, California 90071 | Wilmington, Delaware 19899-0951 |
| (213) 624-2500 | (302) 984-6000 – Telephone |
| Dated: September 10, 2024 | *Attorneys for Defendants* |

11685699