IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BENJAMIN BIN CHOW,<br><br>        Plaintiff,<br><br>    v.<br><br>CANYON BRIDGE CAPITAL PARTNERS, LLC, *et al.*,<br><br>        Defendant. | C.A. No. 22-947-JLH-SRF |

### PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS' EMERGENCY MOTION (D.I. 53).

Plaintiff Benjamin Bin Chow ("Plaintiff") opposes Defendants' motion. (D.I. 53).

**I.    ARGUMENT**

Defendants' procedurally-deficient motion provides no reasonable basis on which to stay all activity in this case pending Judge Hall's decision on Defendants' Objections to this Court's Report & Recommendation. The Court should deny the motion because: (a) it does not comply with Rule 7.1.1; (b) Plaintiff's interests favor moving forward, and (c) Plaintiff has shared a proposed scheduling order with Defendants with sufficient time to meet the Court's deadlines.

**A.    Rule 7.1.1**

First, Defendants move for relief and make arguments that were neither presented to Plaintiff nor discussed in the Rule 7.1.1 meet and confer. Plaintiff respectfully requests that the Court decline to consider these arguments and the proposed relief. Local Rule 7.1.1 requires "every nondispositive motion shall be accompanied by an averment of counsel for the moving party that a reasonable effort has been made to reach agreement with the opposing party **on the matters set forth in the motion**." D. Del. LR 7.1.1 (emphasis added). During the meet and confer, and in the email exchange leading up to it, Defendants presented a single argument in

support of their position: that Defendants "think it is premature to propose a case schedule before the pleadings have been settled." (D.I. 54-1, Ex. A at 2). Also, at the time, Defendants requested to continue the Rule 16 deadlines. (*Id.* at 3). In their motion, however, Defendants now argue a new issue of waiver. (D.I. 53 at ¶ 4). Defendants also move "for all deadlines to be stayed."[1] (*Id.* at 1). Because Defendants failed to raise this relief and this additional argument at the critical 7.1.1 meet and confer, Plaintiff was unable to consider these concerns or to propose possible solutions. For example, had Defendants raised the issue of waiver during the meet and confer process, the parties could have discussed a possible stipulation. And Defendants' "all deadlines" proposal would have sparked further questions and clarifications. Instead, Defendants chose to file this motion and to air these issues here in this briefing. On this basis, Defendants have violated both the letter and the spirit of Rule 7.1.1. Therefore, the Court should decline to consider the new argument or to grant the newly-requested relief. *E.g.*, *Carnes v. Crane Co.*, No. 19-128-MN-SRF, 2021 WL 431511, at *4 (D. Del. Feb. 8, 2021), *report and recommendation adopted sub nom. In re Asbestos Litig.*, No. CV 19-128 (MN) (SRF), 2021 WL 706456 (D. Del. Feb. 23, 2021) (declining to consider an "improperly filed motion to strike" that did not comply with D. Del. LR 7.1.1).

  **B.**   **Plaintiff's Interests Weigh Against a Stay**

  Second, as Plaintiff has previously stated, "[t]his case has been going on long enough and a [scheduling] conference is needed to help move it along." (D.I. 54-1, Ex. A at 1). Plaintiff filed this matter **nearly three years ago** in October 2021 in the Court of Chancery. (D.I. 1-1.

---

[1] Since Defendants have not attached a proposed Order to their Motion, it is unclear exactly what relief they seek. Defendants Rule 7.1.1 certification characterizes the proposed stay as of "Related Deadlines" associated with the Scheduling Order, but the motion requests a stay of "all deadlines." Here the onus is on Defendants to "state with particularity the grounds for seeking the order; and . . . the relief sought." Fed. R. Civ. P. 7(b)(1).

Ex. A-1). After Plaintiff filed an amended complaint in Chancery on June 10, 2022 (*id.*, Ex. A-5), Defendants removed the matter to this court on July 18, 2022 (D.I. 1). Defendants filed their motion to dismiss on July 25, 2022 (D.I. 12), and the docket makes it plain that very little has happened in this matter during the two-year period prior to July 22, 2024 when the Court issued its Report & Recommendation and ordered the Scheduling Conference.

"[I]t is a matter of the court's inherent power to conserve judicial resources by controlling its own docket[,]" *Cost Bros. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985) (citations omitted), but the power to stay proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance[,]" *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) (citations omitted). Defendants now argue that because there has been a lack of activity in this case for the past two years, "there is little urgency" and no "prejudice to Plaintiff" in entering a complete stay of "all deadlines." (D.I. 53 at ¶¶ 5-6). Not so. Plaintiff has waited patiently for the past two years and now proposes to schedule trial within the next year. . (Declaration of Daniel A. Taylor, Ex. 1 at ¶ 15). For this reason, Plaintiff respectfully requests that the Court deny the motion.

  **C.**  **Proposed Scheduling Order**

Plaintiff is prepared to move forward with the September 18 Scheduling Conference and has prepared a joint proposed scheduling order in compliance with the Court's instructions at D.I. 47. (*Id.*, Ex. 1). On September 9, 2024, Plaintiff shared this proposed order with counsel for Defendants. (*Id.* at ¶ 3). To date Defendants have not responded to the proposed order. (*Id.* at ¶ 4).

**II.  CONCLUSION**

For the foregoing reasons, Defendants' motion should be denied.

3

Dated: September 12, 2024

*Of Counsel:*

Daniel F. Markham
Michael Levin
WROBEL MARKHAM LLP
1407 Broadway, Suite 4002
New York, New York 10018
(212) 421-8100

SMITH, KATZENSTEIN & JENKINS LLP

*/s/ Daniel A. Taylor*
Jason Z. Miller (No. 6310)
Daniel A. Taylor (No. 6934)
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
jm@skjlaw.com
dtaylor@skjlaw.com

*Attorneys for Plaintiff Benjamin Bin Chow*

4