IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BENJAMIN BIN CHOW,<br><br>    Plaintiff,<br><br>    v.<br><br>CANYON BRIDGE CAPITAL PARTNERS, LLC, *et al.*,<br><br>    Defendant. | C.A. No. 22-947-JLH-SRF |

## [PROPOSED] SCHEDULING ORDER

This 3rd day of October, 2024, ~~the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16.1 on September 18, 2024, and~~ the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. **Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.** Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within fourteen (14) days of the date the Court enters this Order. If they have not already done so, the parties are to review the Default Standard for Discovery of Electronic Documents, which is posted on Magistrate Judge Fallon's section of the Court's website at http://www.ded.uscourts.gov under the "Guidelines" tab, and is incorporated herein by reference.

1

2. **Joinder of Other Parties and Amendment of Pleadings.** All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before <u>October 18, 2024</u>.

3. **Discovery.**[1] Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

    (a)    <u>Depositions</u>.

            i.    <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of <u>40</u> hours of taking testimony by deposition upon oral examination.

            ii.    <u>Location of Depositions</u>. The parties agree that any party may take an oral deposition by videoconference or other remote electronic means, provided that (1) notice is served with the notice of deposition or subpoena, (2) that party makes all arrangement for any other party to participate in the deposition in an equivalent manner, and (3) any party or attorney of record may be physically present at the deposition at the location of the deponent.

    (b)    <u>Discovery Cut Off</u>. All discovery in this case shall be initiated so that it will be completed on or before <u>August 2, 2025</u>. The Court encourages the parties to serve and respond to contention interrogatories early in the case.

    (c)    <u>Disclosure of Expert Testimony</u>.

            i.    <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or

---

[1] Should the parties agree to modify the number of depositions under Fed. R. Civ. P. 30, the number of allowed interrogatories under Rule 33 or limit the number of requests for production and/or requests for admission under Rules 34 and 36 respectively, they shall include the appropriate proposed provisions in this Order.

before <u>March 31, 2025</u>. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before <u>May 30, 2025</u>. Reply expert reports from the party with the initial burden of proof are due on or before <u>June 24, 2025</u>.

No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

                ii.     <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

        (d)    <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order,[2] the moving party (*i.e.*, the party seeking relief from the Court) shall file a "[Joint] Motion for Teleconference to Resolve [Protective Order or Discovery] Dispute." The suggested text for this motion can be found in Magistrate Judge Fallon's section of the Court's website in the "Forms" tab, under the heading "Discovery Matters–Motion to Resolve Discovery Dispute."

The Court will thereafter order a discovery telephone conference and deadlines for submissions. On the date set by the Court, generally not less than seventy-two (72) hours prior to the conference, excluding weekends and holidays, the party seeking relief shall file with the

---

[2] Counsel are expected to ***verbally*** discuss the issues/concerns before seeking the Court's intervention.

3

Court a letter, not to exceed four (4) pages, in no less than 12-point font, outlining the issues in dispute and its position on those issues. This submission shall include a proposed order, attached as an exhibit, setting out the nature of the relief requested. On the date set by the Court, generally not less than forty-eight (48) hours prior to the conference, excluding weekends and holidays, any party opposing the application for relief may file a letter, not to exceed four (4) pages, in no less than 12-point font, outlining that party's reason for its opposition. Two (2) courtesy copies of the letters are to be hand delivered to the Clerk's Office within one hour of e-filing. All courtesy copies shall be double-sided.

Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it.   Disputes or issues regarding protective orders, or motions for extension of time for briefing case-dispositive motions which are related to discovery matters are to be addressed in accordance with this Order.

    4.    **Application to Court for Protective Order.** Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within fourteen (14) days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of protective order, counsel must follow the provisions of Paragraph 3(d) above.

Any proposed protective order should include the following paragraph:

> Other Proceedings. By entering this order and limiting the
> disclosure of information in this litigation, the Court does not
> intend to preclude another court from finding that information may
> be relevant and subject to disclosure in another case.  Any person
> or party subject to this order who becomes subject to a motion to
> disclose another party's information designated "confidential" [the
> parties should list any other level of designation, such as "highly

4

confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. **Papers Filed Under Seal.** When filing papers under seal, counsel should deliver to the Clerk an original and one (1) copy of the papers. In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding. Should the party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments: (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted; and (2) a copy of the proposed redacted/sealed transcript. With its request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

6. **Courtesy Copies.** The parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under seal.

