IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BENJAMIN BIN CHOW,<br><br>    Plaintiff,<br><br>v.<br><br>CANYON BRIDGE CAPITAL PARTNERS, LLC, *et al.*,<br><br>    Defendant. | C.A. No. 22-947-JLH-SRF |

## STIPULATION AND [PROPOSED] PROTECTIVE ORDER

**WHEREAS**, certain documents, materials, things, deposition testimony and other information of Plaintiff Benjamin Bin Chow and Defendants Canyon Bridge Capital Partners, LLC, Canyon Bridge Fund I, LP, Hong John Kao, Heber Raymond Bingham, and Peter Chin Kuo (each a "Party" and together "Parties") or of other persons or entities subject to discovery or disclosure in the above-captioned action ("Litigation") may constitute or contain confidential, proprietary, economically valuable commercial or technological information, and/or other sensitive and protected information; and

**WHEREAS**, the Parties wish to ensure that the attorney-client privilege, attorney work-product protection, and any other applicable privileges and/or immunities are not waived by the inadvertent disclosure of privileged or immune documents or information; and

**WHEREAS**, the Parties agree to the terms and entry of this Stipulation and Protective Order;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties hereto, and subject to the approval of the Court, that the following provisions shall control the handling, disclosure, dissemination, and use of any document, deposition

testimony, deposition exhibits, deposition transcripts, responses to subpoenas, answers to interrogatories, responses to requests for admissions, disclosures or any other information, examination, testimony, or other tangible or intangible thing ("Document" or "Documents") in the Litigation:

1. **Scope of Stipulation and Protective Order.** This Stipulation and Protective Order applies to everything produced by a Producing Party (as defined below) in connection with this Litigation. This Order shall apply regardless of whether such information was produced prior to or after entry of this Order. This Stipulation and Protective Order applies to any Document formally or informally furnished by a Party to any other Party and any other person or entity authorized by this protective order to receive same, as well as Documents furnished by non-parties who receive subpoenas in connection with this action, if and when the Documents are designated by a Party or a non-party as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" in accordance with the terms of this Protective Order. This Stipulation and Protective Order also applies to copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information or data containing, reflecting, or disclosing all or parts of designated Documents. For purposes of this Stipulation and Protective Order, "Producing Party" means a person or entity, whether or not a Party to this action, that produces or otherwise makes available Documents in this Litigation. "Receiving Party" means a Party to this Litigation, including without limitation all directors, officers, employees, agents, attorneys, or representatives of the Party, or any affiliated company, who receives documents from a Producing Party. Nothing herein is intended to limit or restrict a Party's use of any Document in the public domain or accessible through public means.

2. **Designation and Maintenance of Documents and Information.** Any Party and any third party shall have the right to designate as Confidential and subject to this Order any

Document, or portion of any Document: (a) that it believes contains trade secrets or competitively sensitive technical, marketing, financial, sales, or other confidential business information; (b) that it believes contains sensitive private or confidential personal, financial, commercial, or professional information that is generally unavailable to the public and that, if made available to the public, may be injurious to the personal, financial, or professional interests of that Party or to the producing non-party witness including the interests of their customers providing such information to the Party or non-party witness; (c) that it believes contains information received in confidence from third parties; (d) which the Producing Party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure; and/or (e) which is protected from disclosure by state or federal Law. Any Party and any third party shall have the right to designate as Highly Confidential—Attorneys' Eyes Only and subject to this Order any Document, or portion of any Document it believes to be extremely sensitive Confidential information, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. "Designating Party" means a Party that designates any Document or portion of any Document as Confidential or Highly Confidential—Attorneys' Eyes Only. Information that is lawfully obtained through means other than initial disclosures and/or discovery in this Proceeding is not, however, subject to this Order, but any Party obtaining such information. In order to have a Document treated as Confidential or Highly Confidential—Attorneys' Eyes Only, the Producing Party shall (prior to production) label each page containing Confidential or Highly Confidential—Attorneys' Eyes Only information with the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" based on the nature of the Document. Testimony shall be so designated by a statement on the record or in writing within twenty-one calendar days after a transcript of the testimony is

provided to the Parties. The Parties agree that all such designated Documents (hereinafter, "Designated Materials") shall be treated as Confidential or Highly Confidential—Attorneys' Eyes Only in accordance with the terms of this Stipulation and Protective Order.

