## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BENJAMIN BIN CHOW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CANYON BRIDGE CAPITAL PARTNERS, | ) | |
| LLC, a Cayman Islands Limited Liability | ) | |
| Company, CANYON BRIDGE CAPITAL | ) | C.A. No. 22-00947-JLH-SRF |
| MANAGEMENT, LLC, a Delaware Limited | ) | |
| Liability Company, CANYON BRIDGE | ) | |
| FUND I, LP, a Cayman Islands Limited | ) | |
| Partnership, HONG JOHN KAO, HEBER | ) | |
| RAYMOND BINGHAM, and PETER CHIN | ) | |
| KUO, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO AMENDED VERIFIED COMPLAINT FOR DECEIT, BREACH OF CONTRACT, BREACH OF FIDUCIARY DUTY, CONSTRUCTIVE FRAUD, UNJUST ENRICHMENT, DECLARATORY JUDGMENT AND OTHER APPROPRIATE RELIEF

Defendants Canyon Bridge Fund I, LP, Hong John Kao, Heber Raymond Bingham, and

Peter Chin Kuo (collectively, "Defendants")[1], by and through their undersigned counsel, answer

Plaintiff Benjamin Bin Chow's Amended Verified Complaint ("FAC") as follows.  To the extent

the headings of the FAC are construed as allegations, they are each denied. Defendants deny all

---

[1] The FAC names as defendants Hong John Kao ("Kao"), Heber Raymond Bingham ("Bingham"), and Peter Chin Kuo ("Kuo") (collectively referred to as the "Individual Defendants"), and the following entities: Canyon Bridge Capital Partners, LLC, a Cayman Islands limited liability company ("Cayman LLC"), Canyon Bridge Fund I, LP, a Cayman Islands limited partnership ("Cayman LP"), and Canyon Bridge Capital Management, LLC, a Delaware limited liability company ("Delaware LLC"). Additionally, the FAC refers to a number of predecessor entities: Canyon Bridge Capital Partners, LLC, a Delaware limited liability company ("Cayman LLC Predecessor"), Canyon Bridge Fund I, LP, a Delaware limited partnership ("Cayman LP Predecessor"), and Canyon Bridge Management Corp., a Delaware corporation ("Delaware LLC Predecessor"). Both the current entity defendants and their predecessors are collectively referred to as the "Canyon Bridge Entities."

allegations in the Complaint, whether express or implied, that are not specifically admitted below. Defendants deny all averments in the headings of the FAC, whether express or implied, that are not specifically admitted below and the reproduction of such headings herein is solely for ease of reference. Any factual allegation below is admitted only as to the specifically admitted facts and not as to any purported conclusions, characterizations, implications, or speculations that arguably follow from the admitted facts. Defendants further deny that Plaintiff is entitled to the relief requested in the FAC, or to any other relief whatsoever.

**PRELIMINARY STATEMENT**

1. Defendants deny the allegations of Paragraph 1 of the FAC.

2. Defendants admit that Canyon Bridge Capital Partners, LLC was converted from a Delaware LLC to a Cayman Islands LLC. Defendants also admit that Canyon Bridge Fund I, LP was converted from a Delaware limited partnership to a Cayman Islands limited partnership. Defendants also admit that Capital Partners Management Corp. was merged with and into Canyon Bridge Capital Management, LLC with Canyon Bridge Capital Management, LLC as the surviving entity. Except as admitted above, Defendants deny the allegations of Paragraph 2 of the FAC.

3. Defendants admit that Canyon Bridge Fund I, LP, Canyon Bridge Capital Partners, LLC, and Capital Partners Management Corp. were formed in Delaware. Defendants also admit that Canyon Bridge Fund I, LP was converted from a Delaware limited partnership to a Cayman Islands limited partnership. Defendants also admit that Canyon Bridge Capital Partners, LLC was merged with and into Canyon Bridge Capital Management, LLC with Canyon Bridge Capital Management, LLC as the surviving entity. Defendants also admit that Kao was a partner at the law firm of Jones Day prior to his departure from that firm. Except as admitted above, Defendants deny the allegations of Paragraph 3 of the FAC.

4.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the FAC, and on that basis deny the allegations contained therein.

5.     Defendants admit that Chow was one of the co-founders of Cayman LLC Predecessor, Delaware LLC Predecessor, and Cayman LP Predecessor. Defendants also admit that Cayman LLC Predecessor was the general partner of Cayman LP Predecessor. Defendants also admit that Delaware LLC Predecessor was the "Investment Manager" of Cayman LP Predecessor. Except as admitted above, Defendants deny the allegations of Paragraph 5 of the FAC.

6.     Defendants admit that Jones Day represented Cayman LLC Predecessor, Delaware LLC Predecessor, and Cayman LP Predecessor, and that Jones Day drafted certain legal documents for these entities. Except as admitted above, Defendants deny the allegations of Paragraph 6 of the FAC, including the allegations that Kao told Chow that he was Chow's attorney and represented Chow's interests, and that Kao drafted legal documents for the Canyon Bridge Entities.

