IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BENJAMIN BIN CHOW,<br><br>            Plaintiff,<br><br>    v.<br><br>CANYON BRIDGE CAPITAL PARTNERS, LLC, a Cayman Islands Limited Liability Company, CANYON BRIDGE CAPITAL MANAGEMENT, LLC, a Delaware Limited Liability Company, CANYON BRIDGE FUND I, LP, a Cayman Islands Limited Partnership, HONG JOHN KAO, HEBER RAYMOND BINGHAM, and PETER CHIN KUO,<br><br>            Defendants. | C.A. No. 1:22-cv-00947-JLH-SRF<br><br>**PUBLIC VERISON** |

**DEFENDANTS CANYON BRIDGE CAPITAL PARTNERS, LLC, CANYON BRIDGE FUND I, LP, HONG JOHN KAO, HEBER RAYMOND BINGHAM, AND PETER CHIN KUO'S OPENING BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

OF COUNSEL:

Adam R. Fox
Chassica Soo
Jesse Taylor
Shaun Kim
SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street
31st Floor
Los Angeles, California 90071
(213) 624-2500

Dated: December 19, 2024

Public Version Dated: December 26, 2024

Myron T. Steele (#00002)
Matthew F. Davis (#4696)
Jesse L. Noa (#5973)
Tyler E. Cragg (#6398)
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000

Attorneys for Defendants

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS .......................................................................................................... i

TABLE OF AUTHORITIES .................................................................................................. ii

INTRODUCTION ................................................................................................................ 1

NATURE AND STAGE OF THE PROCEEDINGS ............................................................ 2

SUMMARY OF ARGUMENT ............................................................................................ 2

STATEMENT OF FACTS ................................................................................................... 3
    A.    The Parties. ..................................................................................................... 3
    B.    Plaintiff's Criminal Conviction And Civil Penalties. ................................... 4
    C.    Plaintiff's Resignation/Alleged Termination From The Canyon Bridge Entities. .......................................................................................................... 5
    D.    Corporate Restructure Of The Canyon Bridge Entities. ............................... 6

LEGAL STANDARDS ........................................................................................................ 6
    A.    Federal Rule of Civil Procedure 12(c) ......................................................... 6
    B.    Federal Rule of Civil Procedure 9(b) ........................................................... 7
    C.    Governing Law ............................................................................................... 7

ARGUMENT ....................................................................................................................... 8
    A.    Counts I, II, IV, And V Fail As A Matter Of Law Because Plaintiff Has Not And Cannot Plausibly Allege An Attorney-Client Relationship. ................. 9
    B.    Counts II And IV Are Time Barred ............................................................. 11
    C.    Plaintiff Fails To State Claims For Deceit (Count I) & Constructive Fraud (Count II). ................................................................................................... 13
    D.    Plaintiff Fails To State A Claim For Unjust Enrichment (Count III). ........ 15
    E.    Plaintiff Fails To State a Claim For Aiding And Abetting A Breach Of Fiduciary Duty (Count V). ......................................................................... 16
    F.    Plaintiff's Contract-Based Claim Cannot Be Restyled As A Good Faith And Fair Dealing Claim (Count VI). ................................................................. 16
    G.    Plaintiff Fails To Plead His Fraudulent Transfer Claims (Counts VII and VIII) With The Required Specificity Under Rule 9(b). ....................................... 17
    H.    Plaintiff's Breach Of Contract Claim (Count IX) Fails Based On The Plain And Unambiguous Language Of The Relevant Contracts. ............................ 18
    I.    Plaintiff Fails To State Claim For Breach of Fiduciary Duty (Count X)..... 19

CONCLUSION .................................................................................................................. 20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)..................................................................................................6

*Austin v. Medicis,*
    21 Cal. App. 5th 577 (2018) ...................................................................................12

*Beaulieu Grp., LLC v. Bates,*
    No. EDCV151090JGBKKX, 2015 WL 13950821 (C.D. Cal. Dec. 3, 2015)..........17

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)........................................................................................6, 7, 10

*Bibbs v. Trans Union LLC,*
    43 F.4th 331 (3d Cir. 2022) .....................................................................................6

*Bos. Consulting Grp., Inc. v. GameStop Corp.,*
    No. CV 22-363-CJB, 2023 WL 2683629 (D. Del. Mar. 29, 2023) ........................18

*Bus. Credit Mgmt. Inc. v. Med. Fac. Assocs. Inc.,*
    No. 2:12-CV-00568-SVW-E, 2012 WL 13012683 (C.D. Cal. Aug. 8, 2012) .......17

*City of Warren Police & Fire Ret. Sys. v. Prudential Fin., Inc.,*
    70 F.4th 668 (3d Cir. 2023) .....................................................................................7

*Clark v. VIP Petcare, LLC,*
    No. 22-CV-08935-VC, 2023 WL 2779090 (N.D. Cal. Apr. 4, 2023) ....................13

*Colby v. Newman,*
    No. 211CV07413SVWRZX, 2012 WL 12887688 (C.D. Cal. Oct. 5, 2012) .......3, 4, 10

*Cultiv8 Ints. LLC v. Rezai,*
    No. 220CV05290ABASX, 2021 WL 6496820 (C.D. Cal. Nov. 3, 2021).............11

*Fink v. Montes,*
    44 F. Supp. 2d 1052 (C.D. Cal. 1999) ...............................................................3, 9

*In re First Alliance Mort. Co.,*
    471 F.3d 977 (9th Cir. 2006) ..................................................................................16

*General Motors Corp. v. New A.C. Chevrolet, Inc.,*
    263 F.3d 296 (3d Cir.2001)......................................................................................8

*Harmon v. Cnty. of Sacramento*,
No. 2:12-CV-02758 TLN, 2016 WL 319232 (E.D. Cal. Jan. 27, 2016) ...............................13

*Hicks v. Boeing Co.*,
No. CV 13-393-SLR-SRF, 2014 WL 1284904 (D. Del. Mar. 21, 2014) ...............................18

*J.S. Alberici Const. Co. v. Mid-W. Conveyor Co.*,
750 A.2d 518 (Del. 2000) ...............................................................................................8

*Kempski v. Toll Bros.*,
582 F. Supp. 2d 636 (D. Del. 2008)...............................................................................19

*Klaassen v. Allegro Dev. Corp.*,
2013 WL 5967028 (Del. Ch. Nov. 7, 2013) ..................................................................20

