# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BENJAMIN BIN CHOW,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CANYON BRIDGE CAPITAL PARTNERS, LLC, a Cayman Islands Limited Liability Company, CANYON BRIDGE CAPITAL MANAGEMENT, LLC, a Delaware Limited Liability Company, CANYON BRIDGE FUND I, LP, a Cayman Islands Limited Partnership, HONG JOHN KAO, HEBER RAYMOND BINGHAM, and PETER CHIN KUO,<br><br>　　　　　　Defendants. | C.A. No. 1:22-cv-00947-JLH-SRF |

**REPLY BRIEF OF DEFENDANTS CANYON BRIDGE CAPITAL PARTNERS, LLC, CANYON BRIDGE FUND I, LP, HONG JOHN KAO, HEBER RAYMOND BINGHAM, AND PETER CHIN KUO IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS**

OF COUNSEL:

Adam R. Fox
Chassica Soo
Jesse Taylor
Shaun Kim
SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street
31st Floor
Los Angeles, California 90071
(213) 624-2500

Dated: February 5, 2025

POTTER ANDERSON & CORROON LLP
Myron T. Steele (#000002)
Matthew F. Davis (#4696)
Jesse L. Noa (#5973)
Tyler E. Cragg (#6398)
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
(302) 984-6000

*Attorneys for Defendants Canyon Bridge Capital Management, LLC, Canyon Bridge Capital Partners, LLC, Canyon Bridge Fund I, LP, Hong John Kao, Herber Raymond Bingham, and Peter Chin Kuo*

## **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................ 1

ARGUMENT ................................................................................................................................ 1

    A.    Plaintiff Has Conceded the Propriety of Judgment on the Pleadings for His Breach of Contract and Unjust Enrichment Claims By Failing to Contest It. .............. 2

    B.    Plaintiff Does Not Allege Sufficient Facts To Sustain As Plausible His Allegation of an Attorney-Client Relationship with Kao, Warranting the Dismissal of Other Claims. ................................................................................... 2

    C.    Plaintiff's Claims for Constructive Fraud (Count II) and Breach of Fiduciary Duty (Count IV) Are Time Barred. ............................................................................ 4

    D.    Plaintiff's Fraud-Based Claims for Deceit (Count I), Constructive Fraud (Count II), and Fraudulent Transfer (Counts VII and VIII) Do Not Satisfy Rule 9(b). ........... 6

    E.    Plaintiff's Deceit (Count I) and Constructive Fraud (Count II) Claims Are Duplicative of Plaintiff's Breach of Fiduciary Duty Claim (Count IV), Requiring Dismissal. .................................................................................................... 6

    F.    Under Either Delaware or California Law, Plaintiff Fails to State a Claim for Aiding and Abetting a Breach of Fiduciary Duty (Count V)....................................... 7

    G.    Plaintiff's Good Faith and Fair Dealing Claim (Count VI) Is an Impermissible Restatement of a Breach of Contract Claim. ................................................ 8

    H.    Plaintiff's Fraudulent Transfer Claims (Counts VII and VIII) Do Not Meet Rule 9(b)'s Heightened Pleading Standard, As Both California and Delaware Courts Have Held. .................................................................................................... 9

    I.    Plaintiff Fails to State a Claim for Breach of Fiduciary Duty (Count X). .................. 10

CONCLUSION ........................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Atl. NWI, LLC v. Carlyle Grp. Inc.*,
   2022 WL 15800272 (Del. Ch. Oct. 28, 2022) ...........................................................................7

*Ayers v. Richman*,
   No. CV 19-1738-JLH, 2022 WL 3923366 (D. Del. Aug. 31, 2022) .........................................1

*Beaulieu Grp., LLC v. Bates*,
   2015 WL 13950821 (C.D. Cal. Dec. 3, 2015) ..........................................................................8

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544, 570 (2007)..........................................................................................................2

