## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BENJAMIN BIN CHOW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CANYON BRIDGE CAPITAL PARTNERS, | ) | |
| LLC, a Cayman Islands Limited Liability | ) | |
| Company, CANYON BRIDGE CAPITAL | ) | C.A. No. 22-00947-JLH-SRF |
| MANAGEMENT, LLC, a Delaware Limited | ) | |
| Liability Company, CANYON BRIDGE | ) | |
| FUND I, LP, a Cayman Islands Limited | ) | |
| Partnership, HONG JOHN KAO, HEBER | ) | |
| RAYMOND BINGHAM, and PETER CHIN | ) | |
| KUO, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S MOTION FOR EXTENSION OF DISCOVERY DEADLINES

Pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure, Plaintiff Benjamin Bin Chow ("Plaintiff") respectfully requests that this Court grant an order extending certain discovery deadlines set forth in the Scheduling Order (D.I. 65). Good cause exists for this request as the extension will promote efficiency in the discovery process by allowing expert disclosures to be informed by foundational fact discovery and the Court's forthcoming decision on Defendants' pending motion for judgment on the pleadings. In support of his motion, Plaintiff states as follows:

### INTRODUCTION

1. This is a complex commercial action involving claims for deceit, breach of contract, breach of fiduciary duty, constructive fraud, unjust enrichment, and declaratory judgment arising from Defendants' actions to improperly deprive Plaintiff of his ownership and control of Canyon Bridge Capital Partners, LLC, Canyon Bridge Management Corp., and indirectly Canyon Bridge

Fund I, LP (collectively, "Canyon Bridge Entities") —two of which were converted by individual Defendants Hong John Kao, Heber Raymond Bingham, and Peter Chin Kuo ("Individual Defendants") into Cayman Islands entities, with Individual Defendants additionally fraudulently transferring their assets in order to hinder, delay, or defraud Plaintiff. (D.I. 1-1).

2.     The parties have not yet exchanged substantive discovery, and Plaintiff cannot meaningfully conduct expert discovery without access to records in Defendants' possession concerning the management, ownership, and finances of the Canyon Bridge Entities.

3.     As such, Plaintiff respectfully requests this Court grant an order extending certain discovery deadlines set forth in the Scheduling Order. (D.I. 65).  (Attached hereto is Exhibit A, setting forth the proposed extended deadlines.)

## **BACKGROUND**

4.     To date, the parties have not exchanged substantive document discovery. The current deadline for serving expert disclosures is March 31, 2025. However, in the absence of foundational fact discovery—including Defendants' financial records, internal communications, and governance documents—Plaintiff cannot meaningfully prepare expert reports, particularly on the subject of damages.

5.     Additionally, Defendants have moved for judgment on the pleadings (D.I. 72), which Plaintiff opposed on January 16, 2025 (D.I. 80), and that motion remains pending. The motion raises threshold legal and factual issues that could bear on the scope of discovery, including expert discovery.

6.     On March 20, 2025, Plaintiff's counsel contacted Defendants' counsel to request a stipulated extension of certain discovery deadlines and provided a proposal for Defendants' consideration. Counsel for Defendants indicated they were not agreeable to the proposed

extension.  Plaintiff's counsel then scaled back the scope of his requested extension and explained that the requested extension was necessary due to "working through some issues in connection with an expert and therefore need[ing] additional time to prepare and serve an expert report." After Plaintiff's counsel followed up a couple of times, Defendants' counsel ultimately declined to consent. In a March 24, 2025 email, Defendants' counsel stated that the explanation provided was "insufficient to demonstrate that there is good cause for revising the discovery schedule at this stage of the case." Accordingly, Plaintiff brings this motion after making reasonable efforts to resolve the issue without the Court's intervention.

7.    Based on the foregoing, Plaintiff respectfully requests an extension of certain discovery deadlines as set forth in Exhibit A.

## **LEGAL ARGUMENT**

8.    Plaintiff requests an extension of certain discovery deadlines and submits that Defendants would suffer no undue prejudice as a result. Accordingly, this Court should grant Plaintiff's request for good cause shown as it would conserve judicial and party resources, prevent inefficiencies in the expert discovery process, and promote the just and efficient resolution of this case.

9.    Pursuant to Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." "Courts have described Rule 6(b)(1)(A)'s 'good cause' standard as 'non-rigorous' and have noted that a request for an extension of time pursuant to the Rule should normally be granted in the absence of bad faith on the part of the party seeking relief or prejudice

to the adverse party." *Davis v. Ace Hardware Corp.,* Civil Action No. 12-1185-SLR-CJB, 2014 WL 2990329, at *2 (D. Del. July 2, 2014) (cleaned up).

10.    A district court has "ample power, in its discretion, to extend the time for serving a motion or answer." *Chocallo v. IRS Dep't of the Treasury*, 145 F. App'x 746, 747 (3d Cir. 2005) (quoting *Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 139 F.2d 871, 872 (3d Cir. 1944)). As such, a court may, in its discretion, grant an extension for good cause when an extension would "secure the just, speedy, and inexpensive determination of every action and proceeding." *Insulate SB, Inc. v. Abrasive Prods. & Equip.*, No. 1:13-cv-1609, 2013 WL 4538261, at *2 (M.D. Pa. Aug. 27, 2013) (granting an extension due to pending motion to transfer); Fed. R. Civ. P. 1.

11.    Here, good cause exists for an extension because the parties have not yet exchanged substantive fact discovery, and Plaintiff does not yet have access to critical documents necessary to inform expert analysis—particularly with respect to damages. Proceeding with expert disclosures in the absence of these foundational materials would be inefficient and could result in duplicative or incomplete reports. Moreover, Defendants' pending motion for judgment on the pleadings (D.I. 72) raises threshold legal and factual issues that could bear on the scope of discovery, including expert discovery. An extension of the discovery deadlines will promote efficiency, reduce unnecessary costs, and allow expert discovery to proceed in a more focused and orderly manner.

12.    Defendants will not be prejudiced by the proposed extensions, which will not alter the trial date.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests an order extending certain discovery deadlines as set forth in Exhibit A.

Dated: March 31, 2025

SMITH, KATZENSTEIN & JENKINS LLP

*Of counsel:*

*/s/ Jason Z. Miller*

Daniel F. Markham                    Jason Z. Miller (No. 6310)
Michael Levin                        Daniel A. Taylor (No. 6934)
WROBEL MARKHAM LLP                   1000 West Street, Suite 1501
1407 Broadway, Suite 4002            Wilmington, Delaware 19801
New York, New York 10018             (302) 652-8400
(212) 421-8100                       jzm@skjlaw.com
                                     dat@skjlaw.com

                                     *Attorneys for Plaintiff*
                                     *Benjamin Bin Chow*