# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BENJAMIN BIN CHOW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CANYON BRIDGE CAPITAL PARTNERS, LLC, a Cayman Islands Limited Liability Company, CANYON BRIDGE CAPITAL MANAGEMENT, LLC, a Delaware Limited Liability Company, CANYON BRIDGE FUND I, LP, a Cayman Islands Limited Partnership, HONG JOHN KAO, HEBER RAYMOND BINGHAM, and PETER CHIN KUO, | ) ) ) ) ) ) ) ) ) ) C.A. No. 22-00947-JLH-SRF |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S LETTER TO THE HONORABLE MAGISTRATE JUDGE FALLON IN SUPPORT OF THE DISCOVERY DISPUTE**

Jason Z. Miller (DE Bar No. 6310)
Daniel A. Taylor (DE Bar No. 6934)
**SMITH, KATZENSTEIN & JENKINS, LLP**
1000 N. West Street, Suite 1501
Wilmington, DE 19801
Tel.: (302) 504-1656
Fax: (302) 652-8405
jzm@skjlaw.com
dat@skjlaw.com

Daniel F. Markham
Michael Levin
Jodie Gerard
**WROBEL MARKHAM LLP**
1407 Broadway, Suite 4002
New York, NY 10018
Telephone: (212) 421-8100
dmarkham@wmlawny.com
mlevin@wmlawny.com
gerard@wmlawny.com

Dear Magistrate Judge Fallon:

**<u>Background</u>**

This is an action brought to remedy Defendants' breach of contract and to otherwise hold them to account for breaching their fiduciary duties to enrich themselves to Plaintiff's detriment. Defendants wrongfully orchestrated Plaintiff's removal from his position within the relevant entities at issue in this action and caused the forfeiture of Plaintiff's equity interests in such entities that Plaintiff himself established and was largely responsible for building into successful endeavors. The Defendants' wrongful conduct has deprived Plaintiff of equity interests to which he is entitled, stripped him of his pro rata share of the management fee he is entitled to recover, and deprived him of payment for the legal expenses that Plaintiff has incurred.

To date, Plaintiff has fallen significantly in arrears in terms of payment of his legal fees to his counsel in this action. Accordingly, pursuant to District of Delaware Local Rule 83.7, on April 28, 2025, Plaintiff's counsel mailed Plaintiff a copy of the Unopposed Motion to Withdraw As Counsel of Record For Plaintiff (the "Motion to Withdraw"). Ex. A. The Motion to Withdraw was delivered to Plaintiff on May 8, 2025. *Id.* On May 30, 2025, Defendants served Defendants' First Set of Interrogatories to Plaintiff; Defendants' First Set of Requests for Production to Plaintiff; and Defendants' First Set of Requests for Admission to Plaintiff. Defendants' discovery requests span eighteen interrogatories, seventeen requests for the production of documents, and seventeen requests for admission. Plaintiff's counsel filed the Motion to Withdraw with the Court on June 4, 2025. D.I. 87.

On June 13, 2025, counsel for Plaintiff and counsel for Defendants engaged in a telephone call wherein Plaintiff's counsel requested a two-week extension to respond to Defendants' discovery requests. Ex. B. Defendants' counsel indicated that he would get back to Plaintiff's counsel with Defendants' position. On June 17, 2025, Plaintiff's counsel sent a follow up email again requesting Defendants' position. *Id.* On June 18, 2025, the Court issued an Oral Order declaring that a hearing on the Motion to Withdraw would be held on July 2, 2025. D.I. 88. Later that same day, Defendants' counsel responded that he was "hopeful to have a response to you later today/tomorrow." Ex. B. On June 20, 2025, Plaintiff's counsel followed up on the extension request yet again. *Id.* Later that same day, Plaintiff's counsel left Defendants' counsel a voicemail and sent another email indicating Plaintiff's counsel needed Defendants' position on the requested extension otherwise a motion for extension would be filed with the Court. *Id.* Plaintiff's counsel also indicated a desire to engage in a telephone call to satisfy the dictates of Local Rule 7.1.1. *Id.* Finally, Defendants' counsel responded, in part, as follows:

> we believe there is a high risk of prejudice of receiving untimely or incomplete discovery from plaintiff on the timeline you propose. While we would not oppose your client's request to the Court for an extension, we'd need to first receive representations from your client that the discovery will be substantively and fully responded to and that your client will be prepared to begin producing documents on July 14. Otherwise, we are concerned that either Mr. Chow, or new counsel if he seeks substitution, will either provide incomplete discovery or present another request for an extension at or around July 14. Please let us know if your client can provide those representations.

