# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BENJAMIN BIN CHOW,<br><br>    Plaintiff,<br><br>  v.<br><br>CANYON BRIDGE CAPITAL PARTNERS, LLC, a Cayman Islands Limited Liability Company, CANYON BRIDGE CAPITAL MANAGEMENT, LLC, a Delaware Limited Liability Company, CANYON BRIDGE FUND I, LP, a Cayman Islands Limited Partnership, HONG JOHN KAO, HEBER RAYMOND BINGHAM, and PETER CHIN KUO,<br><br>    Defendants. | C.A. No. 1:22-cv-00947-JLH-SRF |

## DEFENDANTS CANYON BRIDGE CAPITAL PARTNERS, LLC, CANYON BRIDGE FUND I, LP, HONG JOHN KAO, HEBER RAYMOND BINGHAM, AND PETER CHIN KUO'S LETTER REGARDING PENDING DISCOVERY DISPUTE

OF COUNSEL:

Adam R. Fox
Chassica Soo
Jesse Taylor
Shaun Kim
SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street
31st Floor
Los Angeles, California 90071
(213) 624-2500

Dated: June 26, 2025

POTTER ANDERSON & CORROON LLP
Myron T. Steele (#000002)
Matthew F. Davis (#4696)
Jesse L. Noa (#5973)
Tyler E. Cragg (#6398)
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
(302) 984-6000

*Attorneys for Defendants Canyon Bridge Capital Management, LLC, Canyon Bridge Capital Partners, LLC, Canyon Bridge Fund I, LP, Hong John Kao, Herber Raymond Bingham, and Peter Chin Kuo*

Dear Judge Fallon,

As the Court knows, this case presents the grievances of Benjamin Bin Chow ("Chow" or "Plaintiff"), a convicted felon. *Chow v. United States*, 993 F.3d 125 (2d Cir. 2021) (affirming conviction). He sued his former business partners, and a group of private equity firms they control, alleging they stripped him of his financial and ownership interests in those firms after his conviction for his crimes. Although Chow has contested the Defendants' early motion practice, he has failed to engage in any discovery despite having commenced this suit in October 2021.

Plaintiff has also apparently refused to pay his attorneys, prompting them to discuss terminating their relationship as early as April 2025. D.I. 92 at 2. But neither Plaintiff nor his counsel advised the Court of this breakdown until June 4, 2025, just days after Defendants served Plaintiff with discovery requests on May 30, 2025. D.I. 86. At that time, Plaintiff's counsel finally elected to seek leave to withdraw based on the assertion that "Plaintiff is significantly in arrears in terms of his existing financial obligations." D.I. 87 at 2-3. Plaintiff's counsel also represented in that motion that Plaintiff "has time to find alternative representation, or he can proceed *pro se* in this matter," noting that "discovery . . . does not end until August 2, 2025." *Id*. at 2. Plaintiff's counsel did not request any extension of or modification to the operative scheduling order.[1]

Defendants did not oppose the motion of Plaintiff's counsel to withdraw.

More than a week later, Plaintiff's counsel first sought consent to a 14-day extension of Plaintiff's obligation to respond to the pending discovery requests based solely on their concern that the Court would not act on the motion to withdraw before responses would be due. Because discovery closes on August 2, 2025, the requested extension is not something Defendants can voluntarily accommodate absent certain assurances Plaintiff refuses to provide. Indeed, with the hearing on Plaintiff's counsel's motion to withdraw set for July 2, 2025, D.I. 88, the requested extension would give Plaintiff, at most, 12 days to analyze, draft, and provide responses to Defendants' discovery requests, likely as a *pro se* litigant. Indeed, it appears that Plaintiff and his current counsel have done nothing to respond to the pending discovery requests. Any inadequacy or failure to respond would then be addressed before this Court on an accelerated basis, likely without sufficient time to resolve before Plaintiff's deposition—effectively forcing a last-minute change in the scheduling order in this case, which has now been pending for nearly four years. Such a delay will prejudice Defendants.

