## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

BENJAMIN BIN CHOW,                                )
                                                  )
           Plaintiff,                             )
                                                  )
     v.                                           )
                                                  )    C.A. No. 22-947-JLH-SRF
CANYON BRIDGE CAPITAL                             )
PARTNERS, LLC, a Cayman Islands                   )
Limited Liability Company, CANYON                 )
BRIDGE CAPITAL MANAGEMENT,                        )
LLC, a Delaware Limited Liability                 )
Company, CANYON BRIDGE FUND I,                    )
LP, a Cayman Islands Limited Partnership,         )
HONG JOHN KAO, HEBER RAYMOND                      )
BINGHAM, and PETER CHIN KUO,                      )
                                                  )
           Defendants.                            )

## ORDER

At Wilmington, this 25th day of March, 2026;

WHEREAS, Magistrate Judge Fallon issued a Report and Recommendation on February 19, 2026 (D.I. 162, the "R&R"), recommending that the Court grant Defendants' Motion for Summary Judgment (D.I. 134) and deny as moot Defendants' Motion for Judgment on the Pleadings (D.I. 72);

WHEREAS, on March 4, 2026, Plaintiff filed Objections to the R&R (D.I. 166);

WHEREAS, on March 18, 2026, Defendants filed a Response to the Objections (D.I. 167);

WHEREAS, the Court reviews the Objections *de novo*, *see* Fed. R. Civ. P. 72(b)(3) & 28 U.S.C. § 636(b)(1)(B),(C);

WHEREAS, the parties do not dispute that the success of Counts I, II, IV, and V of the Verified Amended Complaint (D.I. 1-1 at 46) requires Plaintiff to demonstrate that Defendant Kao was Plaintiff's personal attorney;

WHEREAS, Plaintiff objects to the R&R's conclusion that Counts I, II, IV, and V fail as a matter of law because the record does not establish a genuine dispute of material fact over whether Defendant Kao was Plaintiff's personal attorney;

WHEREAS, having reviewed the issue *de novo*, the Court agrees with Judge Fallon that no reasonable jury could find that Kao was Plaintiff's personal attorney, for the reasons set forth in the R&R;

WHEREAS, Plaintiff objects to the R&R's conclusion that Counts III and VI[1] fail as a matter of law because they are duplicative of the breach of contract claim, but does not object either to the conclusion that the claims are duplicative or the conclusion that Count IX (the breach of contract claim) fails as a matter of law;

WHEREAS, having reviewed the issue *de novo*, the Court agrees with the R&R, for the reasons set forth in the R&R;[2]

WHEREAS, Plaintiff objects to the R&R's conclusion that Counts VII and VIII fail as a matter of law because Plaintiff has not pointed to any evidence in the record supporting that the re-domiciliation of the entities was done with the requisite intent, or even that there was a "transfer" as defined by California law;

---

[1] The subheading for this section in the R&R refers to Count IV, but the count in question is, in fact, Count VI, which the conclusion of the subsection correctly states. (*See* R&R at 20–21.)

[2] I also agree with Judge Fallon that Count VI further fails because it was already dismissed (D.I. 46, 64), and Plaintiff failed to amend it though he was given leave to do so. His attempt to revive the claim now is properly rejected.

WHEREAS, having reviewed the issue *de novo*, the Court agrees there is no genuine dispute as to any material fact regarding Counts VII and VIII, for the reasons set forth in the R&R;

WHEREAS, Plaintiff objects to the R&R's conclusion that Count X fails as a matter of law because no cognizable claim exists under Delaware law that requires directors to owe a fiduciary duty to an individual stockholder;

WHEREAS, having reviewed the issue *de novo*, the Court agrees with the R&R, for the reasons set forth in the R&R;

WHEREAS, finally, Plaintiff objects to the R&R's conclusion that his motion under Federal Rule of Civil Procedure 56(d) should be denied;

WHEREAS, having reviewed the issue *de novo*, the Court agrees with the R&R that Plaintiff fails to explain how the requested additional discovery would preclude summary judgment, thereby precluding relief under Rule 56(d), nor does Plaintiff explain why the discovery was not obtained before the fact discovery deadline;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1.  The Objections to the February 19, 2026 Report and Recommendation (D.I. 166) are OVERRULED;

2.  Judge Fallon's February 19, 2026 Report and Recommendation (D.I. 162) is ADOPTED;

3.  Defendants' Motion for Summary Judgment (D.I. 134) is GRANTED; and

4.  Defendants' Motion for Judgment on the Pleadings (D.I. 72) is DENIED as moot.

5.   The Court will enter Judgment in favor of Defendants and against Plaintiff.[3]

The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE

---

[3] On September 30, 2024, the Court summarily overruled Defendants' objections to an earlier R&R issued by the Magistrate Judge (D.I. 46) insofar as the R&R recommended denying Defendants' motion to dismiss for lack of personal jurisdiction; the Court said that it would summarize its reasoning in a future filing (D.I. 64). The Court does so here. First, I agree with the R&R that this Court has personal jurisdiction over the Cayman entities under 6 Del. C. § 18-216(e) and 6 Del. C. § 17-219(e) for claims arising before their conversion to foreign entities. Second, I agree with the R&R that the Amended Complaint plausibly alleged that the Individual Defendants were managers under 6 Del. C. § 18-109 and that the exercise of personal jurisdiction over them would not offend due process.