7. **ADR Process.** If the case does not involve patents or securities, the parties may request a referral to a Magistrate Judge for alternative dispute resolution. *See* District of Delaware Standing Order No. 2022-2, dated March 14, 2022.

8. **Interim Status Report.** On April 14, 2025, counsel shall submit a joint interim report to the Court on the nature of the matters in issue and the progress of discovery to date.

9. **Status Conference.** On May 27, 2025, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at 11:00 a.m. Plaintiff's counsel shall initiate the telephone call. At the time of this conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients. If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off the Court's calendar.

10. **Case Dispositive Motions.**

   (a) All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before September 5, 2025 [calculated so that briefing is completed approximately four months prior to the pretrial conference]. Briefing will be presented pursuant to the Court's Local Rules. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.

   (b) Concise Statement of Facts Requirement. Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed six pages, which details each material fact that the moving party contends is essential for the Court's resolution of the summary judgment motion (not the entire case) and as to which the moving party contends

there is no genuine issue to be tried. Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six pages, which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis. To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the record. Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate that fact is not in dispute for purposes of summary judgment. The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed four pages, which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried. Each fact asserted by the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four pages, on a paragraph-by-paragraph basis.

11. **Applications by Motion.** Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

12. **Motions *in Limine.*** Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each side shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon. Each *in limine* request may be supported by a maximum of three pages of argument, may be opposed by a maximum of three

pages of argument, and the side making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three-page submission (and, if the moving party, a single one-page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

13. **Pretrial Conference.** On ~~February 27, 2026,~~ March 3, 2026, the Court will hold a pretrial conference in Court with counsel beginning at ~~11:00 a.m.~~ 2:00 p.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) not later than seven days before the pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

The proposed final pretrial order shall contain a table of contents. The parties shall provide the Court two double-sided courtesy copies of the joint proposed final pretrial order and all attachments.

14. **Jury Instructions, Voir Dire, and Special Verdict Forms.** Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms seven days before the final pretrial conference. This submission shall be accompanied by a courtesy copy containing electronic files of these documents in Microsoft Word format, which should be submitted by e-mail to jlh_civil@ded.uscourts.gov.

15. **Trial.** This matter is scheduled for a ~~seven~~ five day jury trial beginning at 9:30 a.m. on ~~March 6, 2026~~ April 4, 2026, with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:00 p.m. The trial will be timed, and counsel will be allocated a total number of hours in which to present their respective cases.

_____
UNITED STATES MAGISTRATE JUDGE

**Exhibit A: Deadlines**

| Event | Deadline |
|---|---|
| Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard (¶ 1) | October 9, 2024 |
| Application to the Court for Protective Order (¶ 4) | October 9, 2024 |
| Joinder of Other Parties and Amendment of Pleadings (¶ 2) | October 18, 2024 |
| Federal Rule 26(a)(2) Disclosure of Expert Testimony (¶ 3(c)) | March 31, 2025 |
| Interim Status Report (¶ 8) | April 14, 2025 |
| Status Conference (¶ 9) | May 27, 2025, 11:00 a.m. |
| Supplemental Disclosure to Contradict or Rebut Expert Reports (¶ 3(c)) | May 30, 2025 |
| Reply Expert Reports (¶ 3(c)) | June 24, 2025 |
| Discovery Cut Off (¶ 3(b)) | August 2, 2025 |
| Case Dispositive Motions (¶ 10) | September 5, 2025 |
| Jury Instructions, *voir dire*, and Special Verdict Forms (¶ 14) | February 20, 2026 |
| Pretrial Conference (¶ 13) | March 3, 2026 2:00 pm ~~February 27, 2026, 11:00 a.m.~~ *SRF* |
| Trial (¶ 15) (5 days) | April 6, 2026 ~~March 6, 2026~~ |