3. **Inadvertent Failure to Designate.** To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential or Highly Confidential—Attorneys' Eyes Only information or any material that should have been designated as such, regardless of whether the Document was so designated at the time of disclosure, shall not be deemed a waiver, in whole or in part, of a Party's claim of confidentiality, either as to the specific Document or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all Parties to whom the material was disclosed that the material should have been designated Confidential or Highly Confidential—Attorneys' Eyes Only within ten (10) days of discovery of the disclosure. Such notice shall constitute a designation of the Document as Confidential or Highly Confidential—Attorneys' Eyes Only under this Stipulation and Protective Order. In addition, a document that is not labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" on its face is nonetheless Designated Material under this Stipulation and Protective Order once designated by the Producing Party's counsel on the record or in a written communication with the Receiving Party's counsel.

4. **Inadvertent Disclosure of Privileged or Protected Documents.** Pursuant to Federal Rule of Evidence 502, the inadvertent production of Documents in this proceeding shall not constitute a waiver of any privilege, immunity, or protection applicable to those Documents. A Party or non-party who discovers that it has inadvertently disclosed or produced a privileged, immune, or protected Document must promptly notify the Receiving Party in writing and describe

4

the basis of the claim of privilege, immunity, or protection. If the party or non-party provides such notice and description, the privilege, immunity, or protection is not waived. A Receiving Party who discovers that it may have received an inadvertently disclosed or produced privileged, immune, or protected Document must promptly notify the Producing Party in writing. Upon such notification, the Parties shall treat the information as Designated Materials unless and until the Parties agree otherwise or if the Court determines the matter is not confidential. When the inadvertent or mistaken disclosure of any Document protected by privilege or work-product immunity is discovered by the Receiving Party, the Receiving Party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Nothing herein restricts the right of the Receiving Party to challenge the Producing Party's claim of privilege.

   5.   **Challenges to Designations.** A Party's designation of documents as Confidential or Highly Confidential—Attorneys' Eyes Only is not binding if the procedures below are followed:

   a.   A Receiving Party may challenge a Producing Party's designation at any time, and a failure to challenge a designation at the time made shall not preclude a subsequent challenge thereto. Any Receiving Party may request in writing that the Producing Party change the designation. The Producing Party must, within fourteen calendar days after receipt of a written challenge, advise the Receiving Party whether it will change the designation.

   b.   If the Parties are unable to reach agreement after the expiration of this fourteen calendar day period, they shall confer. If they cannot resolve the issue, the Receiving Party may seek an order to alter the confidential status of the designated Document. Such a motion shall be filed within twenty-eight calendar days after the scheduled meet and confer in which the dispute could not be resolved.

5

      **c.**    Until the Court has ruled on a dispute under this paragraph, the Confidential or Highly Confidential—Attorneys' Eyes Only designation will remain in full force and effect, and the information shall continue to be protected by this Stipulation and Protective Order.

      **6.**    **Treatment of Materials Designated Confidential.** The Parties agree that all materials designated Confidential shall be kept confidential and that, except with the prior written consent of counsel for the Producing Party or by order of the Court, such materials designated Confidential may be shown or disclosed only to the following persons (the "Permitted Persons"), as to whom disclosure shall be limited to the extent reasonably necessary for the prosecution, defense, and appeal of this Litigation and in associated claims handling:

      **a.**    Counsel for the Parties to this Litigation and their associated attorneys, paralegals, and other professional and non-professional personnel (including support staff and outside copying services) who are directly assisting such counsel in the preparation of this Litigation for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

      **b.**    The Parties' management, employees, and/or independent contractors specifically engaged in assisting in the preparation of this Litigation for trial or other proceeding herein and who have been advised of their obligations hereunder;

      **c.**    Outside services (including, without limitation, copy services, litigation consulting services, document management services, and graphic services) who are assisting counsel in this Litigation so long as such persons agree to be bound by the terms of this Stipulation and Protective Order and execute the Confidentiality Declaration attached hereto as Exhibit A ("Confidential Declaration");

      **d.**    The Court and court personnel;

  **e.** An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical, or other personnel of such officer;

  **f.** Any mediator selected by the Parties to this Litigation or appointed by the Court to mediate this Litigation;

  **g.** Expert witnesses and other consultants and their employees retained by the Parties or their counsel to furnish technical or expert services in connection with this Litigation or to give testimony at the trial of this Litigation or other proceeding herein, so long as such experts and consultants agree to be bound by the terms of this Stipulation and Protective Order and execute the Confidentiality Declaration;