7.     Defendants deny the allegations of Paragraph 7 of the FAC.

8.     Defendants admit that Chow was one of the co-founders of Cayman LLC Predecessor and Delaware LLC Predecessor, where he initially owned about 60% of Cayman LLC Predecessor and Delaware LLC Predecessor. Cayman LLC Predecessor owned 1% of Cayman LP Predecessor, as its general partner, and Yitai, owned 99% of Cayman LP Predecessor, as its limited partner. Except as admitted above, Defendants deny the allegations of Paragraph 8 of the FAC.

9.     Defendants deny the allegations of Paragraph 9 of the FAC, including the allegation that Chow "identified Imagination Technologies Limited."

10.    Defendants admit that Chow, Kao, and Bingham are the initial co-founders of the Canyon Bridge Entities, and Kuo joint the Canyon Bridge Entities in or around April 2017. Except

3

as admitted above, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the FAC, and on that basis deny the allegations contained therein.

11.     Defendants deny the allegations of Paragraph 11 of the FAC.

12.     Defendants admit that Chow seeks the relief stated in Paragraph 12 of the FAC, but deny that Chow is entitled to such relief or any other relief.

### THE PARTIES

**A.     CHOW**

13.     Defendants admit that Chow was one of the co-founders and co-owners of Cayman LLC Predecessor, Delaware LLC Predecessor and Cayman LP Predecessor. Except as admitted above, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the FAC, and on that basis deny the allegations contained therein.

14.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the FAC, and on that basis deny the allegations contained therein.

15.     Defendants admit that Chow was the Chairman and Chief Executive Officer of Delaware LLC Predecessor and Cayman LLC Predecessor. Defendants deny that Chow was "oust[ed]."

16.     Defendants admit that, at the time of his resignation, Chow had a 40% ownership interest in each of Cayman LLC Predecessor and Delaware LLC Predecessor. Defendants also admit that, at the time of Chow's resignation, Cayman LLC Predecessor had an 1% ownership interest in Cayman LP Predecessor. Defendants deny that "Kao, Bingham, and Kuo caused Chow's termination."

**B.    CAPITAL PARTNERS**

17.    Defendants admit that on August 9, 2016, Jones Day filed in Delaware the Certificate of Incorporation of Canyon Bridge Capital Partners, Inc., and that Chow was the initial stockholder. Defendants deny the remaining allegations of Paragraph 17 of the FAC.

18.    Defendants admit the allegations of Paragraph 18 of the FAC.

19.    Defendants admit the allegations of Paragraph 19 of the FAC.

20.    Defendants admit that Canyon Bridge Capital Partners, LLC was converted from a Delaware LLC to a Cayman Islands LLC. Except as admitted above, Defendants deny the allegations of Paragraph 20 of the FAC.

**C.    MANAGEMENT CORP./LLC**

21.    Defendants admit the allegations of Paragraph 21 of the FAC.

22.    Defendants admit that Capital Partners Management Corp. merged with and into Canyon Bridge Capital Management, LLC with Canyon Bridge Capital Management, LLC as the surviving entity. Except as admitted above, Defendants deny the allegations of Paragraph 22 of the FAC.

23.    Defendants admit that the Operating Agreement provides that Delaware LLC Predecessor is the "Investment Manager." The remaining allegations of Paragraph 23 are legal conclusions to which no response is required.  To the extent a response is required, except as admitted above, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the FAC, and on that basis deny the allegations contained therein.

24.    Defendants admit the allegations of Paragraph 24 of the FAC.

**D.    THE FUND**

25.    Defendants admit the allegations of Paragraph 25 of the FAC.

26.    Defendants admit that Canyon Bridge Fund I, LP was converted from a Delaware limited partnership to a Cayman Islands limited partnership. Except as admitted above, Defendants deny the allegations of Paragraph 26 of the FAC.

**E.    KAO**

27.    Defendants admit that Kao is an attorney and a member of the bars of the District of Columbia and the state of Minnesota.  Defendants also admit that Kao was a partner at Jones Day and the Partner-in-Charge of Jones Day's Beijing, China office. Defendants deny the remaining allegations of Paragraph 27 of the FAC, including that Chow was the sole founder of Cayman LP Predecessor.

28.    Defendants admit that Kao was a member of Cayman LLC Predecessor. Defendants also admit that Kao was a director of Delaware LLC Predecessor. Defendants also admit that Delaware LLC Predecessor was the "Investment Manager" of Cayman LLC Predecessor and Cayman LP Predecessor. Except as admitted above, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the FAC, and on that basis deny the allegations contained therein.

29.    Defendants admit that John Kao resigned from Jones Day in or around November 2016, and the effective date of that departure was December 31, 2016.  Defendants also admit that Kao joined the Canyon Bridge Entities in or around January 2017.  Defendants deny the remaining allegations of Paragraph 29 of the FAC.

30.    Defendants admit that Jones Day represented Cayman LLC Predecessor, Delaware LLC Predecessor, and Cayman LP Predecessor. Except as admitted above, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the FAC, and on that basis deny the allegations contained therein.

31.     Defendants admit that Jones Day represented Cayman LLC Predecessor, Delaware LLC Predecessor, and Cayman LP Predecessor and prepared certain legal documents in the course of the representation. Except as admitted above, Defendants deny the allegations of Paragraph 31 of the FAC, including the allegation that Kao drafted "[a]ll operative legal documents relevant to this action."