*Laborers' Loc. v. Intersil*,
868 F. Supp. 2d 838 (N.D. Cal. 2012) ...........................................................................16

*Leaseweb USA, Inc. v. Centro, Inc.*,
No. CV ......................................................................................................................15

*Lee v. Hanley*,
61 Cal. 4th 1225 (2015) ..............................................................................................3, 11

*Let's Get Moving, Llp v. Lagestics, LLC*,
No. CV-23-14-BU-BMM, 2023 WL 8111595 (D. Mont. Nov. 22, 2023) ...........................14

*Levin v. Graham & James*,
37 Cal. App. 4th 798 (1995) ..........................................................................................11

*Matthews v. Specialized Loan Servicing, LLC*,
No. CVED2000307CJCSPX, 2020 WL 1889043 (C.D. Cal. Apr. 15, 2020) .......................17

*McGee v. Weinberg*,
97 Cal. App. 3d 798 (1979) ...........................................................................................12

*MDNet, Inc. v. Pharmacia Corp.*,
147 F. App'x 239 (3d Cir. 2005) .....................................................................................7

*N. Am. Cath. Educ. Programming Found., Inc. v. Gheewalla*,
930 A.2d 92 (Del. 2007) ...............................................................................................19

*Namer v. Bank of Am., N.A.*,
No. 16CV3024 ..............................................................................................................16

*Oestreicher v. Alienware Corp.*,
544 F. Supp. 2d 964 (N.D. Cal. 2008), *aff'd*, 322 F. App'x 489 (9th Cir. 2009) ...................14

*Parikh v. UPS*,
    491 F. App'x 303 (3d Cir. 2012) .........................................................................................13

*Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP*,
    133 Cal. App. 4th 658 (2005) ...............................................................................................12

*Prakashpalan v. Engstrom, Lipscomb & Lack*,
    223 Cal. App. 4th 1105 (2014) .............................................................................................12

*Principal Growth Strategies, LLC v. AGH Parent LLC*,
    No. 2019-0431-JTL, 2024 WL 274246 (Del. Ch. Jan. 25, 2024)............................................8

*D.M. ex rel. Ray v. Philadelphia Hous. Auth.*,
    613 F. App'x 187 (3d Cir. 2015) .........................................................................................18

*Responsible Citizens v. Superior Ct.*,
    16 Cal. App. 4th 1717 (1993) .................................................................................................9

*Rosal v. First Fed. Bank of Am.*,
    671 F. Supp.2d 1111 (N.D. Cal. 2009) .................................................................................15

*Ross v. Johns-Manville Corp.*,
    766 F.2d 823 (3d Cir. 1985)....................................................................................................7

*Shinners v. K-Mart Corp.*,
    847 F. Supp. 31 (D. Del. 1994)...............................................................................................7

*Smith v. Ygrene Energy Fund, Inc.*,
    No. 17-CV-01258-LB, 2017 WL 3168519 (N.D. Cal. July 26, 2017) ..............................15, 16

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) ...............................................................................................13

*Talkdesk, Inc. v. DM Trans, LLC*,
    No. N23C-08-005 MAA ........................................................................................................15

*Top Agent Network, Inc. v. Zillow, Inc.*,
    2015 WL 7709655 (N.D. Cal. Apr. 13, 2015) ......................................................................15

*Travelers Indem. Co. v. Lake*,
    594 A.2d 38 (Del. 1991) .........................................................................................................7

*Tredennick v. Bone*,
    323 F. App'x 103 (3d Cir. 2008) .........................................................................................18

*U.S. Chess Fed'n, Inc. v. Polgar*,
    No. C 08-05126 MHP, 2009 WL 981257 (N.D. Cal. Apr. 13, 2009)....................................20

*United States v. Chow,*
  993 F.3d 125 (2d Cir. 2021) .................................................................................1

*In re Verisign, Inc., Derivative Litig.,*
  531 F. Supp. 2d 1173 (N.D. Cal. 2007) ...............................................................13

*William Morris Endeavor Ent., LLC v. Writers Guild of Am.,*
  478 F. Supp. 3d 932 (C.D. Cal. 2020) .................................................................14

*Zenith Ins. Co. v. O'Connor,*
  148 Cal. App. 4th 998 (2007) ..........................................................................2, 10

*Zetz v. Bos. Sci. Corp.,*
  398 F. Supp. 3d 700 (E.D. Cal. 2019) .................................................................14

**Statutes**

Cal. Bus. & Prof. Code § 6148 ................................................................................4

Cal. Civ. Code § 1621 .............................................................................................9

California Code of Civil Procedure § 340.6(a) ..........................................3, 10, 11, 12

California's Uniform Fraudulent Transfer Act .........................................................17

Securities Exchange Act of 1934 Section 10(b) .........................................................5

**Other Authorities**

Federal Rule of Civil Procedure Rule 9(b) .................................................... *passim*

Federal Rule of Civil Procedure 12(c) ..................................................................2, 6

Federal Rule of Civil Procedure Rule 12(b)(6)..........................................................6

## <u>INTRODUCTION</u>

A duly empaneled federal jury convicted the Plaintiff in this action, Benjamin Bin Chow ("Plaintiff"), of multiple crimes—all affirmed following his exhaustive appeals—based on his independent, fraudulent misconduct while briefly affiliated with Defendants. *United States v. Chow*, 993 F.3d 125, 128 (2d Cir. 2021). Specifically, Plaintiff misused material, nonpublic information in the possession of an interrelated group of private equity firms he founded to facilitate the purchase and sale of stock by a "social acquaintance and former business colleague." *Chow*, 993 F.3d at 131-33. The United States government has since barred Plaintiff from associating with any broker, dealer, investment adviser, municipal securities dealer, municipal advisor, transfer agent, or nationally recognized statistical rating organization. *In the Matter of Benjamin Bin Chow*, Sec. & Exch. Comm'n File No. 3-21045, September 8, 2022 Order.