*Celador Int'l Ltd. v. Walt Disney Co.*,
   347 F. Supp. 2d 846 (C.D. Cal. 2004) ......................................................................................8

*Colby v. Newman*,
   2012 WL 12887688 (C.D. Cal. Oct. 5, 2012)...........................................................................4

*DiMare v. MetLife Ins. Co.*,
   369 F. App'x 324 (3d Cir. 2010) ..............................................................................................6

*F.D.I.C. v. Bathgate*,
   27 F.3d 850, 876 (3d Cir.1994).................................................................................................6

*Fink v. Montes*,
   44 F. Supp. 2d 1052 (C.D. Cal. 1999) ......................................................................................3

*Jacobs v. Meghji*,
   2020 WL 5951410 (Del. Ch. Oct. 8, 2020) ..............................................................................8

*Javens v. GE Healthcare Inc.*,
   No. CV 18-1030-RGA-SRF, 2020 WL 2783581 (D. Del. May 29, 2020)...............................2

*Kelleher v. Kelleher*,
   2014 WL 94197 (N.D. Cal. Jan. 9, 2014).................................................................................9

*Kiger v. Mollenkopf*,
   No. 21-409-RGA, 2021 WL 5299581 (D. Del. Nov. 15, 2021) ...............................................2

*Lamplugh v. PBF Energy*,
   No. CV 19-218-MN, 2020 WL 434204 (D. Del. Jan. 28, 2020) ..............................................5

*Lee v. Hanley*,
    61 Cal. 4th 1225 (2015) ...................................................................................................5

*Levin v. Graham & James*,
    37 Cal. App. 4th 798 (1995) .............................................................................................5

*In re Liquid Holdings Grp., Inc.*,
    2018 WL 2759301 (Bankr. D. Del. June 6, 2018) ...........................................................7

*Martinez v. CACH, LLC*,
    2011 WL 10730991, at *2 (S.D. Cal. Oct. 17, 2011) .......................................................9

*Oakwood Lab'ys LLC v. Thanoo*,
    999 F.3d 892 (3d Cir. 2021) .............................................................................................7

*Parikh v. UPS*,
    491 F. App'x 303 (3d Cir. 2012) ......................................................................................7

*Shamrock Holdings v. Arenson*,
    456 F. Supp. 2d 599 (D. Del. 2006) ..................................................................................7

*Spector Gadon & Rosen, P.C. v. Fishman*,
    666 Fed. Appx. 128 (3d Cir. 2016) ...................................................................................2

*Sports Medicine Research & Testing Laboratory v. Labware, Inc.*,
    No. CV 24-0516-MN, 2025 WL 315352 (D. Del. Jan. 28, 2025) ....................................8

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) ............................................................................................7

*Wilson v. USI Ins. Serv. LLC*,
    57 F.4th 131 (3d Cir. 2023) ..........................................................................................1, 3

*Zenith Ins. Co. v. O'Connor*,
    148 Cal. App. 4th 998 (2007) ...........................................................................................4

*Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*,
    836 F.2d 173, 181 (3d Cir. 1988) .....................................................................................5

**Statutes**

Cal. Civ. Proc. Code § 340.6(a) ................................................................................................4

**Other Authorities**

Fed. R. Civ. P. 9(b) ..............................................................................................................6, 9

# INTRODUCTION

Plaintiff Benjamin Bin Chow's ("Plaintiff") First Amended Complaint ("FAC") presents ten implausible claims that warrant this Court's entry of judgment on the pleadings for Defendants.[1] In response to their motion seeking this relief, *see* D.I. 72 & 73, Plaintiff effectively concedes the justification to dismiss each count in his Complaint.[2] As to several counts, Plaintiff offers no opposition to the pending motion. As to others, Plaintiff musters some response, but fails to identify any factual allegations in his complaint that support the plausibility of his claim. In still other instances, Plaintiff omits the detail required to satisfy the demands for claims sounding in fraud imposed by Federal Rule of Civil Procedure 9(b). As explained in greater detail below, these deficiencies warrant the Court granting the pending motion for judgment on the pleadings.