1

*Id.* Plaintiff's counsel responded indicating that Plaintiff could not provide such a representation given that Plaintiff has not retained new counsel. *Id.* Plaintiff's counsel then reiterated the request for a prompt meet and confer telephone call and Defendants' counsel indicated that he could be available on Monday, June 23, 2025. *Id.* Counsel for the parties held a meet and confer telephone call on June 23, 2025, and agreed that they were unable to resolve the extension request made by Plaintiff's counsel. Accordingly, Plaintiff's counsel proceeded to follow this Court's discovery dispute procedure and this letter brief is being submitted in accordance thereto.

**Legal Standard**

Pursuant to Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." "Courts have described Rule 6(b)(1)(A)'s 'good cause' standard as 'non-rigorous' and have noted that a request for an extension of time pursuant to the Rule should normally be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Davis v. Ace Hardware Corp.*, Civil Action No. 12-1185-SLR-CJB, 2014 WL 2990329, at *2 (D. Del. July 2, 2014) (cleaned up).

**Argument**

I.  **Plaintiff Respectfully Requests an Extension Given the Pendency of the Motion to Withdraw and Because Defendants Will Suffer No Prejudice**

Here, good cause exists because of the pendency of the Motion to Withdraw and because Plaintiff's counsel has already accrued significant unpaid legal bills. If Plaintiff's counsel is required to undertake the additional and time-consuming work of responding to Defendants' various discovery requests, they would almost certainly be doing so without any realistic prospect of being paid for such work.

Furthermore, the Court has already established a hearing date of July 2, 2025 for the Motion to Withdraw. Currently, Plaintiff's responses and objections to Defendants' discovery requests are due to be served on June 30, 2025. Accordingly, the requested two-week extension (which would have Plaintiff's responses and objections to the discovery due to be served on July 14, 2025) would enable the Court time to hold the hearing and rule on the Motion to Withdraw. By proceeding in this fashion, Plaintiff's counsel would be able to avoid responding to Defendants' discovery requests in a context where Plaintiff's counsel does not realistically have any chance of being compensated for such work and is in a state of uncertainty regarding the continued duration of the representation of Plaintiff.

By contrast, contrary to Defendants' threadbare and unsubstantiated assertion that "there is a high risk of prejudice of receiving untimely or incomplete discovery from plaintiff on the timeline you propose", Defendants will not suffer prejudice from any short extension. Defendants' assertion rests on nothing more than conjecture and speculation.

In conclusion, Plaintiff respectfully requests the Court grant Plaintiff a two-week extension to respond to Defendants' discovery requests until July 14, 2025. Accordingly, Plaintiff respectfully requests entry of the Proposed Order submitted contemporaneously herewith.

Dated: June 23, 2025

Respectfully submitted,

By: */s/ Jason Z. Miller*
Jason Z. Miller (DE Bar No. 6310)
Daniel A. Taylor (DE Bar No. 6934)
**SMITH, KATZENSTEIN & JENKINS, LLP**
1000 N. West Street, Suite 1501
Wilmington, DE 19801
Tel.: (302) 504-1658
jzm@skjlaw.com
dat@skjlaw.com

Of Counsel:
Daniel F. Markham
Michael Levin
Jodie Gerard
**WROBEL MARKHAM LLP**
1407 Broadway, Suite 4002
New York, NY 10018
Telephone:    (212) 421-8100
dmarkham@wmlawny.com
mlevin@wmlawny.com
gerard@wmlawny.com

*Counsel for Plaintiff*

Enclosures
cc:    Clerk of Court (via Hand Delivery)
          Counsel of Record (via CM/ECF)

3