In an effort to accommodate Plaintiff's request while avoiding any prejudice, on June 20, 2025, Defendants' counsel reached out to Plaintiff's counsel to inquire whether their extension request would include a representation that Plaintiff would commit to produce the requested discovery on or before July 14. Plaintiff's counsel conceded that they and their client "could not make the representation that 'the discovery will be substantively and fully responded to and that [Plaintiff] will be prepared to begin producing documents on July 14.'" D.I. 92-3 at 3. As this response only heightened Defendants' concerns, on June 23, 2025, counsel for both sides conferred telephonically, and Plaintiff's counsel reiterated that they could not represent that Plaintiff would

---

[1] This is consistent with Plaintiff's apparent litigation strategy not to pursue discovery, as shown by Plaintiff's abandonment of his improper motion for the extension of expert discovery deadlines, which the Court denied on April 1, 2025. *See* D.I. 83.

respond to any propounded discovery request by July 14. In short, Plaintiff's counsel is asking the Court to relieve them of any obligation to expend resources to represent their client. D.I. 92 at 3.

Defendants genuinely sympathize. Plaintiff has similarly burdened them by bringing this lawsuit. The difference is that Plaintiff's counsel *voluntarily* and *willingly* agreed to be central to the litigation of Plaintiff's claims. Defendants, unlike Plaintiff's counsel, have no way out other than Plaintiff's voluntary dismissal and/or resolution of his claims by the Court, including upon Defendant's pending Motion for Judgment on the Pleadings. *See* D.I. 72. The requested extension is an effort by Plaintiff's counsel to avoid incurring further expense before the motion to withdraw is granted. However, Plaintiff is further delaying resolution of this matter, prejudicing Defendants. The extension does nothing more than deny Defendants the ability to raise Plaintiff's failure to litigate this case with the Court for two additional weeks (and fewer than three weeks from the close of discovery), frustrating Defendants' efforts to obtain necessary finality in discovery.

Defendants cannot agree to an extension under these circumstances. Moreover, this dilemma is of Plaintiff's counsel's own making, as they could have approached the Court with their request to withdraw back in April when they already knew their relationship with Plaintiff was near its end. *See* D.I. 92 at 2. "The court is not obligated to grant relief for emergencies of the [movant]'s own making." *In re TPC Grp. Inc.*, No. 22-10493-CTG, 2022 WL 2952518, at *13 (D. Del. July 26, 2022) (quoting *In re Rosas*, No. 10–52571–C, 2010 WL 3075468, at *1 (Bankr. W.D. Tex. Aug. 4, 2010); *see also Compagnie des Grands Hotels d'Afrique S.A. v. Starwood Cap. Grp. Glob. I LLC*, No. CV 18-654-RGA, 2019 WL 4740083, at *3 (D. Del. Sept. 27, 2019) (denying a request to extend a discovery deadline because the "plaintiff ask[ed] the court to reconsider the . . . deadline based upon time pressures of its own making rather than good cause").

However the Court chooses to exercise its discretion, Defendants, at this late stage of the litigation, cannot reasonably agree to prejudice and postpone their right to seek necessary relief from the Court on this record, particularly when Plaintiff's counsel has so clearly signaled to Defendants that the extended deadline will not be met.

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| | By: /s/ *Jesse L. Noa* |
| Adam R. Fox | Myron T. Steele (#000002) |
| Chassica Soo | Matthew F. Davis (#4696) |
| Jesse Taylor | Jesse L. Noa (#5973) |
| Shaun Kim | Tyler E. Cragg (#6398) |
| SQUIRE PATTON BOGGS (US) LLP | 1313 N. Market Street, 6th Floor |
| 555 South Flower Street | Wilmington, Delaware 19801 |
| 31st Floor | (302) 984-6000 |
| Los Angeles, California 90071 | |
| (213) 624-2500 | *Attorneys for Defendants Canyon Bridge Capital Management, LLC, Canyon Bridge Capital Partners, LLC, Canyon Bridge Fund I, LP, Hong John Kao, Herber Raymond Bingham, and Peter Chin Kuo* |
| Dated: June 26, 2025 | |

2