  **h.** Consultants and former employees of the Parties to this Litigation, for the sole purpose of assisting in, or consulting with respect to, this Litigation, so long as such former employees and consultants agree in writing to be bound by the terms of this Stipulation and Protective Order and execute the Confidentiality Declaration;

  **i.** Governmental agencies, regulators, or auditors;

  **j.** Members of the jury at the trial of this Litigation;

  **k.** (i) A person who prepared, received, reviewed, or otherwise had been provided access to the Designated Materials prior to its formal production during the pendency of the Litigation, or (ii) witnesses or deponents, and their counsel, or potential witnesses, and their counsel, as to whom counsel has a good-faith belief that such persons have relevant information regarding the Designated Materials, so long as such witnesses, potential witnesses, and counsel agree in writing to be bound by the terms of this Stipulation and Protective Order and execute the Confidentiality Declaration; and

  **l.** Any other individuals agreed upon by the Parties in writing who have

7

reviewed and signed the Confidentiality Declaration.

7. **Treatment of Materials Designated Highly Confidential—Attorneys' Eyes Only.** The Parties agree that all information designated Highly Confidential—Attorneys' Eyes Only shall be kept confidential and that, except with the prior written consent of counsel for the Producing Party or by order of the Court, such Highly Confidential—Attorneys' Eyes Only information may be shown or disclosed only to the following persons (the "Permitted Persons"), as to whom disclosure shall be limited to the extent reasonably necessary for the prosecution, defense, and appeal of this Litigation and in associated claims handling:

**a.** Counsel for the Parties to this Litigation and their associated attorneys, paralegals, and other professional and non-professional personnel (including support staff and outside copying services) who are directly assisting such counsel in the preparation of this Litigation for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

**b.** Outside services (including, without limitation, copy services, litigation consulting services, document management services, and graphic services) who are assisting counsel in this Litigation so long as such persons agree to be bound by the terms of this Stipulation and Protective Order and execute the Confidentiality Declaration attached hereto as Exhibit A ("Confidential Declaration");

**c.** The Court and court personnel;

**d.** An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical, or other personnel of such officer;

**e.** Any mediator selected by the Parties to this Litigation or appointed by the Court to mediate this Litigation;

**f.** Expert witnesses and other consultants and their employees retained by the Parties or their counsel to furnish technical or expert services in connection with this Litigation or to give testimony at the trial of this Litigation or other proceeding herein, so long as such experts and consultants agree to be bound by the terms of this Stipulation and Protective Order and execute the Confidentiality Declaration;

**g.** Members of the jury at the trial of this Litigation;

**h.** (i) A person who prepared, received, reviewed, or otherwise had been provided access to the Designated Materials prior to its formal production during the pendency of the Litigation, or (ii) witnesses or deponents, and their counsel, or potential witnesses, and their counsel, as to whom counsel has a good-faith belief that such persons have relevant information regarding the Designated Materials, so long as such witnesses, potential witnesses, and counsel agree in writing to be bound by the terms of this Stipulation and Protective Order and execute the Confidentiality Declaration; and

**i.** Any other individuals agreed upon by the Parties in writing who have reviewed and signed the Confidentiality Declaration.

Designated Materials shall be utilized by the Receiving Party and its counsel only for purposes of this Litigation and for no other purposes. Any recipient of such Designated Materials shall not disclose the same to any other person to whom disclosure is not authorized by the terms of this Stipulation and Protective Order. Signed copies of the Confidentiality Declaration executed as provided in this paragraph shall be retained by counsel for the Party disclosing the Designated Materials and made available for inspection by the Court *in camera* upon request by any Party and a showing of good cause.

8.  **Additional Disclosures.** If one of the Parties shall hereafter desire to share Designated Materials with any person other than Permitted Persons, the attorneys for that Party shall identify to the Designating Party such Designated Materials and shall identify the person(s) with whom they wish to communicate. If the Parties are unable to agree on the terms and conditions of disclosure to any such additional persons, disclosure may be made only on such terms as the Court may order. Until the Parties agree or the Court orders otherwise, no Designated Materials shall be disclosed to any persons other than Permitted Persons.