32.     Defendants deny the allegations of Paragraph 32 of the FAC.

33.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 of the FAC, and on that basis deny the allegations contained therein.

34.     Defendants deny the allegations of Paragraph 34, including any allegation that Kao was acting as Chow's attorney.

35.     Defendants deny the allegations of Paragraph 35, including any allegation that Kao was acting as Chow's attorney.

36.     Defendants deny the allegations of Paragraph 36, including any allegation that Kao was acting as Chow's attorney.

37.     Defendants deny the allegations of Paragraph 37 of the FAC.

38.     Defendants admit that, at the time of Chow's resignation, Kao had a 20% ownership interest in each of Cayman LLC Predecessor and Delaware LLC Predecessor. Defendants admit that, as of the date of the FAC, Kao had a 33.3% ownership interest in each of Cayman LLC and Delaware LLC. Defendants deny the remaining allegations of Paragraph 38 of the FAC, including the allegation that "Kao, Bingham, and Kuo caused Chow's termination."

39.     Defendants deny the allegations of Paragraph 39 of the FAC.

### F.    BINGHAM

40.    Defendants admit that Bingham was a member of Cayman LLC Predecessor. Defendants also admit that Bingham was a director of Delaware LLC Predecessor. Defendants also admit that Delaware LLC Predecessor was the "Investment Manager" of Cayman LLC Predecessor and Cayman LP Predecessor. Except as admitted above, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 of the FAC, and on that basis deny the allegations contained therein.

41.    Defendants admit that, at the time of Chow's resignation, Bingham had a 20% ownership interest in each of Cayman LLC Predecessor and Delaware LLC Predecessor. Defendants admit that, as of the date of the FAC, Bingham had a 33.3% ownership interest in each of Cayman LLC and Delaware LLC. Defendants deny the remaining allegations of Paragraph 41 of the FAC, including the allegation that "Kao, Bingham, and Kuo caused Chow's termination."

42.    Defendants deny the allegations of Paragraph 42 of the FAC.

### G.    KUO

43.    Defendants admit that Kuo was a member of Cayman LLC Predecessor. Defendants also admit that Kuo was a director of Delaware LLC Predecessor. Defendants also admit that Delaware LLC Predecessor was the "Investment Manager" of Cayman LLC Predecessor and Cayman LP Predecessor. Except as admitted above, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 of the FAC, and on that basis deny the allegations contained therein.

44.    Defendants admit that, at the time of Chow's resignation, Kuo had a 20% ownership interest in each of Cayman LLC Predecessor and Delaware LLC Predecessor. Defendants admit that, as of the date of the FAC, Kuo had a 33.3% ownership interest in each of Cayman LLC and

Delaware LLC. Defendants deny the remaining allegations of Paragraph 44 of the FAC, including the allegation that "Kao, Bingham, and Kuo caused Chow's termination."

45.     Defendants deny the allegations of Paragraph 45 of the FAC.

## NON-PARTY

### A.    JONES DAY

46.     Defendants admit that Jones Day is an international law firm with offices in various cities around the world. Except as admitted above, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 of the FAC, and on that basis deny the allegations contained therein.

## JURISDICTION

47.     Defendants admit that Delaware LLC is a Delaware limited liability company. The remaining allegations of Paragraph 47 are legal conclusions to which no response is required.  To the extent a response is required, except as admitted above, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 of the FAC, and on that basis deny the allegations contained therein.

48.     The allegations of Paragraph 48 are legal conclusions to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 of the FAC, and on that basis deny the allegations contained therein.

49.      The allegations of Paragraph 49 are legal conclusions to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 of the FAC, and on that basis deny the allegations contained therein.

50.    The allegations of Paragraph 50 are legal conclusions to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 of the FAC, and on that basis deny the allegations contained therein.

<u>**CHOICE OF LAW AND STATUTE OF LIMITATIONS**</u>

51.    The allegations of Paragraph 51 are legal conclusions to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 of the FAC, and on that basis deny the allegations contained therein.

52.    The allegations of Paragraph 52 are legal conclusions to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 of the FAC, and on that basis deny the allegations contained therein.

<u>**FACTUAL BACKGROUND**</u>

**A.    THE CREATION OF FUND-DELAWARE.**

53.    Defendants deny that Kao represented to Chow that he was Chow's attorney. Defendants also deny that Kao was acting as attorney for Chow. Except as provided above, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 of the FAC, and on that basis deny the allegations contained therein.

54.    Defendants deny that Kao represented to Chow that he was Chow's attorney. Defendants also deny that Kao was acting as attorney for Chow. Except as provided above, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 of the FAC, and on that basis deny the allegations contained therein.

55.    Defendants admit the allegations of Paragraph 55 of the FAC.

56.     Defendants admit that Canyon Bridge Capital Partners, LLC was converted from a Delaware corporation to a Delaware limited liability company under the name of Canyon Bridge Capital Partners, LLC on October 4, 2016. Defendants deny the remaining allegations of Paragraph 56 of the FAC.