Plaintiff also severed his ties with Defendant Canyon Bridge Management Corp. and surrendered certain benefits he had once held as a stockholder. Although Plaintiff does not dispute his extensive criminal activity leading to these consequences, he advances claims in this Court to contend that the Defendants improperly and/or prematurely "terminated" him and deprived him of the financial benefits he once enjoyed. *See generally* D.I. 1-1 at 46-102 ("FAC"); *id*. ¶¶ 126-28. Specifically, he blames and seeks to recover monetary damages from the former colleagues whose trust he betrayed, Defendants Hong John Kao ("Kao"), Heber Raymond Bingham ("Bingham"), and Peter Chin Kuo ("Kuo") (collectively, the "Individual Defendants"), and the entity Defendants Canyon Bridge Capital Partners, LLC, ("Cayman LLC"), and Canyon Bridge Fund I, LP ("Cayman LP"). This motion refers to Cayman LLC and Cayman LP collectively as the "Canyon Bridge Entities"), and together with the Individual Defendants, simply "Defendants")). *See* FAC. Defendants, who previously challenged only the adequacy of Plaintiff's service and this Court's

personal jurisdiction over them, now move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), because Plaintiff does not state any plausible claim for relief against them.

## NATURE AND STAGE OF THE PROCEEDINGS

This case was removed to federal court on July 18, 2022. D.I. 1. Defendants moved on July 25, 2022 to dismiss on procedural grounds. D.I. 12, 15. On July 22, 2024, United States Magistrate Judge Sherry R. Fallon issued a Report and Recommendation ("R&R") recommending denial of the motion to dismiss pursuant to Rules 12(b)(2) and (5) and affording Plaintiff thirty days to file an amended complaint. D.I. 46. Defendants filed objections to the R&R on August 5, 2024. D.I. 48. On September 30, 2024, the Court issued an Oral Order overruling Defendants' objections to the R&R, granting Plaintiff leave to amend his complaint within 30 days. D.I. 64. The complaint was not amended.  On October 3, 2024, the Court entered a scheduling order. D.I. 65. Discovery in this matter closes on August 2, 2025. *Id*. ¶ 3(b).

## SUMMARY OF ARGUMENT

1.     Plaintiff premises his claims for deceit (Count I), constructive fraud (Count II), breach of fiduciary duty (Count IV), and aiding and abetting breach of fiduciary duty (Count V) on the untenable allegation of a personal attorney-client relationship between Plaintiff and Kao, who at one time served as a *transactional* corporate lawyer for the *Beijing* office of a global law firm. *See* FAC ¶¶ 135, 144, 157, 162. Plaintiff bases this purported attorney-client relationship on Plaintiff's supposed (and wholly unreasonable) subjective belief that Kao served in the capacity of Plaintiff's American criminal defense lawyer. Of course, the governing law for Plaintiff, a California resident, is crystal clear that such a subjective belief—even if sincerely held—is "legally irrelevant." *Zenith Ins. Co. v. O'Connor*, 148 Cal. App. 4th 998, 1010 (2007). The First Amended

Complaint lacks any plausible allegations that even suggest an attorney-client relationship. *See Fink v. Montes*, 44 F. Supp. 2d 1052, 1060 (C.D. Cal. 1999). "There is no allegation of specific conduct from which the Court may infer that [Kao] and [Plaintiff] reached an implied attorney-client relationship." *Colby v. Newman*, 2012 WL 12887688, at *3 (C.D. Cal. Oct. 5, 2012). Accordingly, Counts I, II, IV, and V, all of which depend on the existence of such relationship, fail as a matter of law.

2.      California Code of Civil Procedure ("CCP") § 340.6(a) imposes an independent time bar on Plaintiff's claims for constructive fraud (Count II) and breach of fiduciary duty (Count IV) because their merits—or lack thereof—"necessarily depend on proof that an attorney violated a professional obligation in the course of providing professional services." *Lee v. Hanley*, 61 Cal. 4th 1225, 1236–37 (2015). Thus, even if Kao were Plaintiff's lawyer, Plaintiff has advanced the claim against Kao too late under this statute.

3.      Each count also independently fails to satisfy basic pleading requirements. Plaintiff's claims for deceit (Count I), constructive fraud (Count II), and fraudulent transfer (Counts VII and VIII), all of which sound in fraud, fail because Plaintiff fails to plead them with particularity required by Rule 9(b). Plaintiff's remaining claims similarly fail because they do not assert any plausible factual basis for them, as detailed below.

## **STATEMENT OF FACTS**

**A.      The Parties.**

In 2016, Plaintiff founded the Canyon Bridge Entities to establish a private equity fund focused on global technology investments. FAC ¶¶ 5 & 53. The Cayman LP Predecessor held the assets of the Canyon Bridge Entities, the Management LLC managed fund investments, and the Cayman LLC Predecessor served as the fund's General Partner. *Id.* ¶¶ 19, 24 & 25. At the time, Plaintiff considered Kao, a transactional law partner at Jones Day, "a supposed friend of many

years." *Id.* ¶¶ 27 & 53. Consistent with his role and training, Kao and his colleagues at Jones Day "prepared all the legal documents," "including the certificate of limited partnership, the limited partnership agreement, and all subsequent legal documents relevant to the claims in this action prior to Kao's departure [from] Jones Day." *Id.* ¶ 66. Although he fails to point to any documents memorializing it, *see* Cal. Bus. & Prof. Code § 6148, Plaintiff also makes the incongruous and conclusory allegation that Kao was "simultaneously representing to Chow that he was Chow's attorney." *Id.* ¶ 31.

In October 2016, Plaintiff asked Kao, Bingham, and Kuo to join the Canyon Bridge Entities. *Id.* ¶¶ 10, 67. Although Plaintiff avers that Kuo "formally became a Member in April 2017," *id.* at 21 n.1, he does not allege when Kao and Bingham joined the Canyon Bridge Entities.

## B.    Plaintiff's Criminal Conviction And Civil Penalties.

On September 1, 2017, the United States Attorney's Office for the Southern District of New York filed a criminal complaint against Plaintiff. *Id.* ¶ 84. The government charged Plaintiff with securities fraud for sharing material nonpublic information about the potential acquisition of Lattice Semiconductor Corporation by the Canyon Bridge Entities. *Id.* ¶¶ 53–54 & 84. Inconsistent with his assertions that he believed Kao to be his personal lawyer, Plaintiff hired counsel from Milbank, Tweed, Hadley & McCloy to be his attorneys and they entered appearances for him in the case brought by the government. *Id.* ¶ 85. Plaintiff does not allege that Kao ever entered such an appearance.