# ARGUMENT

As this Court knows well, district courts "apply the same standard to motions to dismiss and for judgment on the pleadings." *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023); *see also Ayers v. Richman*, No. CV 19-1738-JLH, 2022 WL 3923366, at *1 (D. Del. Aug. 31, 2022) (noting that a "motion for judgment on the pleadings based on the defense that the

---

[1] The remaining Defendants are Hong John Kao ("Kao"), Heber Raymond Bingham ("Bingham"), and Peter Chin Kuo ("Kuo") (collectively, the "Individual Defendants"), and the entity Defendants Canyon Bridge Capital Partners, LLC, ("Cayman LLC"), and Canyon Bridge Fund I, LP ("Cayman LP"). This brief refers to all defendants as simply "Defendants."

[2] Plaintiff's Complaint asserts ten counts: deceit against Kao ("Count I"); constructive fraud against Kao ("Count II"); unjust enrichment against Individual Defendants ("Count III"); breach of fiduciary duty against Kao ("Count IV"); aiding and abetting breach of fiduciary duty against Bingham and Kuo ("Count V"); breach of the covenant of good faith and fair dealing against Cayman LLC and Individual Defendants ("Count VI"); fraudulent transfers under the UFTA against Defendants ("Count VII"); fraudulent transfer under common law against Defendants ("Count VIII"); breach of contract against Cayman LLC ("Count IX"); and breach of fiduciary duty against Individual Defendants ("Count X"). FAC ¶¶ 134-99.

plaintiff has failed to state a claim is analyzed under the same standards that apply to a Rule 12(b)(6) motion.") (quotation marks and citation omitted).

What matters at this stage is whether the Complaint sets forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Javens v. GE Healthcare Inc.*, No. CV 18-1030-RGA-SRF, 2020 WL 2783581, at *2 (D. Del. May 29, 2020), *report and recommendation adopted*, No. CV 18-1030-RGA-SRF, 2020 WL 7051642 (D. Del. June 18, 2020) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Indeed, motions for judgment on the pleadings are routinely granted—and affirmed—despite answers that dispute significant portions of complaints. *See, e.g., Spector Gadon & Rosen, P.C. v. Fishman*, 666 Fed. Appx. 128, 131-132 (3d Cir. 2016) (affirming grant of motion for judgment on the pleadings related to legal malpractice where assertions in complaint were disputed via answer, and the complaint failed to state a plausible claim for relief).

**A.  Plaintiff Has Conceded the Propriety of Judgment on the Pleadings for His Breach of Contract and Unjust Enrichment Claims By Failing to Contest It.**

It is axiomatic that arguments "not presented in [the plaintiff's] opposition brief" are "deemed waived." *Kiger v. Mollenkopf*, No. 21-409-RGA, 2021 WL 5299581, at *2, n. 2 (D. Del. Nov. 15, 2021) (citation omitted). Defendants moved for judgment on the pleadings on Plaintiff's claims for unjust enrichment (Count III) and breach of contract (Count IX), Op. Br. at 21-22 & 24-25, but Plaintiff's opposition says not a word about these claims. He has therefore waived any argument that they should be sustained, warranting entry of judgment on the pleadings on them.

**B.  Plaintiff Does Not Allege Sufficient Facts To Sustain As Plausible His Allegation of an Attorney-Client Relationship with Kao, Warranting the Dismissal of Other Claims.**

The Court should likewise dismiss the claims for deceit (Count I), constructive fraud (Count II), breach of fiduciary duty (Count IV), and aiding and abetting breach of fiduciary duty (Count V), because each depends on Plaintiff's implausibly pleaded attorney-client relationship