9.  **Use of Designated Materials During Depositions and Designation of Deposition Transcripts.** Nothing in this Order shall be construed in any manner to prevent the use of Designated Materials covered by this Stipulation and Protective Order during deposition, including preparation for a witness's deposition. The witness must sign the Confidentiality Declaration attached to this Order prior to reviewing Designated Materials, whether in preparation for deposition or at the deposition itself. A witness's deposition testimony may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" when appropriate to do so, by a statement on the record, by any counsel, at the time of such disclosure or discussion of Confidential or Highly Confidential—Attorneys' Eyes Only information, identifying with particularity the precise Confidential or Highly Confidential—Attorneys' Eyes Only information that is being designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." However, all depositions shall presumptively be treated as Designated Materials and subject to this Stipulation during the deposition and for a period of twenty-one calendar days after a transcript of said deposition is received by counsel for each of the Parties. At or before the end of such twenty-one calendar day period, the portions of

10

the deposition shall be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" as appropriate.

10. **Use of Designated Materials Before the Court.** Should the need arise for any Party or, as appropriate, non-party to disclose Confidential or Highly Confidential—Attorneys' Eyes Only information or Designated Materials to the Court, whether as an exhibit to a written submission or during any hearing or trial, including through argument or the presentation of evidence, such Party or non-party may make such disclosure only after taking such steps to maintain its confidentiality as the Court may permit, including filing such briefs or Documents under seal or, in the case of live presentation of evidence or testimony discussing such Confidential or Highly Confidential—Attorneys' Eyes Only information or Designated Materials, a statement on the record by counsel at the time of such presentation that the proffered evidence constitutes, references, or contains Confidential or Highly Confidential—Attorneys' Eyes Only information or Designated Materials, identifying with particularity the precise Confidential or Highly Confidential—Attorneys' Eyes Only information that is being designated. When possible, the Party making such filing shall publicly file a redacted version of the filing from which all Designated Materials has been redacted.

11. **Maintenance of Designated Materials.** Parties and their counsel will keep Designated Materials in a safe, secure location where the parties and their counsel may use it during the course of this Litigation. All provisions of this Stipulation and Protective Order restricting the communication or use of Designated Material shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon a request made by the Producing Party following any final settlement or the running of any applicable time to appeal the final order entered in this action, the Receiving Party shall have sixty-three calendar days from the date of the

request to either (i) return to the Producing Party all copies of any Designated Material obtained in the course of this action; (ii) certify to the Producing Party that all such Designated Material kept in hard copy has been destroyed and/or that all such electronically stored Designated Material has been deleted, to the extent possible; or (iii) certify to the Producing Party that all such Designated Material has been destroyed or deleted as outlined above, except for such Designated Material that is being maintained in a secure location only to the extent and for the term required by law and subject to the restrictions set forth in this Stipulation and Protective Order. To the extent a Receiving Party is maintaining Designated Material in accordance with option (iii), the Receiving Party shall promptly inform the Producing Party of the nature of the maintained Designated Material and identify the precise legal requirement to maintain it. This Stipulation and Protective Order shall not be interpreted in a manner that would violate any applicable rules of professional conduct.

**12.  Duration of Order.** This Stipulation and Protective Order shall remain in full force and effect in perpetuity unless and until modified, superseded, or terminated by further order of the Court.

**13.  Conflicts of Interest.** Nothing in this Stipulation and Protective Order shall prohibit or interfere with the ability of counsel for any Receiving Party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any Party or non-party or their affiliate(s) in connection with any other matter.

**14.  Limitation on Use of Designated Materials.** The Parties and their counsel agree that all Designated Materials produced in this Litigation shall be used solely for the purposes of this Litigation and for no other purpose. The restrictions herein shall apply to any documents, materials, or testimony that incorporate, summarize, refer to, or contain Designated Materials.

15. **Requests for Designated Materials.** If at any time any Designated Materials in the possession, custody, or control of any Receiving Party are subpoenaed or requested by any court, administrative or legislative body, tribunal, or any other person or entity, other than a Party to this litigation, purporting to have authority to require production of such Designated Materials, the Party to whom the subpoena or other request is directed shall: (1) immediately after receipt thereof, give written notice by email of such process or other request, including a copy thereof, to counsel of record for the Producing or Designating Party; (2) cooperate to the extent necessary to permit the Producing or Designating Party to seek to quash such subpoena or request or to seek an appropriate protective order; and (3) not make production or disclosure of such Designated Materials until the Producing or Designating Party consents in writing to production or the Receiving Party is ordered by the court of competent jurisdiction to produce or disclose such Designated Materials, so long as the order is not stayed prior to the date set for production or disclosure.