57.     Defendants admit that on October 5, 2016, the Certificate of Limited Partnership of Canyon Bridge Fund I, LP was filed with the Delaware Secretary of State. On the same date Chow, as "Initial Limited Partner" and Cayman LLC Predecessor as the "General Partner" entered into a limited partnership agreement for Cayman LP Predecessor. Defendants deny the remaining allegations of Paragraph 57 of the FAC.

58.     Defendants admit that a Certificate of Incorporation of Canyon Bridge Management Corp., identifying the mailing address of the incorporator as Louise B. Doyle, c/o Jones Day, 555 California Street, 26th Floor, San Francisco, CA 94104 was filed with the Delaware Secretary of State on September 14, 2016.  Defendants deny the remaining allegations of Paragraph 58 of the FAC, including the allegation that Kao "filed with the Delaware Secretary of State a Certificate of Incorporation of Canyon Bridge Management Corp."

59.     Defendants admit the allegations of Paragraph 59 of the FAC.

60.     Defendants admit the allegations of Paragraph 60 of the FAC.

61.     The allegations of Paragraph 61 are legal conclusions to which no response is required.  To the extent a response is required, Paragraph 61 refers to the operation documents which speak for themselves and any mischaracterization thereof is denied.

**B.     THE NOVEMBER 2016 FINRA INQUIRY TO JONES DAY.**

62.     Defendants admit the allegations of Paragraph 62 of the FAC.

63.     Defendants deny that Kao learned that Jones Day had received an inquiry from FINRA. Defendants are without knowledge or information sufficient to form a belief as to the truth

of the remaining allegations of Paragraph 63 of the FAC, and on that basis deny the allegations contained therein.

64.    Defendants deny that Kao learned that Jones Day had received an inquiry from FINRA in November 2016. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 of the FAC, and on that basis deny the allegations contained therein.

65.    Defendants deny the allegations of Paragraph 65 of the FAC.

**C.    THE PREPARATION OF THE LIMITED LIABILITY COMPANY AGREEMENT OF CANYON BRIDGE CAPITAL PARTNERS, LLC, THE GENERAL PARTNER OF FUND-DELAWARE.**

66.    Defendants admit that Jones Day represented Cayman LLC Predecessor, Delaware LLC Predecessor, and Cayman LP Predecessor and prepared certain legal documents in the course of the representation. Except as admitted above, Defendants deny the allegations of Paragraph 66 of the FAC, including the allegations that Kao "prepared or directed Jones Day to prepare for Kao's use, all subsequent relevant legal documents" or that "Kao represented to Chow that he was acting as Chow's attorney."

**i.    BREACH OF FIDUCIARY DUTIES TO CHOW PREPARATION OF THE OPERATING AGREEMENT FOR CANYON BRIDGE CAPITAL PARTNERS, LLC, TO PERMIT THE OUSTER OF KAO'S OWN CLIENT CHOW.**

67.    Defendants admit that Chow, Kao, Bingham and Kuo met at Jones Day's office in San Francisco, CA in or around October 2016.  Defendants deny that Chow "asked Kao, Bingham, and Kuo to join the Canyon Bridge Entities" at this meeting.

68.    Defendants admit the allegations of Paragraph 68 of the FAC.

69.    Defendants admit that Chow, Kao, and Bingham, as Members, entered into the Operating Agreement, which provides that the Operating Agreement "is made as of December 23,

2016 but desired effective as of October 18, 2016." Except as admitted above, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 of the FAC, and on that basis deny the allegations contained therein.

70.     Defendants admit the allegations of Paragraph 70 of the FAC.

71.     Defendants admit that the Operating Agreement contains Section 6.5(c) and defines the term "Cause" and further state that the Operating Agreement speaks for itself and any mischaracterization thereof is denied.

72.     Defendants admit that the Operating Agreement contains a provision (Section 6.5(a)) regarding vesting and forfeiture of membership units. Defendants deny the remaining allegations of Paragraph 72 of the FAC, including the allegation that Kao "put in" Section 6.5(a) or that it is "a highly unusual provision."

73.     Defendants deny the allegations of Paragraph 73 of the FAC.

74.     Defendants deny the allegations of Paragraph 74 of the FAC.

75.     Defendants deny the allegations of Paragraph 75 of the FAC.

ii.     **BREACH OF FIDUCIARY DUTY TO CHOW - KAO'S ENTERING INTO A BUSINESS RELATIONSHIP WITH HIS CLIENT CHOW.**

76.     Defendants deny the allegations of Paragraph 76 of the FAC, and any allegation that Kao was Chow's attorney at any point.

77.     Defendants deny the allegations of Paragraph 77 of the FAC, and any allegation that Kao was Chow's attorney at any point.

78.     Defendants deny the allegations of Paragraph 78 of the FAC, and any allegation that Kao was Chow's attorney at any point.

79.    Defendants deny that Chow "identified" Imagination. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 79 of the FAC, and on that basis deny the allegations contained therein.

80.    Defendants admit that Kao provided Chow with the contact information for a criminal defense partner at Jones Day. Defendants deny that Kao "insisted" that Chow consult one of the criminal defense partners at Jones Day.  Except as admitted above, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 80 of the FAC, and on that basis deny the allegations contained therein.