On April 24, 2018, the United States District Court for the Southern District of New York convicted Plaintiff for his insider trading. *Id.* ¶ 86. Three years later, on April 6, 2021, the United States Court of Appeals for the Second Circuit affirmed. *Id.* The Securities and Exchange Commission ("SEC") also filed a civil lawsuit against Plaintiff and others. *Id.* ¶ 12. The civil action ended in a consent judgment enjoining Plaintiff from, among other things, any future violations of

Section 10(b) of the Exchange Act, and barring Plaintiff from associating with any investment entity again. *See* Final Judgment, D. I. 324, Case No. 1:17-cv-00972-JPO, S.D.N.Y.; *In the Matter of Benjamin Bin Chow*, Sec. & Exch. Comm'n File No. 3-21045, September 8, 2022 Order.[1]

**C.    Plaintiff's Resignation/Alleged Termination From The Canyon Bridge Entities.**

Months after Plaintiff's initial conviction, he resigned from his position as the Chairman and Chief Executive Officer of the Management LLC on October 8, 2018, although his operative pleading attempts to recharacterize his resignation as a termination. FAC ¶¶ 15 & 126.[2] Plaintiff's resignation, as well as his criminal conviction, caused a forfeiture of his ownership interests in the Delaware LLC and the Cayman Islands LLC pursuant to a Written Consent of Stockholder and Cayman Islands LLC's Operating Agreement. FAC ¶¶ 71–72, 92–93, 108–109 & 124. Indeed, although the relevant corporate documents cited in the pleadings indisputably govern Plaintiff's resignation and its effects, Plaintiff he alleges that the defendants "wrongfully strip[ped]" him of his financial and ownership interests in the Canyon Bridge Entities. *Id.* ¶ 2.

Aside from his averments about believing Kao to be his personal lawyer, Plaintiff alleges that Kao knew the Financial Industry Regulatory Authority was investigating Plaintiff as early as November of 2016, and opportunistically used that information to his and the other defendants' benefit by drafting specific provisions of the Operating Agreement that would allow them to later "oust" Plaintiff and cause a forfeiture of his ownership interests. *Id.* ¶¶ 73, 94, 110, 137 & 144.

---

[1] The Court may take judicial notice of the record of other proceedings. *Purdue Pharma L.P. v. Accord Healthcare Inc.*, 2023 WL 5835811, at *2 (D. Del. Sept. 8, 2023) ("It is well settled that in ruling on a motion for judgment on the pleadings a court may take judicial notice of the factual record of a prior proceeding." (quotation marks and citation omitted)).

[2] Plaintiff originally admitted having resigned from the Canyon Bridge Entities. D.I. 1-1 at 8-43.

D.     **Corporate Restructure Of The Canyon Bridge Entities.**

In May of 2019, the Cayman LLC Predecessor and the Cayman LP Predecessor filed Certificates of Conversion with the Delaware Secretary of State to change their domicile from Delaware to the Cayman Islands. *Id.* ¶¶ 20 & 26. During this time, the Delaware LLC also merged with the Management LLC, leaving the Delaware LLC as the surviving entity, as reflected in filings with the Delaware Secretary of State. *Id.* ¶ 22.

Plaintiff attempts to portray these corporate restructures as fraudulent transfers but provides no factual details to support this assertion. Instead, he merely pleads the conclusion that Defendants reorganized "with actual intent to hinder, delay or defraud Chow as a creditor." *Id.* ¶¶ 171 & 179. Indeed, Plaintiff does not even begin to explain how the restructuring would conceivably operate in the manner he so generally alleges.

## **LEGAL STANDARDS**

A.     **Federal Rule of Civil Procedure 12(c)**

Courts review each motion for judgment on the pleadings "under the same standards that apply to a Rule 12(b)(6) motion." *Bibbs v. Trans Union LLC*, 43 F.4th 331, 339 (3d Cir. 2022) (quotation marks and citation omitted). A court may therefore dismiss a complaint challenged by a Rule 12(c) motion if it fails to "state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). In contrast, to survive such a motion, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citation omitted) "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'— that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, (2009) (citing Fed. R. Civ. P. 8(a)(2)). Although a court must accept a complaint's factual allegations as true, that presumption of truth does not apply to legal conclusions. *Id*. (citing *Twombly*, 550 U.S. at 555).

This means the complaint must provide "more than labels and conclusions;" "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

**B.     Federal Rule of Civil Procedure 9(b)**

When alleging a claim for fraud, the plaintiff must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The "complaint must describe the time, place, and contents of the false representations or omissions, as well as the identity of the person making the statement and the basis for the statement's falsity." *City of Warren Police & Fire Ret. Sys. v. Prudential Fin., Inc.*, 70 F.4th 668, 680 (3d Cir. 2023) (citing cases). "When multiple defendants are involved, the complaint must plead with particularity by specifying the allegations of fraud applying to each defendant." *MDNet, Inc. v. Pharmacia Corp.*, 147 F. App'x 239, 245 (3d Cir. 2005) (citation omitted).

**C.     Governing Law**

"[A] federal court, sitting in diversity, follows the forum's choice of law rules to determine the applicable statute of limitations." *Ross v. Johns-Manville Corp.*, 766 F.2d 823, 826 (3d Cir. 1985). "In determining choice of law in tort actions, Delaware has adopted the 'most significant relationship test' of the Restatement (Second) of Conflicts §§ 6, 145, 146." *Shinners v. K-Mart Corp.*, 847 F. Supp. 31, 32–33 (D. Del. 1994) (citing *Travelers Indem. Co. v. Lake,* 594 A.2d 38, 44–47 (Del. 1991)). The relevant factors to consider include: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." *Travelers Indem. Co.*, 594 A.2d at 47. "Delaware courts place considerable emphasis on 'the place where the injury occurred' and 'the place where the conduct causing the injury occurred.'" *Shinners*, 847 F. Supp. at 33.