2

with Defendant Kao.[3] As the existence of an attorney-client relationship is a matter of law for this Court to determine, his allegations about the subjective belief he formed simply fall short of showing any attorney-client relationship. As explained in the moving papers, Plaintiff anchors this belief in unspecified statements Kao allegedly made at unspecified points in time. Plaintiff pleads *no* details regarding these statements, and further does not aver having ever had a single meeting, conversation, or other interaction with Kao for the purpose of obtaining legal advice. He does not allege having shared any confidential information with Kao. He does not allege having ever received legal advice from Kao. And he does not allege that he ever paid—let alone received invoices—for Kao's services (or, for that matter, ever had a retention agreement, or engaged in any other act typical of an attorney-client relationship that would generate a verifiable paper trail). These basic factors necessary to show the existence of an attorney-client relationship are all missing from Plaintiff's complaint. *See Fink v. Montes*, 44 F. Supp. 2d 1052, 1060 (C.D. Cal. 1999).

Plaintiff characterizes this absence of factual allegations as a mere factual dispute that somehow prevents the Court from entering judgment on the pleadings. But he unsurprisingly cites nothing—not a case, statute or even a law review article—to suggest that these omissions from his Complaint constitute anything other than proof of his claims' quintessential implausibility. The law is clear that Plaintiff alleges mere "legal conclusions . . . supported only by mere conclusory statements," and that reality requires the dismissal of his claims. *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021).

---

[3] Plaintiff attempts to amend his good faith and fair dealing claim to assert a claim against Kao based on this alleged attorney-client relationship. Ans. Br. at 21. To the extent the Court construes that claim in this manner, the arguments applicable to these four claims applies with equal force to the good faith and fair dealing claim.

3

As if that were not enough, "California law is settled that a client's subjective belief that an attorney-client relationship exists, standing alone, cannot create such a relationship, or a duty of care owed by the attorney to that plaintiff. This is because a plaintiff cannot unilaterally establish an attorney-client relationship, and its hindsight 'beliefs' that such a relationship existed are thus legally irrelevant." *Zenith Ins. Co. v. O'Connor*, 148 Cal. App. 4th 998, 1010 (2007) (citation omitted)). Against this backdrop, it is dispositive that Plaintiff fails to allege <u>any</u> "specific conduct from which the Court may infer that [Kao] and [Plaintiff] reached an implied attorney-client relationship." *Colby v. Newman*, 2012 WL 12887688, at *3 (C.D. Cal. Oct. 5, 2012). He fails to even identify the content of a single purported conversation that could possibly give rise to an attorney-client relationship, or how Plaintiff and Kao could have had an attorney-client relationship in which no legal advice was ever requested, given, invoiced, or paid for. Because Counts I, II, IV, and V are all based on the existence of an attorney-client relationship, and Plaintiff fails to plausibly allege such a relationship, the Court should dismiss them.

**C.  Plaintiff's Claims for Constructive Fraud (Count II) and Breach of Fiduciary Duty (Count IV) Are Time Barred.**

Plaintiff's claims for constructive fraud and breach of fiduciary duty are time barred. Both claims rise or fall on whether Kao breached a professional duty, requiring application of a one-year statute of limitations to the injuries Plaintiff specifically alleges arose in 2018. Cal. Civ. Proc. Code § 340.6(a).

Plaintiff's constructive fraud claim, also titled a "conflict of interest" claim, is based on Kao's alleged role as "Chow's lawyer" and/or "advising Chow as his attorney." FAC ¶¶ 145 & 146. His breach of fiduciary duty claim is premised on his belief that "Kao had a fiduciary duty to Chow as Chow's attorney pursuant to California law." FAC ¶ 157. Plaintiff argues that these claims might *not* be based on his alleged attorney-client relationship with Kao but fails to explain

4

how. Ans. Br. at 13-14. These claims can only exist if Kao allegedly "violated a professional obligation as opposed to some generally applicable nonprofessional obligation," as Plaintiff specifically alleges. *Lee v. Hanley*, 61 Cal. 4th 1225, 1238 (2015). The limitations period of California Civil Procedure Code Section 340.6(a) applies to claims related to "any wrongful act or omission of an attorney arising in the performance of professional services." *Levin v. Graham & James*, 37 Cal. App. 4th 798, 805 (1995). Because Plaintiff expressly alleged that these claims arose out of Kao's alleged professional obligations to him, section 340.6(a)'s limitations period must apply.