16. **Other Proceedings.** By entering this Stipulation and Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this Stipulation and Protective Order who becomes subject to a motion to disclose another Party's information designated Confidential or Highly Confidential—Attorneys' Eyes Only pursuant to this Stipulation and Protective Order shall promptly notify that Party of the motion, so the Party may have an opportunity to appear and be heard on whether that information should be disclosed.

**17.     Removal of Designation.** No Party may remove documents or information from the scope of this Stipulation and Protective Order, without the agreement of the Producing Party or further order of this Court as set forth herein.

**18.     Remedies.** Because of the unique nature of the Designated Materials, a violation of this Stipulation and Protective Order would cause irreparable harm to the disclosing Party for which monetary compensation alone would be inadequate. Consequently, in addition to all other remedies available, the disclosing Party shall be entitled to seek specific performance of the receiving Party's obligations under this Stipulation and Protective Order, as well as injunctive relief to restrain any continuing or further breach by the Receiving Party without the necessity of proving any actual damages sustained by the disclosing Party and without the requirement of bond or security. The prevailing Party shall be entitled, in any action relating to this Stipulation and Protective Order, whether for injunctive or monetary relief, to recover all costs and expenses, including attorneys' fees incurred because of any legal action arising in relation to this Stipulation and Protective Order.

**19.     Severability.** If any provision of this Stipulation and Protective Order is held by final judgment of a court of competent jurisdiction to be invalid, illegal, or unenforceable, such invalid, illegal, or unenforceable provision shall be severed from the remainder of this Stipulation and Protective Order, and the remainder of this Stipulation and Protective Order shall be enforced to the fullest extent permitted by law, so long as no Party is deprived of any material benefit contemplated by this Stipulation and Protective Order. In addition, the invalid, illegal, or unenforceable provision shall be deemed to be automatically modified, and, as so modified, to be included in this Stipulation and Protective Order, such modification being made to the minimum extent necessary to render the provision valid, legal, and enforceable.

**20. Counterparts.** This Stipulation and Protective Order may be executed in any number of counterparts and any party hereto may execute any such counterpart, each of which, when executed and delivered, shall be deemed to be an original and all of which counterparts taken together shall constitute but one and the same instrument.

**21. Miscellaneous.**

    **a.** The Parties may seek modification of this Stipulation and Protective Order at any time by stipulation or upon noticed motion by a Party to this Litigation for good cause shown.

    **b.** Nothing in this Stipulation and Protective Order shall affect the right of any Party or non-party to oppose any request for discovery on any ground permitted by the Federal Rules of Civil Procedure or other applicable law, and no Party shall be deemed by virtue of this Stipulation and Protective Order to have waived any right it otherwise would have to object to disclosing or producing any matter on any such ground. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the matter covered by this Stipulation and Protective Order.

    **c.** Nothing in this Stipulation and Protective Order is intended to impact the scope of any independent, preexisting duty of confidentiality, pursuant to contract or otherwise, that a Party or non-party may owe each other with respect to any matter.

| SMITH KATZENSTEIN & JENKINS LLP | POTTER ANDERSON & CORROON LLP |
|---|---|
| /s/ Jason Z. Miller | /s/ Tyler E. Cragg |
| Jason Z. Miller (No. 6310) | Myron T. Steele (#0002) |
| Daniel A. Taylor (No. 6934) | Matthew F. Davis (#4696) |
| 1000 N. West Street, Suite 1501 | Jesse L. Noa (#5973) |
| Wilmington, DE 19899 | Tyler E. Cragg (#6398) |
| 302-652-8400 | Hercules Plaza, 6th Floor |
| jzm@skjaw.com | 1313 N. Market Street |
| dat@skjlaw.com | Wilmington, DE 19801 |
| | 302-984-6000 |
| *Attorneys for Plaintiff* | msteele@potteranderson.com |
| | mdavis@potteranderson.com |
| | jnoa@potteranderson.com |
| | tcragg@potteranderson.com |
| | *Attorneys for Defendants* |

Pursuant to the foregoing stipulation of the Parties, **IT IS SO ORDERED**.

Dated: October 21, 2024

_____
The Honorable Sherry R. Fallon

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the District of Delaware on _____ in the case of Benjamin Bin Chow v. Canyon Bridge Capital Partners, LLC, *et al*, Case No. 22-947-JLH-SRF. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my Delaware agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

2