81.    Defendants deny the allegations of Paragraph 81 of the FAC.

82.    Defendants admit that Kao provided Chow with the contact information for Brian Sun. Defendants deny that Kao "advised" Chow on his retention of Brian Sun.  Except as admitted above, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 82 of the FAC, and on that basis deny the allegations contained therein.

83.    Defendants deny the allegations of Paragraph 83 of the FAC, and any allegation that Kao was Chow's attorney at any point.

84.    Defendants admit that a criminal complaint was filed against Chow in the United States District Court for the Southern District of New York, alleging several counts of violating the securities laws.  Except as admitted above, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 84 of the FAC, and on that basis deny the allegations contained therein.

85.    Defendants admit that Chow retained the firm of Milbank, Tweed, Hadley & McCloy as his criminal defense counsel. Except as admitted above, Defendants deny the

remaining allegations of Paragraph 85 of the FAC, including any allegation that Kao represented Chow or that Kao was also Chow's attorney.

86.    Defendants admit that there was a jury trial and conviction against Chow for violating the Securities Exchange Act of 1934. Defendants also admit that Chow's conviction was affirmed by the United States Court of Appeals for the Second Circuit. Except as admitted above, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 86 of the FAC, and on that basis deny the allegations contained therein.

### D.    BREACH OF FIDUCIARY DUTY TO CHOW - EFFORTS TO EXPEL CHOW FROM THE CANYON BRIDGE ENTITIES, AT CHOW'S EXPENSE, AND TO KAO, BINGHAM, AND KUO'S GREAT FINANCIAL BENEFIT

87.    Defendants admit that Jones Day represented Cayman LLC Predecessor, Delaware LLC Predecessor, and Cayman LP Predecessor and prepared certain legal documents in the course of the representation. Except as admitted above, Defendants deny the allegations of Paragraph 87 of the FAC, including the allegations that Kao "prepared or directed Jones Day to prepare for Kao's use, all subsequent relevant legal documents" or that "Kao represented to Chow that he was acting as Chow's attorney."

### iii.    BREACH OF FIDUCIARY DUTIES TO CHOW - PREPARATION OF THE OPERATING AGREEMENT FOR CANYON BRIDGE CAPITAL PARTNERS, LLC, TO PERMIT THE OUSTER OF KAO'S OWN CLIENT CHOW.

88.    Defendants admit that Chow, Kao, Bingham and Kuo met at Jones Day's office in San Francisco, CA in or around October 2016.  Defendants deny that Chow "asked Kao, Bingham, and Kuo to join the Canyon Bridge Entities" at this meeting.

89.    Defendants admit the allegations in Paragraph 89 of the FAC.

90.    Defendants admit that Chow, Kao, and Bingham, as Members, entered into the Operating Agreement, which provides that the Operating Agreement "is made as of December 23, 2016 but desired effective as of October 18, 2016." Except as admitted above, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 90 of the FAC, and on that basis deny the allegations contained therein.

91.    Defendants admit the allegations of Paragraph 91 of the FAC.

92.    Defendants admit that the Operating Agreement contains Section 6.5(c) and defines the term "Cause" and that it is a document which speaks for itself and any mischaracterizations thereof are denied.

93.    Defendants admit that the Operating Agreement contains a provision (Section 6.5(a)) regarding vesting and forfeiture of membership units. Defendants deny the remaining allegations of Paragraph 93 of the FAC, including the allegation that Kao "put in" Section 6.5(a) or that it is "a highly unusual provision."

94.    Defendants deny the allegations of Paragraph 94 of the FAC.

95.    Defendants deny the allegations of Paragraph 95 of the FAC.

96.    Defendants deny the allegations of Paragraph 96 of the FAC.

### iv.    BREACH OF FIDUCIARY DUTY TO CHOW - KAO'S ENTERING INTO A BUSINESS RELATIONSHIP WITH HIS CLIENT CHOW.

97.    Defendants deny the allegations of Paragraph 97 of the FAC.

98.    Defendants deny the allegations of Paragraph 98 of the FAC, and any allegation that Kao was Chow's attorney at any point.

99.    Defendants deny the allegations of Paragraph 99 of the FAC, and any allegation that Kao was Chow's attorney at any point.

100.   Defendants deny that Chow "identified" Imagination. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 100 of the FAC, and on that basis deny the allegations contained therein.

101.   Defendants admit that Kao provided Chow with the contact information for a criminal defense partner at Jones Day. Defendants deny that Kao "insisted" that Chow consult one of the criminal defense partners at Jones Day.  Except as admitted above, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 101 of the FAC, and on that basis deny the allegations contained therein.

102.   Defendants deny the allegations of Paragraph 102 of the FAC.

103.   Defendants admit that Jones Day represented Cayman LLC Predecessor, Delaware LLC Predecessor, and Cayman LP Predecessor and prepared certain legal documents in the course of the representation. Except as admitted above, Defendants deny the allegations of Paragraph 103 of the FAC, including the allegations that Kao "prepared or directed Jones Day to prepare for Kao's use, all subsequent relevant legal documents" or that "Kao represented to Chow that he was acting as Chow's attorney."