Plaintiffs avers that "the acts giving rise to the claims set forth herein occurred mainly in California." FAC ¶ 51; *see also id.* ¶ 4. California law thus applies to Plaintiff's tort claims (Counts I, II, IV, V, VII, VIII, and X). Delaware law applies to Plaintiff's contract and unjust enrichment[3] claims (Counts III, VI, and IX) pursuant to the choice of law provision of the applicable agreements. "Delaware courts will generally honor a contractually-designated choice-of-law provision so long as the jurisdiction selected bears some material relationship to the transaction." *J.S. Alberici Const. Co. v. Mid-W. Conveyor Co.*, 750 A.2d 518, 520 (Del. 2000); *see also General Motors Corp. v. New A.C. Chevrolet, Inc.,* 263 F.3d 296, 331 (3d Cir.2001) (applying Michigan law breach of the implied covenant of good faith claim pursuant to contractual choice of law provision ). Here, the Fund L.P. Agreement and the Operating Agreement contain ████████

████████████████████████████████████████████████████████

████

## **ARGUMENT**

Plaintiff asserts ten claims: deceit against Kao ("Count I"); constructive fraud against Kao ("Count II"); unjust enrichment against Individual Defendants ("Count III"); breach of fiduciary duty against Kao ("Count IV"); aiding and abetting breach of fiduciary duty against Bingham and Kuo ("Count V"); breach of the covenant of good faith and fair dealing against Cayman LLC and Individual Defendants ("Count VI"); fraudulent transfers under the UFTA against Defendants ("Count VII"); fraudulent transfer under common law against Defendants ("Count VIII"); breach

---

[3] Delaware courts look to Section 221 of the Restatement when determining the law applicable to an unjust enrichment claim. *Principal Growth Strats., LLC v. AGH Parent LLC*, 2024 WL 274246, at *6-7 (Del. Ch. Jan. 25, 2024). Comment d to Section 221 provides, "[w]hen the enrichment was received in the course of the performance of a contract between the parties," as alleged here, see FAC ¶¶ 150-51, "[t]he applicable law will be that chosen by the parties if they have made an effective choice under the circumstances stated in [section] 187." *Principal Growth Strats.*, 2024 WL 274246, at *7 (quoting Rest. of Conflicts § 221, comment d).

of contract against Cayman LLC ("Count IX"); and breach of fiduciary duty against Individual Defendants ("Count X"). FAC ¶¶ 134–99. Defendants move for judgment on all counts.

**A.    Counts I, II, IV, And V Fail As A Matter Of Law Because Plaintiff Has Not And Cannot Plausibly Allege An Attorney-Client Relationship.**

Plaintiff's claims for deceit (Count I), constructive fraud (Count II), breach of fiduciary duty (Count IV), and aiding and abetting breach of fiduciary duty (Count V) all arise from the alleged attorney-client relationship between Kao and Plaintiff. *See* FAC ¶¶ 135, 144, 157, 162. Because Plaintiff has not alleged and cannot allege a plausible attorney-client relationship with Kao actually existed, each count fails as a matter of law.

"The question of whether an attorney-client relationship exists is one of law." *Responsible Citizens v. Superior Ct.*, 16 Cal. App. 4th 1717, 1733 (1993). An "attorney-client relationship is created by some form of contract, express or implied, formal or informal." *Id.* at 1732 (citation omitted). Plaintiff alleges no express contract with Kao, so their attorney-client relationship must be implied and "the existence and terms . . . manifested by conduct." Cal. Civ. Code § 1621. "In determining whether an attorney-client relationship is created on the basis of an implied contract, the court examines the totality of the circumstances." *Fink v. Montes*, 44 F. Supp. 2d 1052, 1060 (C.D. Cal. 1999) (citing *Responsible Citizens*, 16 Cal. App. 4th at 1733).

"Some of the factors to consider are: (1) the nature and extent of the contacts between the attorney and the purported client; (2) whether the purported client divulged confidential information to the attorney; (3) whether the attorney provided the purported client with legal advice; and (4) whether the purported client sought or paid for the attorney's services." *Id.* (citations omitted). "The question of whether an attorney-client relationship arose must be approached objectively. Thus, it is conduct of the parties, not their subjective beliefs, that controls

the inquiry." *Colby v. Newman*, 2012 WL 12887688, at *3 (C.D. Cal. Oct. 5, 2012) (citing *Zenith Ins. Co. v. O'Connor*, 148 Cal. App. 4th 998, 1010 (2007)).

Plaintiff's only allegation in support of his purported attorney-client relationship with Kao is Plaintiff's belief that Kao was his attorney based on Kao's alleged representation, "at all times," that he was Plaintiff's attorney. *See, e.g.*, FAC ¶¶ 11, 32, 65, 66, 75, 85. But "California law is settled that a client's subjective belief that an attorney-client relationship exists, standing alone, cannot create such a relationship, or a duty of care owed by the attorney to that plaintiff. This is because a plaintiff cannot unilaterally establish an attorney-client relationship, and its hindsight 'beliefs' that such a relationship existed are thus legally irrelevant." *Zenith Ins. Co.*, 148 Cal. App. 4th at 1010 (citation omitted).

Conspicuously lacking from the First Amended Complaint are any factual allegations plausibly demonstrating an attorney-client relationship. For example, Plaintiff does not allege any facts supporting even a single step that he may have taken to retain Kao as his personal attorney, such as the existence of a written engagement as California requires for individuals (CCP § 340.6(a)), the payment of a retainer, or any invoices—let alone payments—for the supposed legal services rendered by Kao. Plaintiff likewise does not allege that he divulged any confidential information to Kao or what legal advice, if any, Plaintiff sought or Kao provided as Plaintiff's supposed personal attorney. Indeed, the only "advice" Plaintiff alleges he received is the purported "advic[e] . . . that [Kao] was Chow's attorney." FAC ¶ 32. But that is not a statement. It is the very type of label or legal conclusion that the Supreme Court has instructed this and every other district court to disregard. *Twombly*, 550 U.S. at 555.

In short, Plaintiff's allegations are bereft of well-pleaded facts regarding any "specific conduct from which the Court may infer that [Kao] and [Plaintiff] reached an implied attorney-

client relationship." *Colby*, 2012 WL 12887688, at *3; *see also Zenith Ins. Co.*, 148 Cal. App. 4th at 1011 (dismissing claim because plaintiff provided "very little factual specificity as to the" nature of the allged attorney-client relationships). Accordingly, Counts I, II, IV, and V, all of which are based on the existence of such relationship, fail. *See, e.g.*, *Cultiv8 Ints. LLC v. Rezai*, 2021 WL 6496820, at *7 (C.D. Cal. Nov. 3, 2021) (dismissing breach of fiduciary duty claim where the plaintiff's "allegations of fact are insufficient to imply the existence of an attorney-client relationship").

## B.    Counts II And IV Are Time Barred

Plaintiff's claims for constructive fraud (Count II) and breach of fiduciary duty (Count IV) fail for the independent reason that California Code of Civil Procedure, Section 340.6(a), imposes a dispositive time bar. Indeed, Section 340.6(a) provides, in relevant part:

> An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission . . . .

CCP § 340.6.[4] "[S]ection 340.6(a)'s time bar applies to claims whose merits necessarily depend on proof that an attorney violated a professional obligation in the course of providing professional services." *Lee v. Hanley*, 61 Cal. 4th 1225, 1236–37 (2015). This means that "for any wrongful act or omission of an attorney arising in the performance of professional services, an action must be commenced within one year after the client discovers or through the use of reasonable diligence should have discovered the facts constituting the wrongful act or omission." *Levin v. Graham & James*, 37 Cal. App. 4th 798, 805 (1995).

---

[4] Although Section 340.6(a) contains certain exceptions to these limitations periods, none applies.

The applicable test for reasonable diligence is "whether the plaintiff has information of circumstances sufficient to put a reasonable person on inquiry, or has the opportunity to obtain knowledge from sources open to his or her investigation." *McGee v. Weinberg*, 97 Cal. App. 3d 798, 803 (1979); *accord Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP*, 133 Cal. App. 4th 658, 685 (2005). Under this test, "'[a] plaintiff need not be aware of the specific 'facts' necessary to establish the claim; that is a process contemplated by pretrial discovery. Once the plaintiff has a suspicion of wrongdoing, and therefore an incentive to sue, she must decide whether to file suit or sit on her rights. So long as a suspicion exists, it is clear that the plaintiff must go find the facts; she cannot wait for the facts to find her.'" *Peregrine Funding,* 133 Cal. App. 4th at 685 (quoting *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1111 (1988)).

Counts II and IV necessarily involve the violation of a professional obligation in the course of providing professional services—Kao's alleged breach of fiduciary duty imposed upon him as Plaintiff's purported attorney, *see* FAC ¶¶ 144, 157—and are subject to the one-year statute of limitations under Section 340.6(a). *See Austin v. Medicis*, 21 Cal. App. 5th 577, 587 (2018) ("To be sure, section 340.6, subdivision (a), exempts claims of 'actual fraud' from its limitations period—**but the exemption does not extend to claims of constructive fraud**.") (emphasis added); *Prakashpalan v. Engstrom, Lipscomb & Lack*, 223 Cal. App. 4th 1105, 1121 (2014) (barring a breach of fiduciary duty claim against a law firm-defendant outside the limitations period).

Moreover, Plaintiff alleges that he was informed of the acts in real time between 2016 and 2019, and repeatedly received communications between August and October 2018 regarding the steps being taken to remove him. *See, e.g.*, FAC ¶¶ 120, 123, 126 (detailing communications with Plaintiff regarding the matters constituting the alleged breach). He further alleges having sustained injury no later than October 8, 2018, when his employment by Management Corp. ended. *Id.* ¶

126. Plaintiff not only should have known, but clearly *did* know of the facts supporting his alleged breach of fiduciary duty claim as of October 8, 2018, three years prior to commencing this action. Accordingly, his claims became time-barred no later than October 8, 2019.

**C.    Plaintiff Fails To State Claims For Deceit (Count I) & Constructive Fraud (Count II).**

The Court should also dismiss Plaintiff's claims for deceit (Count I) and constructive fraud (Count II) because (1) they are duplicative of Plaintiff's breach of fiduciary claim (Count IV), and (2) Plaintiff fails to plead them with the requisite particularity under Rule 9(b).

District courts have authority to dismiss duplicative claims. *See Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007) (deeming a "duplicative" claim "properly dismissed"); *see also Parikh v. UPS*, 491 F. App'x 303, 307 (3d Cir. 2012) (affirming district court's decision to dismiss duplicative claim that did "not protect any interest beyond" plaintiff's other claims). Based on this authority, the Court should dismiss Plaintiff's claims of deceit and constructive fraud because "it is not clear that plaintiff['s] claim . . . is distinguishable in any way from [his] claim of breach of fiduciary duty." *In re Verisign, Inc., Derivative Litig.*, 531 F. Supp. 2d 1173, 1219 (N.D. Cal. 2007). Indeed, Plaintiff seeks the *same* damages under Counts I, II, and IV for the *same* conduct— an alleged breach of fiduciary duty arising out of the alleged attorney-client relationship between Kao and Plaintiff. *See* FAC ¶¶ 135-8, 144, 156-59 (basing claims on a breach of fiduciary duty); *id*. ¶¶ 142, 148, 159 (seeking damages for the same alleged breach); *see also id.* at Prayer (seeking only damages for "Kao' [*sic*] breach of fiduciary duty as Chow's attorney" and no separate damages for deceit or constructive fraud). There is no "legal reason to maintain two causes of action with identical proof requirements and identical relief available." *Harmon v. Cnty. of Sacramento*, 2016 WL 319232, at *13 (E.D. Cal. Jan. 27, 2016). Accordingly, the Court should dismiss Plaintiff's claims of deceit and constructive fraud.

- 13 -

Plaintiff's deceit and constructive fraud claims should also be dismissed because he failed to plead them with the particularity required by Rule 9(b). *Clark v. VIP Petcare, LLC*, 2023 WL 2779090, at *1 (N.D. Cal. Apr. 4, 2023) (noting Rule 9(b) governs claims for fraud or deceit); *William Morris Endeavor Ent., LLC v. Writers Guild of Am.*, 478 F. Supp. 3d 932, 943 (C.D. Cal. 2020) ("Like fraud claims, constructive fraud claims [under California law] are subject to the particularity requirements of Rule 9(b)." (quotation marks and citation omitted)).

"To plead fraud with the particularity required by Rule 9(b), a complaint 'must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false.'" *Zetz v. Bos. Sci. Corp.*, 398 F. Supp. 3d 700, 713 (E.D. Cal. 2019) (citing *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018)). Beyond the implausible (and self-serving) contention that Kao would remind Plaintiff "at all times" that Kao was Plaintiff's attorney, Plaintiff simply fails to plead with particularity none of the basic facts supporting the misrepresentations arising from this purported relationship. Instead, Plaintiff only vaguely asserts that Kao said or did something in connection with every event alleged in the First Amended Complaint at some point, each time reiterating that he was Plaintiff's attorney. *See* FAC ¶¶ 11, 32, 65, 66, 75, 85. This kind of "everything [everywhere] is fraudulent" allegation is insufficient to meet Rule 9(b)'s standards. *Oestreicher v. Alienware Corp.,* 544 F. Supp. 2d 964, 968 (N.D. Cal. 2008), *aff'd,* 322 F. App'x 489 (9th Cir. 2009) (holding that "[t]he pleadings must state precisely the time, place, and nature of the misleading statements, misrepresentations, and specific acts of fraud" under Rule 9(b)); *see also, e.g., Let's Get Moving, Llp v. Lagestics, LLC*, 2023 WL 8111595, at *6 (D. Mont. Nov. 22, 2023) (dismissing fraud claims under Rule 9(b) where allegations encompassed "every statement" related to the parties' relationship).