Plaintiff then attempts to revise the FAC by arguing that, even if section 340.6(a)'s limitations period applies, his claims did not accrue until July 5, 2021, when his criminal conviction became final and unappealable.[4] But Plaintiff alleges in the FAC that he was injured no later than October 2018, when his rights in the company were forfeited—three years before the filing of the complaint. *E.g.*, FAC ¶¶ 119-31; *id.* ¶ 128 (alleging that Kao, Bingham, and Kuo "took action" "in October 2018" "to terminate Chow so as to improperly deprive him of equity ownership"); *id.* ¶ 12 (seeking damages beginning on October 15, 2018, and running continuously from that date until the filing of the FAC in 2022). Plaintiff cannot amend his allegations via argument in response to a motion for judgment on the pleadings. *See Lamplugh v. PBF Energy*, No. CV 19-218-MN, 2020 WL 434204, at *2 (D. Del. Jan. 28, 2020) ("Plaintiff may not amend his pleadings through statements raised in his opposition to the motion to dismiss." (citing *Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)).

---

[4] Although Plaintiff now refers to this date as his date of injury, he refers to a single paragraph of his complaint that fails to mention this date. *See* FAC ¶ 86 (stating only that his conviction was affirmed on April 6, 2021). Further, Plaintiff's claims against Kao are premised on Kao's alleged failure to represent his interests between 2016 and 2019. *See id.* ¶ 137.

5

Based on the plain language of the FAC, Counts II and IV should be dismissed with prejudice as they are time barred.

**D. Plaintiff's Fraud-Based Claims for Deceit (Count I), Constructive Fraud (Count II), and Fraudulent Transfer (Counts VII and VIII) Do Not Satisfy Rule 9(b).**

The Court should dismiss Plaintiff's fraud-based because they fail to meet Rule 9(b)'s strict standards.

Plaintiff does not actually explain what information he has alleged that would satisfy Rule 9(b), instead citing paragraphs of his complaint without further explanation. Ans. Br. at 12. He then argues that he is excused from meeting the standards of Rule 9(b) because that standard is relaxed when the information in peculiarly within the defendants' knowledge or control. *Id*. As the Third Circuit has held, and Plaintiff ignores, "in such circumstances, the plaintiff must expressly allege that the necessary information lies within the defendant's exclusive control and provide facts sufficient to indicate that the charges are not baseless." *DiMare v. MetLife Ins. Co.*, 369 F. App'x 324, 330 (3d Cir. 2010) (citing *F.D.I.C. v. Bathgate,* 27 F.3d 850, 876 (3d Cir.1994)).

Plaintiff does not allege anywhere in his complaint that any information related to his fraud claims is within any Defendant's exclusive control, nor does he provide facts sufficient to indicate that his claims are not baseless. And as set forth above, Plaintiff is barred from amending the FAC via argument in his Answering Brief. Plaintiff is left with boilerplate, non-specific pleading that is plainly insufficient under Rule 9(b), and as set forth in Defendants' Opening Brief, requires dismissal of all of his fraud-based claims.

**E. Plaintiff's Deceit (Count I) and Constructive Fraud (Count II) Claims Are Duplicative of Plaintiff's Breach of Fiduciary Duty Claim (Count IV), Requiring Dismissal.**

When deceit and constructive fraud claims are based on the same alleged conduct (and seek the same damages) as a breach of fiduciary duty claim, the deceit and constructive fraud claims

6

should be dismissed as duplicative. *See Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007) (deeming a "duplicative" claim "properly dismissed"); *see also Parikh v. UPS*, 491 F. App'x 303, 307 (3d Cir. 2012) (affirming the district court's decision to dismiss duplicative claim that did "not protect any interest beyond" plaintiff's other claims).