    **v.**    **BREACH OF FIDUCIARY DUTIES TO CHOW PREPARATION OF THE OPERATING AGREEMENT FOR CANYON BRIDGE CAPITAL PARTNERS, LLC, TO PERMIT THE OUSTER OF KAO'S OWN CLIENT CHOW.**

104.   Defendants admit that Chow, Kao, Bingham and Kuo met at Jones Day's office in San Francisco, CA in or around October 2016.  Defendants deny that Chow "asked Kao, Bingham, and Kuo to join the Canyon Bridge Entities" at this meeting.

105.   Defendants admit the allegations in Paragraph 105 of the FAC.

106.   Defendants admit that Chow, Kao, and Bingham, as Members, entered into the Operating Agreement, which provides that the Operating Agreement "is made as of December

23, 2016 but desired effective as of October 18, 2016." Except as admitted above, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 106 of the FAC, and on that basis deny the allegations contained therein.

107.    Defendants admit the allegations of Paragraph 107 of the FAC.

108.    Defendants admit that the Operating Agreement contains Section 6.5(c) and defines the term "Cause" and that the Operating Agreement is a document that speaks for itself and any mischaracterization thereof is denied.

109.    Defendants admit that the Operating Agreement contains a provision (Section 6.5(a)) regarding vesting and forfeiture of membership units. Defendants deny the remaining allegations of Paragraph 109 of the FAC, including the allegation that Kao "put in" Section 6.5(a) or that it is "a highly unusual provision."

110.    Defendants deny the allegations of Paragraph 110 of the FAC.

111.    Defendants deny the allegations of Paragraph 111 of the FAC.

112.    Defendants deny the allegations of Paragraph 112 of the FAC.

### vi.    BREACH OF FIDUCIARY DUTY TO CHOW - KAO'S ENTERING INTO A BUSINESS RELATIONSHIP WITH HIS CLIENT CHOW.

113.    Defendants deny the allegations of Paragraph 113 of the FAC.

114.    Defendants deny the allegations of Paragraph 114 of the FAC, and any allegation that Kao was Chow's attorney at any point.

115.    Defendants deny the allegations of Paragraph 115 of the FAC, and any allegation that Kao was Chow's attorney at any point.

116.    Defendants deny that Chow "identified" Imagination. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 116 of the FAC, and on that basis deny the allegations contained therein.

117.    Defendants admit that Kao provided Chow with the contact information for a criminal defense partner at Jones Day. Defendants deny that Kao "insisted" that Chow consult one of the criminal defense partners at Jones Day.  Except as admitted above, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 117 of the FAC, and on that basis deny the allegations contained therein.

118.    Defendants deny the allegations of Paragraph 118 of the FAC.

**E.    BREACH OF FIDUCIARY DUTY TO CHOW - EFFORTS TO EXPEL CHOW FROM THE CANYON BRIDGE ENTITIES, AT CHOW'S EXPENSE, AND TO KAO, BINGHAM AND KUO'S GREAT FINANCIAL BENEFIT.**

119.    Defendants admit that China Venture Capital Co., Ltd. is a limited partner of Cayman LP Predecessor. Defendants also admit that Chow, Kao, Bingham, Kuo, and a representative of China Venture Capital Co., Ltd. met in or around April 28, 2018 in Menlo Park. Except as admitted above, Defendants deny the remaining allegations of Paragraph 119 of the FAC, including the allegation that Kao "continued to represent to Chow that he was Chow's attorney."

120.    Defendants admit that Chow was sent terms for a Leave of Absence on or about June 14, 2018. Except as admitted above, Defendants deny the remaining allegations of Paragraph 120 of the FAC.

121.    Defendants deny the allegations of Paragraph 121 of the FAC.

122.    Defendants deny the allegations of Paragraph 122 of the FAC.

123.    Defendants deny the allegations of Paragraph 123 of the FAC.

124.    Defendants admit that a Written Consent of the Stockholders of Delaware LLC Predecessor was signed on or about October 8, 2018. Except as admitted above, Defendants deny the remaining allegations of Paragraph 124 of the FAC.

125.    Defendants admit that Kao, Bingham and Kuo were directors of Delaware LLC Predecessor.  Except as admitted above, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 125 of the FAC, and on that basis deny the allegations contained therein.

126.    Defendants admit that Chow resigned in October 2018.  Except as admitted above, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 126 of the FAC, and on that basis deny the allegations contained therein.

127.    Defendants deny the allegations of Paragraph 127 of the FAC.

128.    Defendants admit that Chow resigned in October 2018.  Except as admitted above, Defendants deny the allegations of Paragraph 128 of the FAC.

129.    Defendants admit that Chow was removed as a signatory for Delaware LLC Predecessor's bank account.  Except as admitted above, Defendants deny the allegations of Paragraph 129 of the FAC.

130.    Defendants admit that on or around October 15, 2018, Kao, Bingham, and Kuo signed a Supplemental Agreement to the Amended and Restated Agreement of Limited Partnership of Canyon Bridge Fund I, LP on half of Cayman LLC Predecessor. Except as admitted above, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 130 of the FAC, and on that basis deny the allegations contained therein.