- 14 -

**D.    Plaintiff Fails To State A Claim For Unjust Enrichment (Count III).**

The Court should dismiss Plaintiff's unjust enrichment claim (Count III) because "there is a contract that governs the relationship between parties that gives rise to the unjust enrichment claim." *Talkdesk, Inc. v. DM Trans, LLC*, 2024 WL 2799307, at *11 (Del. Super. Ct. May 31, 2024) (quote marks and citation omitted). Plaintiff concedes that written contracts governed his and Individual Defendants' relationship, including the forfeiture of Plaintiff's interests that followed his commission of—and conviction for—multiple crimes. FAC ¶ 150; *id.* ¶¶ 104-112. Plaintiff's allegations that "detailed [a]greement[s] control [the parties'] relationship thereby eliminat[e] the unjust enrichment claim." *Leaseweb USA, Inc. v. Centro, Inc.*, 2021 WL 5504974, at *4 (Del. Super. Ct. Nov. 19, 2021).

Dismissal is warranted even if California law applies because "a claim for restitution is inconsistent and incompatible with a related claim for breach of contract or a claim in tort." *Rosal v. First Fed. Bank of Am.,* 671 F. Supp.2d 1111, 1133 (N.D. Cal. 2009). Where an unjust enrichment theory "rests on allegations covered by other claims that provide for legal remedies, this claim is superfluous and, accordingly, dismissed." *Top Agent Network, Inc. v. Zillow, Inc.*, 2015 WL 7709655, at *8 (N.D. Cal. Apr. 13, 2015). "Furthermore, under California law, it is doubtful whether an unjust-enrichment claim can lie where an express contract covers the same subject matter—even if that contract is not strictly between the litigants." *Smith v. Ygrene Energy Fund, Inc.*, 2017 WL 3168519, at *12 (N.D. Cal. July 26, 2017).

Plaintiff alleges that Individual Defendants exercised a contractual right to terminate him from Management LLC. FAC ¶ 150; *see also id.* ¶¶ 104-112 (detailing drafting and execution of relevant contracts). Plaintiff further alleges that all three of these Defendants are liable for the same conduct alleged in this claim under a variety of other tort theories, including deceit, constructive fraud, breach of fiduciary duty and/or aiding and abetting a breach of fiduciary duty, breach of the

covenant of good faith and fair dealing, and statutory and common-law fraudulent transfer. *Id.* ¶¶
134-148, 156-185, 191-199. Thus, under California law, Plaintiff's unjust enrichment claim "is
superfluous and must be dismissed." *Ygrene Energy Fund, Inc*, 2017 WL 3168519, at \*12.

**E.    Plaintiff Fails To State a Claim For Aiding And Abetting A Breach Of Fiduciary Duty
       (Count V).**

Plaintiff's aiding and abetting claim consists of a boilerplate allegation that "Bingham and
Kao knowingly and substantially assisted and participated in Kao's breach of fiduciary duty to
Chow." FAC ¶ 163. But Plaintiff cannot rely on "bare conclusory allegation[s]" that a party "knew
of [another]'s wrongful conduct," "had knowledge that [another] was a fiduciary of Plaintiff[]],"
"substantially assisted [another] in carrying out his scheme," or even provided "assurances" in
support of the alleged breach. *Namer v. Bank of Am., N.A.*, 2017 WL 1180193, at \*5 (S.D. Cal.
Mar. 30, 2017); *see also Laborers' Loc. v. Intersil*, 868 F. Supp. 2d 838, 851 (N.D. Cal. 2012)
(holding, under Delaware or California law, aiding and abetting breach of fiduciary claim failed
without specific allegations establishing specific acts taken to aid or abet breach). Instead, a
plaintiff must allege "actual knowledge," which "requires more than a vague suspicion of
wrongdoing." *In re First Alliance Mort. Co.*, 471 F.3d 977, 933 (9th Cir. 2006). Plaintiff's
threadbare allegations plainly fail to support this claim, and the Court must therefore dismiss it.

**F.    Plaintiff's Contract-Based Claim Cannot Be Restyled As A Good Faith And Fair
       Dealing Claim (Count VI).**

The Court dismissed Plaintiff's claim for breach of the covenant of good faith and fair
dealing against Delaware LLC by recognizing it as a mere "restatement" of his breach of contract
claim. D.I. 46 (R&R) 29–30. The same allegations against Cayman LLC and the Individual
Defendants, FAC ¶¶ 165–67, warrant the same disposition.

As a threshold matter under California law, "the tort remedy for breach of the implied
covenant is largely limited to insurance cases where courts have found that a 'special relationship'

exists between insurers and insureds." *Matthews v. Specialized Loan Servicing, LLC*, 2020 WL 1889043, at *8 (C.D. Cal. Apr. 15, 2020) (collecting cases and dismissing an implied covenant claim as insufficiently pled, as "courts have routinely dismissed tortious breach of the implied covenant claims that, like this one, arise outside of the insurance context."); *see also Bus. Credit Mgmt. Inc. v. Med. Fac. Assocs. Inc.*, 2012 WL 13012683, at *2 (C.D. Cal. Aug. 8, 2012) ("[O]utside of the insurance context, breach of the implied covenant . . . is simply another theory of breach of contract.") (citation omitted).

If a plaintiff's good faith and fair dealing "allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated." *Beaulieu Grp., LLC v. Bates*, 2015 WL 13950821, at *7 (C.D. Cal. Dec. 3, 2015) (citation omitted). Plaintiff has already conceded (and the Court has already found) that the allegations supporting this claim are identical to those supporting his breach of contract claim, warranting dismissal.