Plaintiff's only dispute is that this is not a "blanket rule." Ans. Br. at 20. But he provides no actual argument why Defendants are wrong about the application of this rule in this case, or how his deceit and constructive fraud claims are distinguishable from his breach of fiduciary duty claim, which all seek the same damages for the same conduct. By failing to make any argument in defense of his claims, he has provided no reason why Counts I and II should not be dismissed.

**F.     Under Either Delaware or California Law, Plaintiff Fails to State a Claim for Aiding and Abetting a Breach of Fiduciary Duty (Count V).**

Plaintiff fails to allege that Defendants Bingham and Kuo had the required knowledge of the ill-pled breach of fiduciary duty allegedly committed by Kao. Plaintiff does not dispute that this is true under applicable California law. Ans. Br. at 20-21.[5] But he argues that "actual knowledge" of the alleged breach is not an element under Delaware law, primarily by quoting Delaware cases requiring that the alleged offender "knowingly participated in a breach." *See In re Liquid Holdings Grp., Inc.*, 2018 WL 2759301, at *15 (Bankr. D. Del. June 6, 2018); *Shamrock Holdings v. Arenson*, 456 F. Supp. 2d 599, 610 (D. Del. 2006) (holding same).

Recently, the Court of Chancery of Delaware explained that the knowledge requirement Plaintiff cites is a "stringent standard [that] places the burden on plaintiff to plead specific facts from which [the] court could reasonably infer that the defendant had actual or constructive knowledge of their participation in the specified breach." *Atl. NWI, LLC v. Carlyle Grp. Inc.*, 2022

---

[5] Plaintiff fails to address whether California or Delaware substantive law applies to his claims, except to argue at various points that when dismissal is required under the applicable state's law, Defendants were required to argue for dismissal under the other state's inapplicable law.

7

WL 15800272, at *6 (Del. Ch. Oct. 28, 2022) (citations omitted). "[T]he defendant must know wrongdoing is afoot and exploit it. Absent specific facts supporting an inference of knowing participation in a breach," the claim must be dismissed. *Jacobs v. Meghji*, 2020 WL 5951410, at *1 (Del. Ch. Oct. 8, 2020). Even if Delaware law applies, Plaintiff has conceded that he failed to state a claim for relief on the same grounds as would apply under California law.

### G. Plaintiff's Good Faith and Fair Dealing Claim (Count VI) Is an Impermissible Restatement of a Breach of Contract Claim.

The Court has already dismissed Plaintiff's good faith and fair dealing claim against one Defendant and should follow its same course here. D.I. 46 at 29-30. The claim, which is premised on the fact that four Defendants breached the Operating Agreement because they "had no contractual right to cause a forfeiture on October 9, 2018," FAC ¶ 166, is an improper restyling of a contract claim, barred under California law.

Plaintiff cites case law supporting Defendants' arguments, including *Beaulieu Grp., LLC v. Bates*, 2015 WL 13950821 (C.D. Cal. Dec. 3, 2015), which holds that if a plaintiff's good faith and fair dealing "allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated." *Id*. at *7 (citation omitted); *see also Celador Int'l Ltd. v. Walt Disney Co.*, 347 F. Supp. 2d 846, 852 (C.D. Cal. 2004) (holding same); *Sports Medicine Research & Testing Laboratory v. Labware, Inc.*, No. CV 24-0516-MN, 2025 WL 315352 (D. Del. Jan. 28, 2025) (granting motion to dismiss good faith and fair dealing claim, explaining that "a claim for breach of the implied covenant fails where it merely duplicates a coextensive claim for breach of contract.").

8

Plaintiff argues that these cases are supportive of his claim, because it somehow rests on Kao's representations that he was Plaintiff's attorney. Ans. Br. at 21. But the substance of Plaintiff's claim is a straightforward breach of contract, alleging specifically that Kao acted as a "manager" and "director," not as an attorney, and that the relevant acts were taken in violation of a contract. FAC ¶ 166. Even if Plaintiff could replead his claim, he still has not explained how this improper amendment would result in anything more than alleging that Kao breached a contract as his attorney rather than as the manager or director of a company. Count VI should be dismissed.