131.    Defendants admit the allegations of Paragraph 131 of the FAC.

132.    Defendants admit that Canyon Bridge Capital Partners, LLC was converted from a Delaware LLC to a Cayman Islands LLC. Except as admitted above, Defendants deny the allegations of Paragraph 132 of the FAC, including the allegation that Chow was "ousted."

133.    Defendants admit that Canyon Bridge Fund I, LP was converted from a Delaware limited partnership to a Cayman Islands limited partnership.  Except as admitted above, Defendants deny the allegations of Paragraph 133 of the FAC, including the allegation that Chow was "ousted."

**COUNT I**
**Deceit**
**(Against Kao)**

134.  Defendants incorporate by reference each and every response contained in paragraphs 1 through 133, set forth above.

135.  Defendants deny the allegations of Paragraph 135 of the FAC.

136.  Defendants deny the allegations of Paragraph 136 of the FAC.

137.  Defendants deny the allegations of Paragraph 137 of the FAC.

138.  Defendants deny the allegations of Paragraph 138 of the FAC.

139.  Defendants deny the allegations of Paragraph 139 of the FAC.

140.  Defendants deny the allegations of Paragraph 140 of the FAC.

141.  Defendants deny the allegations of Paragraph 141 of the FAC.

142.  Defendants deny the allegations of Paragraph 142 of the FAC.

**COUNT II**
**Constructive Fraud**
**Conflict of Interest**
**(Against Kao)**

143.  Defendants incorporate by reference each and every response contained in paragraphs 1 through 142, set forth above.

144.     Defendants deny the allegations of Paragraph 144 of the FAC.

145.     Defendants deny the allegations of Paragraph 145 of the FAC.

146.     Defendants deny the allegations of Paragraph 146 of the FAC.

147.     Defendants deny the allegations of Paragraph 147 of the FAC.

148.     Defendants deny the allegations of Paragraph 148 of the FAC.

### Count III
### Unjust Enrichment
**(Against Kao, Bingham, Kuo)**

149.     Defendants incorporate by reference each and every response contained in paragraphs 1 through 148, set forth above.

150.     Defendants admit that Chow's stock was forfeited, but deny the remaining allegations of Paragraph 150 of the FAC.

151.     Defendants deny the allegations of Paragraph 151 of the FAC.

152.     Defendants deny the allegations of Paragraph 152 of the FAC.

153.     The Defendants deny the allegations of Paragraph 153 of the FAC.

154.     Defendants deny the allegations of Paragraph 154 of the FAC.

155.     Defendants deny the allegations of Paragraph 155 of the FAC.

### COUNT IV
### Breach of Fiduciary Duty
**(Against Kao)**

156.     Defendants incorporate by reference each and every response contained in paragraphs 1 through 155, set forth above.

157.     Defendants deny the allegations of Paragraph 157 of the FAC.

158.     Defendants deny the allegations of Paragraph 158 of the FAC.

159.     Defendants deny the allegations of Paragraph 159 of the FAC.

## COUNT V
### Aiding and Abetting Breach of Fiduciary Duty
### (Against Bingham And Kuo)

160.   Defendants incorporate by reference each and every response contained in paragraphs 1 through 159, set forth above.

161.   Defendants deny the allegations of Paragraph 161 of the FAC.

162.   Defendants deny the allegations of Paragraph 162 of the FAC.

163.   Defendants deny the allegations of Paragraph 163 of the FAC.

164.   Defendants deny the allegations of Paragraph 164 of the FAC.

## COUNT VI
### Breach of the Covenant of Good Faith and Fair Dealing
### (Against Management LLC, Capital Partners-Cayman Islands, Kao, Bingham, and Kuo)

165.   Defendants incorporate by reference each and every response contained in paragraphs 1 through 164, set forth above.

166.   Defendants deny the allegations of Paragraph 166 of the FAC.

167.   Defendants deny the allegations of Paragraph 167 of the FAC.

## COUNT VII
### Fraudulent Transfers Under the Uniform Fraudulent Transfer Act
### (Against All Defendants)

168.   Defendants incorporate by reference each and every response contained in paragraphs 1 through 167, set forth above.

169.   Defendants deny the allegations of Paragraph 169 of the FAC.

170.   Defendants deny the allegations of Paragraph 170 of the FAC.

171.   Defendants deny the allegations of Paragraph 171 of the FAC.

172.   Defendants deny the allegations of Paragraph 172 of the FAC.

173.   Defendants deny the allegations of Paragraph 173 of the FAC.

174.   Defendants deny the allegations of Paragraph 174 of the FAC.

175.    Defendants deny the allegations of Paragraph 175 of the FAC.

176.    Defendants deny the allegations of Paragraph 176 of the FAC.

## COUNT VIII
## Fraudulent Transfer Under Common Law
### (Against All Defendants)

177.    Defendants incorporate by reference each and every response contained in paragraphs 1 through 176, set forth above.