**G.**    **Plaintiff Fails To Plead His Fraudulent Transfer Claims (Counts VII and VIII) With The Required Specificity Under Rule 9(b).**

Plaintiff asserts fraudulent transfer claims under California's Uniform Fraudulent Transfer Act (Count VII) and California common law (Count VIII). FAC ¶¶ 168–85. As the Court found, both of these counts must satisfy Rule 9(b)'s heightened pleading requirement, and they do not. R&R 32–33. The Court has already concluded that these Counts were not pled with particularity because Plaintiff failed to allege the "precise misconduct" undertaken by each Defendant. *Id*.

The same reasoning applies to the remaining Defendants. Plaintiff asserts broadly that all Defendants fraudulently transferred the entities. FAC ¶¶ 132-33; 168–85. "[W]here multiple defendants are involved, the complaint should inform each defendant of the nature of his alleged

participation in the fraud." *Tredennick v. Bone*, 323 F. App'x 103, 105 (3d Cir. 2008) (citation omitted). "'[T]he complaint ***must*** plead with particularity . . . the [specific] allegations of fraud' applicable to each defendant." *Hicks v. Boeing Co.*, 2014 WL 1284904, at *6 (D. Del. Mar. 21, 2014) (citing *MDNet, Inc. v. Pharmacia Corp.,* 147 Fed. Appx. 239, 245 (3d Cir. 2005)) (emphasis added). Plaintiff's undifferentiated "everyone harmed me" allegations are, as a matter of law, insufficient to sustain his fraudulent transfer claims, and must be dismissed.

## H.    Plaintiff's Breach Of Contract Claim (Count IX) Fails Based On The Plain And Unambiguous Language Of The Relevant Contracts.

Plaintiff alleges that Cayman LLC breached two contract provisions in two different contracts: Sections 7.04 and 11.02 of the Fund L.P. Agreement and Sections 7.04 and 11.02 of the Operating Agreement. FAC ¶¶ 186–90. The Court should dismiss each of these alleged breaches because the plain language of the contracts precludes them.

To state a claim for breach of contract, a plaintiff must allege: (1) "the existence of a contract;" (2) "the breach of an obligation imposed by that contract;" and (3) "resultant damages." *Bos. Consulting Grp., Inc. v. GameStop Corp.*, 2023 WL 2683629, at *3 (D. Del. Mar. 29, 2023) (citing Delaware law). Contract interpretation is a question of law for the Court. *Id.* at *3, n.4. Plaintiff asserts his breach of contract claims only against Cayman LLC. ███████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████████ ████████████████████████████████

---

[5] The Court may consider "any undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document" in connection with a Rule 12 motion. *D.M. ex rel. Ray v. Philadelphia Hous. Auth.*, 613 F. App'x 187, 189, n. 6 (3d Cir. 2015) (quotation marks and citation omitted). Plaintiff referenced and quoted from these

██████████████████████████████████ Accordingly, the Court should dismiss Plaintiff's claim premised on alleged breaches of the Fund L.P. Agreement. *See Kempski v. Toll Bros.*, 582 F. Supp. 2d 636, 644 (D. Del. 2008) ("Since [the defendant] has no contractual duty to indemnify [the plaintiff], the issue of whether that obligation was breached need not be addressed.").

Plaintiff further alleges that Cayman LLC breached Sections 7.04 and 11.02 the Operating Agreement. These allegations fail for an even simpler reason: ████████████████ ████████████████████████████████████████████████ ████████████████████████████

## I. Plaintiff Fails To State Claim For Breach of Fiduciary Duty (Count X).

Plaintiff's second breach of fiduciary duty claim (Count X) asserted against the Individual Defendants and "Management Corp."[6] fails to allege a fiduciary duty on the part of the Individual Defendants. Therefore, the Court should dismiss this claim.

Plaintiff alleges that the Individual Defendants, in their capacity as directors of Management LLC, breached their fiduciary duties to him as a stockholder. FAC ¶¶ 191–99. But none of the Individual Defendants owed Plaintiff, an individual, any fiduciary duty in those roles as a matter of law. Directors and managers of corporations owe fiduciary duties to the corporation. *N. Am. Cath. Educ. Programming Found., Inc. v. Gheewalla*, 930 A.2d 92, 101 (Del. 2007) (footnote omitted). But they do not owe fiduciary duties to any individual shareholder, director, or

---

contracts throughout the Complaint, and his breach-of-contract claim is based on them. *See, e.g.*, FAC ¶¶ 69–72 & 186–90. Further, there is no dispute that the contracts are authentic.

[6] Although the First Amended Complaint defines "Management Corp." as a shorthand for "Capital Partners Management Corp., a Delaware corporation," neither is named as a defendant. FAC ¶ 2. Plaintiff alleges that "Management Corp." merged with the Management LLC, with the latter surviving. *Id.* ¶ 22. Management LLC has been dismissed from this action. *See* R&R; Order Adopting R&R.

manager. *See Klaassen v. Allegro Dev. Corp.*, 2013 WL 5967028, at *11 (Del. Ch. Nov. 7, 2013) ("[C]orporate directors do not owe fiduciary duties to individual stockholders; they owe fiduciary duties to the entity and to the stockholders as a whole.") (citation omitted); *U.S. Chess Fed'n, Inc. v. Polgar*, 2009 WL 981257, at *5 (N.D. Cal. Apr. 13, 2009), as amended (May 5, 2009) ("Normally, officers and directors of a corporation owe a duty to the corporation itself, rather than to individual shareholders, members or other directors.").

The Individual Defendants were officers of Management LLC; Plaintiff was one of the company's shareholders. FAC ¶¶ 89 & 192. The Individual Defendants owed fiduciary duties only to *Management LLC*, not to Plaintiff. Accordingly, Count X fails to state a claim.

## CONCLUSION

For the foregoing reasons, Defendants Canyon Bridge Capital Partners, LLC, Canyon Bridge Fund I, LP, Hong John Kao, Heber Raymond Bingham, and Peter Chin Kuo respectfully request that the Court grant their Motion for Judgment on the Pleadings with prejudice.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

By: /s/ *Jesse L. Noa*

Adam R. Fox
Chassica Soo
Jesse Taylor
Shaun Kim
SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street
31st Floor
Los Angeles, California 90071
(213) 624-2500

Myron T. Steele (#00002)
Matthew F. Davis (#4696)
Jesse L. Noa (#5973)
Tyler E. Cragg (#6398)
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000 – Telephone

Dated: December 19, 2024
Public Version Dated: December 26, 2024

Attorneys for Defendants

- 20 -