**H.     Plaintiff's Fraudulent Transfer Claims (Counts VII and VIII) Do Not Meet Rule 9(b)'s Heightened Pleading Standard, As Both California and Delaware Courts Have Held.**

Plaintiff's claims under California's Uniform Fraudulent Transfer Act (Count VII) and California common law (Count VIII) should be dismissed for failure to satisfy Rule 9(b) for the same reasons they were previously. D.I. 46 at 32-33. Plaintiff offers no meaningful argument to the contrary, but complains only that Defendants did not cite California law regarding the requirements of the same Rule 9(b) that is applicable in Delaware and the Third Circuit. Defendants are happy to provide this citation to satisfy Plaintiff's only remaining objection to dismissal of his claim: "Because a claim for actual fraudulent transfer involves an allegation of fraud or mistake, it is subject to Federal Rule of Civil Procedure 9(b), which requires a party to 'state with particularity the circumstances constituting fraud or mistake' and is applied by a federal court to both federal law and state law claims." *Kelleher v. Kelleher*, 2014 WL 94197, at *5 (N.D. Cal. Jan. 9, 2014) (quoting *Martinez v. CACH, LLC,* 2011 WL 10730991, at *2 (S.D. Cal. Oct. 17, 2011)) (further citation omitted).

As the Court has already found, this claim is improperly pled "in an all-inclusive manner and contains only conclusory statements." D.I. 46 at 32. Plaintiff does not dispute this (or any other

9

argument presented by Defendants). The Court should dismiss this claim with prejudice, consistent with its prior ruling.

## I. Plaintiff Fails to State a Claim for Breach of Fiduciary Duty (Count X).

Plaintiff's second breach of fiduciary duty claim (Count X) was asserted in his capacity as an individual stockholder. He does not dispute this. Directors of corporations do not owe fiduciary duties to individual stockholders, but instead to corporations and stockholders as a whole. Plaintiff also does not dispute this.

Instead, Plaintiff argues that because "stockholders as a whole" includes the word "stockholders," he has the right to bring a claim as an individual stockholder. But Plaintiff's claim is unambiguously clear about his belief that Defendants "owed [him] fiduciary duties of care and loyalty." FAC ¶ 194. Not the corporation. Not the stockholders as a group. Plaintiff as an individual stockholder. That, all parties agree, is not a viable claim. This claim must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants Canyon Bridge Capital Partners, LLC, Canyon Bridge Fund I, LP, Hong John Kao, Heber Raymond Bingham, and Peter Chin Kuo respectfully request that the Court grant their Motion for Judgment on the Pleadings with prejudice.

| | |
|---|---|
| OF COUNSEL:<br><br>Adam R. Fox<br>Chassica Soo<br>Jesse Taylor<br>Shaun Kim<br>SQUIRE PATTON BOGGS (US) LLP<br>555 South Flower Street<br>31st Floor<br>Los Angeles, California 90071<br>(213) 624-2500<br><br>Dated: February 5, 2025 | POTTER ANDERSON & CORROON LLP<br><br>By: /s/ *Jesse L. Noa*<br>　　Myron T. Steele (#000002)<br>　　Matthew F. Davis (#4696)<br>　　Jesse L. Noa (#5973)<br>　　Tyler E. Cragg (#6398)<br>　　1313 N. Market Street, 6th Floor<br>　　Wilmington, Delaware 19801<br>　　(302) 984-6000<br><br>*Attorneys for Defendants Canyon Bridge Capital Management, LLC, Canyon Bridge Capital Partners, LLC, Canyon Bridge Fund I, LP, Hong John Kao, Herber Raymond Bingham, and Peter Chin Kuo* |