178.    Defendants deny the allegations of Paragraph 178 of the FAC.

179.    Defendants deny the allegations of Paragraph 179 of the FAC.

180.    Defendants deny the allegations of Paragraph 180 of the FAC.

181.    Defendants deny the allegations of Paragraph 181 of the FAC.

182.    Defendants deny the allegations of Paragraph 182 of the FAC.

183.    Defendants deny the allegations of Paragraph 183 of the FAC.

184.    Defendants deny the allegations of Paragraph 184 of the FAC.

185.    Defendants deny the allegations of Paragraph 185 of the FAC.

## COUNT IX
## Breach Of Contract
### (Against Capital Partners-Cayman Islands)

186.    Defendants incorporate by reference each and every response contained in paragraphs 1 through 185, set forth above.

187.    Defendants deny the allegations of Paragraph 187 of the FAC.

188.    Defendants deny the allegations of Paragraph 188 of the FAC.

189.    Defendants deny the allegations of Paragraph 189 of the FAC.

190.    Defendants deny the allegations of Paragraph 190 of the FAC.

**COUNT X**
**Breach Of Fiduciary Duty**
**(Against Kao, Bingham, Kuo, and Management Corp.)**

191. Defendants incorporate by reference each and every response contained in paragraphs 1 through 190, set forth above.

192. Defendants deny the allegations of Paragraph 192 of the FAC.

193. Defendants deny the allegations of Paragraph 193 of the FAC.

194. Defendants deny the allegations of Paragraph 194 of the FAC.

195. Defendants deny the allegations of Paragraph 195 of the FAC.

196. Defendants deny the allegations of Paragraph 196 of the FAC.

197. Defendants deny the allegations of Paragraph 197 of the FAC.

198. Defendants deny the allegations of Paragraph 198 of the FAC.

199. Defendants deny the allegations of Paragraph 199 of the FAC.

**PRAYER FOR RELIEF**

200. Responding to the prayer for relief, Defendants deny that Chow is entitled to the relief requested.

201. Except as expressly admitted above, Defendants deny, generally and specifically, each and every allegation in the FAC.

**AFFIRMATIVE AND OTHER DEFENSES**

By asserting the following defenses, Defendants do not assume any burden of proof, persuasion, or production not otherwise legally assigned to Defendants. Defendants reserve the right to assert additional defenses or affirmative defenses and/or amend any stated affirmative and other defenses. As and for its separate, distinct, and affirmative and other defenses to the FAC on file herein and to each cause of action thereof, Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

1.      The FAC fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2.      The FAC is barred, in whole or in part, by the doctrines of waiver, release, estoppel, laches, fraud, unclean hands or other bad acts of Defendant.

## THIRD AFFIRMATIVE DEFENSE

3.      Each Defendant acted in good faith with a reasonable belief that his or her actions were lawful.

## FOURTH AFFIRMATIVE DEFENSE

4.      Each Defendant was privileged to engage in the conduct that is alleged to have caused damage.

## FIFTH AFFIRMATIVE DEFENSE

5.      Each Defendant's conduct was legally justified and/or necessary.

## SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiff's interpretation of the contract would render its terms procedurally or substantively unconscionable.

## SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiff's claims are barred, in whole or in part, because he consented to the complained of conduct.

## EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiff's claims are barred in whole or in part because he ratified the complained of acts or conduct.

## NINTH AFFIRMATIVE DEFENSE

9.    Plaintiff's claims are barred in whole or in part because he committed a material breach of the contract.

## TENTH AFFIRMATIVE DEFENSE

10.    Defendants' complained of conduct was not a material breach of the contract.

## ELEVENTH AFFIRMATIVE DEFENSE

11.    Plaintiff suffered no actual injury.

## TWELFTH AFFIRMATIVE DEFENSE

12.    Plaintiff's claims are barred in whole or in part because he failed to mitigate damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.    Plaintiff's damages are speculative.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.    Defendants' acts were not the proximate or actual cause of Plaintiff's injury.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.    Plaintiff's claims or request for relief are barred in whole or in part because Plaintiff has not suffered damages as a result of any action taken by Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.    Plaintiff's claims or request for relief are barred in whole or in part by the limitations of damages permitted under the contract.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.    Plaintiff provided improper notice of breach.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.    Defendants at all times acted in accordance with the contract.

### NINETEENTH AFFIRMATIVE DEFENSE

19.    Defendants at all times acted in good faith.

### TWENTIETH AFFIRMATIVE DEFENSE

20.    Plaintiff's clams are barred in whole or in part by the business judgment rule.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21.    Plaintiff's claims are barred in whole or in part because Defendants' acts or conduct

were approved by a majority of the members/shareholders.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22.    Plaintiff may not recover attorney's fees for his claims.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23.    Defendants reserve the right to assert additional defenses.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

By: /s/ *Jesse L. Noa*

Adam R. Fox                      Myron T. Steele (#00002)
Chassica Soo                     Matthew F. Davis (#4696)
Jesse Taylor                     Jesse L. Noa (#5973)
Shaun Kim                        Tyler E. Cragg (#6398)
SQUIRE PATTON BOGGS (US) LLP     Hercules Plaza, 6th Floor
555 South Flower Street          1313 North Market Street
31st Floor                       P.O. Box 951
Los Angeles, California 90071    Wilmington, Delaware 19899-0951
(213) 624-2500                   (302) 984-6000 – Telephone

Dated:  November 5, 2024         *Attorneys for Defendants*

11862418